**DebtEd, DomSup, RELATED, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1–14–41678–cec

|  |  |
|---|---|
| | *Date filed:* 04/07/2014 |
| *Assigned to:* Carla E. Craig | *341 meeting:* 11/12/2014 |
| Chapter 13 | *Deadline for filing claims:* 08/12/2014 |
| Voluntary | *Deadline for filing claims (govt.):* 10/06/2014 |
| Asset | |

| | |
|---|---|
| **Debtor** | represented by **Eric H. Richmond** |
| **Eric H. Richmond** | PRO SE |
| 227 4th Avenue | |
| Brooklyn, NY 11215 | |
| KINGS–NY | |
| SSN / ITIN: xxx–xx–8873 | |

| | |
|---|---|
| **Trustee** | represented by **Michael J. Macco** |
| **Michael J. Macco** | 135 Pinelawn Road |
| 135 Pinelawn Road | Suite 120 South |
| Suite 120 South | Melville, NY 11747 |
| Melville, NY 11747 | (631) 549–7900 |
| (631) 549–7900 | Fax : (631) 549–7845 |
| Email: ecf@maccosternlaw.com | Email: ecf@maccosternlaw.com |

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510–0500

**Clerk of**
**Court**

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 04/07/2014 | | 1 | Chapter 13 Voluntary Petition. Fee Amount $ 281 Filed by Eric H. Richmond Government Proof of Claim due by 10/6/2014. (mem) (Entered: 04/07/2014) |
| 04/07/2014 | | | Related Case: 13–42125–cec 231 Fourth Avenue Lyceum, LLC (mem) (Entered: 04/07/2014) |
| 04/07/2014 | | | Judge Assigned Due to Prior Filing, Judge Reassigned. (mem) (Entered: 04/07/2014) |
| 04/07/2014 | | | 341(a) meeting to be held on 05/14/2014 at 10:00 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Proofs of Claims due by 8/12/2014. (mem) (Entered: 04/07/2014) |

| 04/07/2014 | | 2 | Certificate of Credit Counseling for Debtor Filed by Eric H. Richmond (mem) (Entered: 04/07/2014) |
|---|---|---|---|
| 04/07/2014 | | 3 | Deficient Filing Chapter 13 : Section 521 Incomplete Filings due by 5/22/2014. Exhibit D due by 4/21/2014. Notice to Consumer Debtor under Section 342(b) Official Form B201B due by 4/21/2014. Statement Pursuant to LR1073–2b due by 4/21/2014. Summary of Schedules due 4/21/2014. Statistical Summary of Certain Liabilities due by 4/21/2014. Schedule A due 4/21/2014. Schedule B due 4/21/2014. Schedule C due 4/21/2014. Schedule E due 4/21/2014. Schedule F due 4/21/2014. Schedule G due 4/21/2014. Schedule H due 4/21/2014. Schedule I due 4/21/2014. Schedule J due 4/21/2014. Declaration Concerning Debtor(s) schedules due 4/21/2014. Statement of Financial Affairs due 4/21/2014. Chapter 13 Plan due by 4/21/2014. Statement of Current Monthly Income and Means Test (Chapter 13) due by 4/21/2014. Copies of pay statements received from any employer due by 4/21/2014. Incomplete Filings due by 4/21/2014. (mem) (Entered: 04/07/2014) |
| 04/07/2014 | | 4 | Request for Notice – Chapter 13 Meeting of Creditors and Hearing on Confirmation. Confirmation hearing to be held on 6/10/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. Last day to Object to Confirmation 6/10/2014.Objections to 523 due by 7/14/2014. (mem) (Entered: 04/07/2014) |
| 04/07/2014 | | | Receipt of Chapter 13 Filing Fee – $281.00. Receipt Number 308299. (MM) (admin) (Entered: 04/08/2014) |
| 04/09/2014 | | 5 | BNC Certificate of Mailing – Meeting of Creditors Notice Date 04/09/2014. (Admin.) (Entered: 04/10/2014) |
| 04/09/2014 | | 6 | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 04/09/2014. (Admin.) (Entered: 04/10/2014) |
| 04/09/2014 | | 7 | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 04/09/2014. (Admin.) (Entered: 04/10/2014) |
| 04/15/2014 | | 8 | Motion for Relief from Stay with respect to property located at 227–231 Fourth Avenue, Brookly, NY Block 955, Lot 1 Fee Amount $176. Filed by Glenn P Warmuth on behalf of P.B. #7 LLC. Hearing scheduled for 5/20/2014 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Warmuth, Glenn) (Entered: 04/15/2014) |
| 04/15/2014 | | | Receipt of Motion for Relief From Stay(1–14–41678–cec) [motion,mrlfsty] ( 176.00) Filing Fee. Receipt number 12305466. Fee amount 176.00. (re: Doc# 8) (U.S. Treasury) (Entered: 04/15/2014) |
| 04/15/2014 | | 9 | Affirmation in Support Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Warmuth, Glenn) (Entered: 04/15/2014) |
| 04/15/2014 | | 10 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC, 9 Affirmation in Support filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 04/15/2014) |
| 04/21/2014 | | 11 | |

| | | | |
|---|---|---|---|
| | | | Schedule(s), Statement(s) and Affidavit LR1007−1(b): Schedule A, Schedule B, Schedule C, Schedule E, Schedule F, Schedule G, Schedule H, Schedule I, Schedule J, Statistical Summary of Certain Liabilities, Summary of Schedules, Declaration Concerning Debtor's Schedules, Statement of Financial Affairs, Statement Pursuant to LBR 1073−2(b) and Notice to Consumer Debtor Filed by Eric H. Richmond (Attachments: # 1 Date/Time Stamped Envelope) (Affidavit LR1007−1(b) not filed) (mem) (Entered: 04/24/2014) |
| 04/21/2014 | | 12 | Statement of Current Monthly Income in the amount of : no amount indicated (Means Test − Chapter 13). Filed by Eric H. Richmond (RE: related document(s)3 Deficient Filing Chapter 13) (Attachments: # 1 Date/Time Stamped Envelope) (mem) (Entered: 04/24/2014) |
| 04/21/2014 | | 13 | Employee Income Records / Copies of Pay Statements Filed by Eric H. Richmond ( related document(s)3 Deficient Filing Chapter 13) (Attachments: # 1 Date/Time Stamped Envelope) (mem) (Entered: 04/24/2014) |
| 04/21/2014 | | 14 | Chapter 13 Plan dated 4/20/14 Filed by Eric H. Richmond (RE: related document(s)3 Deficient Filing Chapter 13). (Attachments: # 1 Date/Time Stamped Envelope) (mem) (Entered: 04/24/2014) |
| 05/13/2014 | | 15 | Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Time−Stamped Envelope) (mem) (Entered: 05/16/2014) |
| 05/14/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/4/2014 at 10:00 AM at Room 2579, 271−C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 05/14/2014) |
| 05/16/2014 | | 16 | Affirmation in Reply and Further Support Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) Modified on 5/16/2014 for clarification (ddm). (Entered: 05/16/2014) |
| 05/16/2014 | | 17 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)16 Reply filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 05/16/2014) |
| 05/19/2014 | | 18 | Request to Reschedule June 10th Confirmation Hearing Filed by Debtor Eric H. Richmond (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 05/20/2014) |
| 05/20/2014 | | | Hearing Held; (related document(s): 8 Motion for Relief from Stay with respect to property located at 227−231 Fourth Avenue, Brookly, NY Block 955, Lot 1) Appearance: Glenn P Warmuth representing creditor, Eric Richmond Debtor − Decision Reserved (tleonard) (Entered: 05/22/2014) |
| 05/21/2014 | | 19 | Motion to Dismiss Case *for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre−confirmation payments* Filed by Michael J. Macco on behalf of Michael J. Macco. Hearing scheduled for 6/10/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Macco, Michael) (Entered: 05/21/2014) |

| | | | |
|---|---|---|---|
| 05/22/2014 | | 20 | Scheduling Order. The Debtor may file any response to P.B.s request for relief from the automatic stay, pursuant to § 362(d)(1) or (2), on or before June 3, 2014 (related document(s) 8). Signed on 5/22/2014 (ddm) (Entered: 05/23/2014) |
| 05/22/2014 | | 21 | Affirmation of Service Filed by Eric H. Richmond (related document(s)14 Chapter 13 Plan) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 05/23/2014) |
| 05/27/2014 | | 22 | Addendum to Affirmation in Opposition Filed by Eric H. Richmond (related document(s)8, 15) (Attachments: # 1 District Court Drop Box Clocked Envelope) (cjm) (Entered: 05/30/2014) |
| 05/27/2014 | | 23 | Amended Schedule: Schedule C, Filed by Eric H. Richmond (cjm) Additional attachment(s) added on 5/30/2014 (cjm). (Entered: 05/30/2014) |
| 05/27/2014 | | 24 | Amended Statement of Financial Affairs Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Clocked Envelope) (cjm) (Entered: 05/30/2014) |
| 05/27/2014 | | 25 | Amended Statement of Current Monthly Income in the amount of $4000.00 (Means Test – Chapter 13). Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Clocked Envelope) (cjm) (Entered: 05/30/2014) |
| 05/27/2014 | | 26 | Amended Chapter 13 Plan dated 5/21/14 Filed by Eric H. Richmond (RE: related document(s)14 Chapter 13 Plan Filed After Commencement filed by Debtor Eric H. Richmond). (Attachments: # 1 District Court Drop Box Clocked Envelope) (cjm) (Entered: 05/30/2014) |
| 06/02/2014 | | 27 | Objection to Confirmation of Plan Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)26 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Warmuth, Glenn) (Entered: 06/02/2014) |
| 06/04/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 6/25/2014 at 10:00 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 06/04/2014) |
| 06/06/2014 | | 28 | Letter *Informing Debtor of Outstanding Documents* Filed by Michael J. Macco on behalf of Michael J. Macco (RE: related document(s)18 Document filed by Debtor Eric H. Richmond) (Macco, Michael) (Entered: 06/06/2014) |
| 06/06/2014 | | 29 | 2nd Request to Reschedule June 10 Confirmation Hearing Filed by Debtor Eric H. Richmond (related document(s)18 Document filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 06/06/2014) |
| 06/06/2014 | | 30 | Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)19 Motion to Dismiss Case filed by Trustee Michael J. Macco) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 06/06/2014) |
| 06/06/2014 | | 31 | Trustee Response to Request for Alternative Date Due to Personal Issues Filed by Debtor Eric H. Richmond (related document(s)28, 29) (mem) |

| | | | |
|---|---|---|---|
| | | | (Entered: 06/06/2014) |
| 06/06/2014 | | 32 | Affirmation in Response Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (related document(s)30 Affirmation in Opposition filed by Debtor Eric H. Richmond) (Warmuth, Glenn). Modified on 6/9/2014 to correct linkage (ddm). (Entered: 06/06/2014) |
| 06/06/2014 | | 33 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)32 Response filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 06/06/2014) |
| 06/08/2014 | | 34 | Amended Chapter 13 Plan dated June 6, 2014 Filed by Eric H. Richmond (RE: related document(s)26 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond). (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 06/10/2014) |
| 06/08/2014 | | 35 | Amended Schedule(s), Statement(s) and Affidavit LR1009−1(a)(Affidavit Not Filed): Schedule D, Schedule F & Amended Matrix Fee Amount $30 Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Time Stamped Envelope) CREDITORS ADDED – FEE NOT PAID (cjm) (Entered: 06/10/2014) |
| 06/10/2014 | | | Adjourned Without Hearing (related document(s): 19 Motion to Dismiss Case filed by Michael J. Macco) Hearing scheduled for 07/01/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 06/11/2014) |
| 06/10/2014 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on 07/01/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 06/11/2014) |
| 06/11/2014 | | 36 | Certificate of Service Filed by Eric H. Richmond (related document(s)34 Amended Chapter 13 Plan) (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 06/13/2014) |
| 06/12/2014 | | 37 | Affidavit 1009−1(a) Filed by Eric H. Richmond (related document(s)35) (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 06/13/2014) |
| 06/12/2014 | | 38 | Certificate of Service Filed by Eric H. Richmond (related document(s)4) (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 06/13/2014) |
| 06/13/2014 | | | Receipt of Amendment to Schedules Filing Fee – $30.00. Receipt Number 308765. (CM) (admin) (Entered: 06/13/2014) |
| 06/17/2014 | | 39 | Certificate of Service Filed by Eric H. Richmond (related document(s)35, 37) (cjm) (Entered: 06/17/2014) |
| 06/20/2014 | | 40 | Supplemental Objection to Confirmation of Plan Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)34 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond). (Warmuth, Glenn) (Entered: 06/20/2014) |
| 06/20/2014 | | 41 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)40 Objection to Confirmation of the |

| | | | |
|---|---|---|---|
| | | | Plan filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 06/20/2014) |
| 06/24/2014 | | 42 | Supplemental Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)19 Motion to Dismiss Case filed by Trustee Michael J. Macco, 30 Affirmation in Opposition filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 06/27/2014) |
| 06/26/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 7/16/2014 at 10:00 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 06/26/2014) |
| 07/01/2014 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Hearing scheduled for 07/22/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/17/2014) |
| 07/01/2014 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) – Confirmation hearing to be held on 07/22/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/17/2014) |
| 07/03/2014 | | 43 | Order Directing the Debtor to provide documents to the Trustee and file such documents with the Court by July 14, 2014; the hearing on the Trustees Motion to Dismiss is adjourned to Tuesday, July 22, 2014 at 10:00 a.m; and it is further ORDERED, that, if the documents listed are not provided to the Trustee (and filed with the Court, in the case of items 1, 4, 6, and 9) by July 14, 2014, and if the pre–confirmation payments are not paid to the Trustee on or before July 21, 2014, then the Trustees Motion to Dismiss may be granted. (related document(s)19 Motion to Dismiss Case filed by Trustee Michael J. Macco). Signed on 7/3/2014; Hearing scheduled for 7/22/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (cjm) (Entered: 07/03/2014) |
| 07/05/2014 | | 44 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 07/05/2014. (Admin.) (Entered: 07/06/2014) |
| 07/08/2014 | | 45 | Transcript & Notice regarding the hearing held on 07/01/14. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 19 Motion to Dismiss Case). Notice of Intent to Request Redaction Due By 07/15/2014. Redaction Request Due By 07/29/2014. Redacted Transcript Submission Due By 08/8/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 10/6/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (AVTranz) (Entered: 07/08/2014) |
| 07/11/2014 | | 46 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 07/11/2014. (Admin.) (Entered: 07/12/2014) |
| 07/14/2014 | | 47 | Transcript & Notice regarding the hearing held on 05/20/14. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be |

| | | | |
|---|---|---|---|
| | | | purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 8 Motion for Relief From Stay). Notice of Intent to Request Redaction Due By 07/21/2014. Redaction Request Due By 08/4/2014. Redacted Transcript Submission Due By 08/14/2014. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 10/14/2014 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (ADL Transcription Services, Inc) (Entered: 07/14/2014) |
| 07/15/2014 | | 48 | Affirmation in Further Opposition Filed by Eric H. Richmond (related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 07/16/2014) |
| 07/15/2014 | | 49 | Amended Statement of Current Monthly Income in the amount of $6000.00 (Means Test – Chapter 13). Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Stamped Envelope) (related document 25) (cjm) (Entered: 07/16/2014) |
| 07/15/2014 | | 50 | Affirmation of Advices Re: Income for 60 Days Prior to Petition Date Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 07/16/2014) |
| 07/15/2014 | | 51 | Amended Schedule(s), Statement(s) and Affidavit LR1009–1(a)(Affidavit Not Filed): Schedule F, Schedule I, Schedule J, Fee Amount $30 Filed by Eric H. Richmond (Attachments: # 1 District Court Drop Box Stamped Envelope) FEE NOT PAID – CREDITOR ADDED (cjm) (Entered: 07/16/2014) |
| 07/16/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 8/13/2014 at 10:15 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 07/16/2014) |
| 07/17/2014 | | 52 | Affirmation in Support *Objecting to Debtor's Submission of Affirmation In Further Opposition* Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 07/17/2014) |
| 07/17/2014 | | 53 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)52 Affirmation in Support filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 07/17/2014) |
| 07/17/2014 | | 54 | Notice of Appearance and Request for Notice Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (Katz, Jordan) (Entered: 07/17/2014) |
| 07/17/2014 | | 55 | DECISION. For the foregoing reasons, P.B.s motion for relief from the automatic stay pursuant to § 362(d)(4) to permit P.B. to exercise its rights and remedies under applicable law with respect to the Property, is granted. Stay relief is not granted with respect to any deficiency claim against the Debtor. A separate order will issue. (related document(s)8 Motion for Relief From Stay filed by Interested Party P.B. #7 LLC). Signed on 7/17/2014 (ddm) (Entered: 07/17/2014) |
| 07/17/2014 | | 56 | Order Granting Motion For Relief From Stay as to P.B's interest in the Property located at 227–231 Fourth Avenue, Brooklyn, NY. This Order |

| | | | |
|---|---|---|---|
| | | | shall not lift the stay with respect to any deficiency claim P.B. may seek to pursue against the Debtor. (Related Doc # 8) Signed on 7/17/2014. (ddm) (Entered: 07/17/2014) |
| 07/17/2014 | | 57 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 07/17/2014. (Admin.) (Entered: 07/18/2014) |
| 07/17/2014 | | 58 | Affidavit Pursuant to LR1009−1(a) and Amended Matrix Filed by Eric H. Richmond (related document(s)51 Amended Schedule(s), Statement(s) and Affidavit LR1009−1(a) (Fee Due) filed by Debtor Eric H. Richmond) (Attachments: # 1 Time−Stamped Envelope − District Court) (mem) (Entered: 07/18/2014) |
| 07/22/2014 | | | Receipt of Amendment to Schedules Filing Fee − $30.00. Receipt Number 309024. (MM) (admin). (Related document(s) 51 Amended Schedule(s), Statement(s) and Affidavit LR1009−1(a) (Fee Due) filed by Debtor Eric H. Richmond) (Entered: 07/22/2014) |
| 07/22/2014 | | | Hearing Held and Adjourned; (related document(s): 43 Order Directing the Debtor to provide documents to the Trustee and file such documents with the Court by July 14, 2014; the hearing on the Trustees Motion to Dismiss is adjourned to Tuesday, July 22, 2014 at 10:00 a.m; and it is further ORDERED, that, if the documents listed are not provided to the Trustee (and filed with the Court, in the case of items 1, 4, 6, and 9) by July 14, 2014, and if the pre−confirmation payments are not paid to the Trustee on or before July 21, 2014, then the Trustees Motion to Dismiss may be granted. (related document(s) 19 Motion to Dismiss Case filed by Trustee Michael J. Macco) Appearances : Michael J. Macco, Eric H. Richmond Schedule hearing to be held on 08/12/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/23/2014) |
| 07/22/2014 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case filed by Michael J. Macco) Appearances : Michael J. Macco, Eric H. Richmond Hearing scheduled for 08/12/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY − Court to Issue Order (tleonard) (Entered: 07/23/2014) |
| 07/22/2014 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice − Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances : Michael J. Macco, Eric H. Richmond − Confirmation hearing to be held on 08/12/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/23/2014) |
| 07/28/2014 | | 59 | Court's Service List (related document(s)55 Decision, 56 Order) (ddm) (Entered: 07/28/2014) |
| 07/28/2014 | | 60 | ORDERED, that the Debtor provides the Trustee with a payment in the amount of $1,500.00, representing the Debtor's plan payment for June, 2014, by August 5, 2014. The Debtor shall provide documents as stated within the Order to the Trustee and file such documents with the Court, as appropriate, by August 5, 2014. The hearing on the Trustee's Motion to Dismiss is adjourned to Tuesday, August 12, 2014 at 10:00 a.m. at Courtroom 3529 (Judge Craig), Brooklyn, NY. If the documents are not provided to the Trustee and the Debtor is not current on all post−petition plan payments by August 5, 2014, then the Trustee's Motion to Dismiss may be granted (related document(s)19, 43). Signed on 7/28/2014 (ddm) (Entered: 07/29/2014) |
| 07/28/2014 | | 61 | |

| | | | |
|---|---|---|---|
| | | | Motion to Reconsider *Lifting of Automatic Stay* Filed by Eric H. Richmond (related document(s)55, 56). (Attachments: # 1 District Court Drop Box Stamped Envelope) (Incorrect Caption on Notice of Motion) (cjm) (Entered: 07/30/2014) |
| 07/31/2014 | | 62 | Motion to Reargue Lifting of Automatic Stay filed by Eric H. Richmond (related document 55, 56 (cjm) (Entered: 07/31/2014) |
| 08/06/2014 | | 63 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)61 Motion to Reconsider filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A) (Warmuth, Glenn) (Entered: 08/06/2014) |
| 08/06/2014 | | 64 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)63 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 08/06/2014) |
| 08/06/2014 | | 65 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)62 Generic Motion filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A) (Warmuth, Glenn) (Entered: 08/06/2014) |
| 08/06/2014 | | 66 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)65 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 08/06/2014) |
| 08/11/2014 | | 67 | Affirmation in Further Support Filed by Eric H. Richmond (RE: related document(s)62 Generic Motion filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 08/12/2014) |
| 08/11/2014 | | 68 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)61 Motion to Reconsider filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 08/12/2014) |
| 08/12/2014 | | | Hearing Held and Adjourned; (related document(s): 43 Order Directing the Debtor to provide documents to the Trustee and file such documents with the Court by July 14, 2014; the hearing on the Trustees Motion to Dismiss is adjourned to Tuesday, July 22, 2014 at 10:00 a.m; and it is further ORDERED, that, if the documents listed are not provided to the Trustee (and filed with the Court, in the case of items 1, 4, 6, and 9) by July 14, 2014, and if the pre–confirmation payments are not paid to the Trustee on or before July 21, 2014, then the Trustees Motion to Dismiss may be granted. (related document(s) 19 Motion to Dismiss Case) Schedule hearing to be held on 09/30/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/13/2014) |
| 08/12/2014 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Appearances: Trustee, Debtor, Creditor's Counsel – Hearing scheduled for 09/30/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/13/2014) |
| 08/12/2014 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearance: Debtor, Creditor's Counsel, Trustee – Confirmation hearing to be held on 09/30/2014 at 10:00 AM at Courtroom |

| | | | |
|---|---|---|---|
| | | | 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/13/2014) |
| 08/13/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/3/2014 at 10:15 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 08/13/2014) |
| 08/13/2014 | | 69 | ORDERED, that the record on the Motion to Reargue and the Motion to Reconsider is hereby closed, and the matter is marked "submitted".(related document(s)61, 62). Signed on 8/13/2014 (ddm) (Entered: 08/14/2014) |
| 08/13/2014 | | 70 | ORDERED, that the Debtor provide the Trustee with all post–petition plan payments and Select Portfolio Servicing with all post–petition mortgage payments with respect to real property located at 60 Back Meadow Road, Nobleboro, ME 04555, by September 19, 2014. The Debtor shall provide documents, as stated within Order, to the Trustee and file such documents with the Court, as appropriate by August 29, 2014. The hearing on the Trustee's Motion to Dismiss is adjourned to Tuesday, September 30, 2014 at 10:00 a.m. at Courtroom 3529 (Judge Craig), Brooklyn, NY. If the documents are not provided to the Trustee by August 29, 2014 and the Debtor is not current on all post–petition plan and mortgage payments by September 19, 2014, then the Trustee's Motion to Dismiss may be granted (related document(s)19). Signed on 8/13/2014 (ddm) (Entered: 08/14/2014) |
| 08/13/2014 | | 71 | AMENDED Order Granting Motion For Relief From Stay as to P.B's interest in the Property located at 227–231 Fourth Avenue, Brooklyn, NY. The New York City Department of Finance, Office of the City Register, is hereby directed to accept a certified copy of this order for filing and recordation. This Order shall not lift the stay with respect to any deficiency claim P.B. may seek to pursue against the Debtor. (related document(s)8, 56 Order). Signed on 8/13/2014 (ddm) (Entered: 08/14/2014) |
| 08/16/2014 | | 72 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/16/2014. (Admin.) (Entered: 08/17/2014) |
| 08/16/2014 | | 73 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/16/2014. (Admin.) (Entered: 08/17/2014) |
| 08/23/2014 | | 74 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)71 Generic Order). Appellant Designation due by 9/8/2014. (Attachments: # 1 District Court Drop Box Stamped Envelope)(mem) (Entered: 08/25/2014) |
| 08/24/2014 | | 75 | Affidavit/Certificate of Service Filed by Eric H. Richmond (related document(s)74 Notice of Appeal filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 08/25/2014) |
| 08/25/2014 | | 76 | Notice to Parties of Requirements, Deadlines (related document(s)74 Notice of Appeal filed by Debtor Eric H. Richmond) (mem) (Entered: 08/25/2014) |
| 08/25/2014 | | | Receipt of Appeal Filing Fee – $298.00. Receipt Number 309271. (MM) (admin) (Entered: 08/25/2014) |
| 08/25/2014 | | 77 | |

| | | | |
|---|---|---|---|
| | | | Motion to Reconsider *Decision and Order dated August 13, 2014* Filed by Eric H. Richmond (RE: related document(s)55 Opinion/Decision for External Web Page, 71 Generic Order). (Attachments: # 1 Affirmation in Support of Motion # 2 Certificate of Service # 3 District Court Drop Box Stamped Envelope)) (mem) (Entered: 08/26/2014) |
| 08/26/2014 | | 79 | Civil Cover Sheet Filed by Eric H. Richmond (RE: related document(s)74 Notice of Appeal filed by Debtor Eric H. Richmond). (Attachments: # 1 District Court Drop Box Stamped Envelope)(mem) (Entered: 08/28/2014) |
| 08/27/2014 | | 78 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/27/2014. (Admin.) (Entered: 08/28/2014) |
| 08/27/2014 | | 80 | Motion to Reargue Lifting of Automatic Stay Filed by Eric H. Richmond (Attachments: # 1 Affirmation in Support of Motion # 2 Certificate of Service # 3 District Court Drop Box Stamped Envelope) (related document(s) 55 , 71 ). (mem). (Entered: 08/28/2014) |
| 09/03/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/24/2014 at 10:00 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 09/03/2014) |
| 09/03/2014 | | 81 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)77 Motion to Reconsider filed by Debtor Eric H. Richmond, Creditor Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005–) (Attachments: # 1 Exhibit A) (Warmuth, Glenn) (Entered: 09/03/2014) |
| 09/03/2014 | | 82 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)81 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 09/03/2014) |
| 09/03/2014 | | 83 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)80 Generic Motion filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A) (Warmuth, Glenn) (Entered: 09/03/2014) |
| 09/03/2014 | | 84 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)83 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 09/03/2014) |
| 09/05/2014 | | 85 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)74 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 9/19/2014. Transmission of Designation Due by 10/6/2014. (cjm) (Entered: 09/05/2014) |
| 09/07/2014 | | 86 | Affirmation of Service Filed by Eric H. Richmond (related document(s)85) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 09/09/2014) |
| 09/15/2014 | | 87 | Motion to Strike *Items from designation of record on appeal* Filed by Glenn P Warmuth on behalf of P.B. #7 LLC. Hearing scheduled for |

| | | | |
|---|---|---|---|
| | | | 9/30/2014 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Warmuth, Glenn) (Entered: 09/15/2014) |
| 09/15/2014 | | 88 | Affirmation in Support *of motion to strike items from designation of record on appeal* Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)87 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Warmuth, Glenn) (Entered: 09/15/2014) |
| 09/15/2014 | | 89 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)87 Motion to Strike filed by Interested Party P.B. #7 LLC, 88 Affirmation in Support filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 09/15/2014) |
| 09/23/2014 | | 92 | Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)87 Motion to Strike filed by Interested Party P.B. #7 LLC) (cjm) Additional attachment(s) added on 9/25/2014 (cjm). (Entered: 09/25/2014) |
| 09/24/2014 | | 90 | Scheduling Order. The Debtor shall file any response to the Motion to Strike within seven (7) days from entry of the order disposing of the last of the Pending Motions; upon the passing of the deadline, the matter shall be marked submitted and the record on the Motion to Strike shall be closed; and no hearing in connection with the Motion to Strike shall be held and that the Hearing shall be marked off the Courts calendar (related document(s) 87). Signed on 9/24/2014 (ddm) (Entered: 09/24/2014) |
| 09/24/2014 | | 91 | Court's Service List (related document(s)90 Scheduling Order) (ddm) (Entered: 09/24/2014) |
| 09/24/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 10/15/2014 at 10:00 AM at Room 2579, 271−C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 09/24/2014) |
| 09/25/2014 | | 93 | Motion To Stay Order Pending Appeal *and Waiving any Requirement that Debtor Post a Bond Pursuant to Bankruptcy Rule 8005* Filed by Eric H. Richmond. Hearing scheduled for 10/16/2014 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 09/26/2014) |
| 09/25/2014 | | 94 | Affirmation of Service Filed by Eric H. Richmond (related document(s)93) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 09/26/2014) |
| 09/26/2014 | | 95 | Scheduling Order. Ordered, that, on or before October 3, 2014, P.B. shall file any response to the Motion; that upon the passing of the above deadline, the matter shall be marked "submitted" and the record on the Motion shall be closed and that no hearing in connection with the Motion shall be held and that the Hearing shall be marked off the Court's calendar. RE: related document(s)93 Motion To Stay Pending Appeal filed by Debtor Eric H. Richmond). Signed on 9/26/2014 (fmr) (Entered: 09/26/2014) |
| 09/26/2014 | | 96 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 09/26/2014. (Admin.) (Entered: 09/27/2014) |
| 09/29/2014 | | 97 | |

| | | | |
|---|---|---|---|
| | | | DECISION. The Debtor's motions for reconsideration and motions to reargue are denied. A separate order will issue (related document(s)61, 62, 77, 80). Signed on 9/29/2014 (ddm) (Entered: 09/30/2014) |
| 09/29/2014 | | 98 | ORDERED, that the Motion to Reconsider, the Motion to Reargue, the Second Motion to Reconsider, and the Second Motion to Reargue are denied (related document(s) 61, 62, 77, 80) Signed on 9/29/2014. (ddm) (Entered: 09/30/2014) |
| 09/30/2014 | | 99 | Amended Schedule : Schedule J, Filed by Eric H. Richmond (cjm) (Entered: 09/30/2014) |
| 09/30/2014 | | 100 | Amended Statement of Current Monthly Income in the amount of $6000.00 (Means Test – Chapter 13). Filed by Eric H. Richmond (cjm) (Entered: 09/30/2014) |
| 09/30/2014 | | 101 | Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 4. Objections to be filed on October 30, 2014 at 5:00 p.m. Filed by Eric H. Richmond. Hearing scheduled for 11/6/2014 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (cjm) (Entered: 09/30/2014) |
| 09/30/2014 | | 102 | Affidavit/Certificate of Service Filed by Court (related document(s)55 Decision, 56 Order) (ddm). Modified on 10/15/2014 to correct linkage (ddm). (Entered: 10/01/2014) |
| 09/30/2014 | | | Hearing Held; (related document(s): 43 Order Directing the Debtor to provide documents to the Trustee and file such documents with the Court, Trustees Motion to Dismiss; and it is further ORDERED, that, if the documents listed are not provided to the Trustee (related document(s) 19 Motion to Dismiss Case) Appearances: Eric H. Richmond, Michael J. Macco, Paula Warmuth – Marked Off, IT IS SO ORDERED BY CARLA E CRAIG. Endorsed on 9/30/14 calendar. (This is a text Order, no document attached) (tleonard) (Entered: 10/02/2014) |
| 09/30/2014 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case filed by Michael J. Macco) Appearances : Michael J. Macco, Eric H. Richmond Hearing scheduled for 11/13/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 10/02/2014) |
| 09/30/2014 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances : Michael J. Macco, Eric H. Richmond – Confirmation hearing to be held on 10/21/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 10/02/2014) |
| 09/30/2014 | | | Marked Off Without Hearing (related document(s): 87 Motion to Strike Items from designation of record on appeal) – Court Issued Order (tleonard) (Entered: 10/03/2014) |
| 10/01/2014 | | 103 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)93 Motion To Stay Pending Appeal filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Exhibit Q # 18 Exhibit R # 19 Exhibit S # 20 Exhibit T # 21 Exhibit U # 22 Exhibit V # 23 Exhibit W # 24 Exhibit X) (Warmuth, Glenn) (Entered: 10/01/2014) |

| | | | |
|---|---|---|---|
| 10/01/2014 | | 104 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)103 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 10/01/2014) |
| 10/01/2014 | | 105 | Memorandum of Law in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)93 Motion To Stay Pending Appeal filed by Debtor Eric H. Richmond) (Warmuth, Glenn) (Entered: 10/01/2014) |
| 10/01/2014 | | 106 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)105 Memorandum of Law in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 10/01/2014) |
| 10/01/2014 | | 107 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/01/2014. (Admin.) (Entered: 10/02/2014) |
| 10/02/2014 | | 108 | Affirmation in Support Filed by Eric H. Richmond (RE: related document(s)101 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 10/03/2014) |
| 10/02/2014 | | 109 | Affirmation of Service Filed by Eric H. Richmond (related document(s)101, 108) (Attachments: # 1 District Court Drop Box Time Stamped Envelope) (cjm) (Entered: 10/03/2014) |
| 10/07/2014 | | 116 | Amended Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)87 Motion to Strike filed by Interested Party P.B. #7 LLC, 92 Affirmation in Opposition filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 10/10/2014) |
| 10/08/2014 | | 114 | Affirmation in Further Support and Memorandum of Law in Support Filed by Eric H. Richmond (related document(s)93) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 10/10/2014) |
| 10/09/2014 | | 115 | Affirmation of Service Filed by Eric H. Richmond (related document(s)114) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 10/10/2014) |
| 10/09/2014 | | 117 | Affirmation of Service Filed by Eric H. Richmond (related document(s)116) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 10/10/2014) |
| 10/10/2014 | | 110 | Order Granting Debtor's Motion to Strike to the extent set forth herein. ORDERED, that items 1a–l; 2a–m and p–x; and 3k–r in the Designation are hereby stricken from the record to be transmitted on appeal and that the Clerk of the Court shall transmit a supplemental record consisting of ECF Nos. 11, 15, 30, 71, and this Order in the above captioned case. (Related Doc # 87) Signed on 10/10/2014. (ddm) (Entered: 10/10/2014) |
| 10/10/2014 | | 111 | DECISION. Application of the balancing standard to the four criteria to be considered in connection with a motion for a stay pending appeal results in the conclusion that the Debtors Stay Motion must be denied. A separate order will issue. (related document(s)93 Motion to Stay Pending Appeal filed by Debtor Eric H. Richmond). Signed on 10/10/2014 (ddm) (Entered: 10/10/2014) |

| | | | |
|---|---|---|---|
| 10/10/2014 | | 112 | ORDERED, that the Stay Motion is denied. (Related Doc # 93) Signed on 10/10/2014. (ddm) (Entered: 10/10/2014) |
| 10/10/2014 | | 113 | Transmittal of Record on Appeal to District Court (related document(s)1, 8, 9 , 10, 11, 14, 15, 16, 19, 22, 30, 47, 55, 56, 71, 74, 75, 79, 85, 86, 110) (ddm) (Entered: 10/10/2014) |
| 10/14/2014 | | 118 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 14–cv–05957–BMC District Court Judge Brian M. Cogan assigned. (related document(s)74 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 10/14/2014) |
| 10/14/2014 | | 120 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)97 Opinion/Decision for External Web Page, 98 Order on Motion to Reconsider, Order (Generic)). Appellant Designation due by 10/28/2014. (cjm) (Entered: 10/15/2014) |
| 10/14/2014 | | 121 | Civil Cover Sheet Filed by Eric H. Richmond (RE: related document(s)120 Notice of Appeal filed by Debtor Eric H. Richmond). (Attachments: # 1 District Court Drop Box Stamped Envelope)(cjm) (Entered: 10/15/2014) |
| 10/15/2014 | | 119 | Affidavit/Certificate of Service Filed by Court (related document(s)97 Decision, 98 Order) (ddm) (Entered: 10/15/2014) |
| 10/15/2014 | | 122 | Notice to Parties of Requirements, Deadlines (related document(s)120 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 10/15/2014) |
| 10/15/2014 | | | Receipt of Appeal Filing Fee – $298.00. Receipt Number 309606. (CM) (admin) (Entered: 10/15/2014) |
| 10/16/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/12/2014 at 10:00 AM at Room 2579, 271–C Cadman Plaza East, Brooklyn, NY. Debtor absent. (Macco, Michael) (Entered: 10/16/2014) |
| 10/17/2014 | | 123 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/17/2014. (Admin.) (Entered: 10/18/2014) |
| 10/17/2014 | | 124 | [INCORRECT CAPTION – DEBTOR'S NAME OMITTED] Affirmation of Service Filed by Eric H. Richmond (related document(s)120 Notice of Appeal) (cjm) Additional attachment(s) added on 10/20/2014 (cjm). (Entered: 10/20/2014) |
| 10/21/2014 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on 11/13/2014 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (leonard) (Entered: 10/22/2014) |
| 10/24/2014 | | 125 | Motion to Reconsider , in addition to Motion to Strike Filed by Eric H. Richmond (RE: related document(s)111 Opinion/Decision for External Web Page, 112 Order on Motion To Stay Order Pending Appeal). (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 10/27/2014) |
| 10/24/2014 | | 126 | |

| | | | |
|---|---|---|---|
| | | | Motion to Reconsider *and Affirmation in Further Support to Motion Stay Pending Appeal* Filed by Eric H. Richmond (RE: related document(s)108 Affirmation in Support filed by Debtor Eric H. Richmond, 111 Opinion/Decision for External Web Page, 112 Order on Motion To Stay Order Pending Appeal). (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 10/27/2014) |
| 10/25/2014 | | 127 | Amended Motion to Reconsider and Affirmation in Further Support to Motion Stay Pending Appeal Filed by Eric H. Richmond (Attachments: # 1 Time−Stamped Envelope – District Court)(related document(s) 126 Motion to Reconsider ) (mem). (Entered: 10/27/2014) |
| 10/28/2014 | | 128 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)101 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O) (Warmuth, Glenn) (Entered: 10/28/2014) |
| 10/28/2014 | | 129 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)128 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 10/28/2014) |
| 10/28/2014 | | 130 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)120 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 11/12/2014. Transmission of Designation Due by 11/28/2014. (Attachments: # 1 Time−Stamped Envelope – District Court)(mem) (Entered: 10/29/2014) |
| 10/31/2014 | | 131 | ORDERED, that the Motion to Reconsider and the Amended Motion to Reconsider are denied (Related Doc # 126, 127) Signed on 10/31/2014. (ddm) (Entered: 10/31/2014) |
| 10/31/2014 | | 132 | Order Denying Motion to Reconsider Motion to Strike Items from the Designation of the Record on Appeal (Related Doc # 125). Signed on 10/31/2014. (ddm) (Entered: 10/31/2014) |
| 11/03/2014 | | 133 | Court's Service List (related document(s)131 Order on Motion to Reconsider, 132 Order on Motion to Reconsider, Order on Motion for Strike) (cjm) (Entered: 11/03/2014) |
| 11/03/2014 | | 134 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)101 ) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 11/04/2014) |
| 11/04/2014 | | 135 | Order Adjourning Hearing on the Debtor's Motion to Disallow Claim No. 4; the Chapter 13 Trustee's Motion to Dismiss; and the Debtor's confirmation hearing to November 13, 2014 at 11:00 a.m. at Courtroom 3529 (Judge Craig), Brooklyn, NY. (related document(s)19, 101). Signed on 11/4/2014 (ddm) (Entered: 11/04/2014) |
| 11/04/2014 | | 136 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)101 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 11/05/2014) |

| | | | |
|---|---|---|---|
| 11/06/2014 | | 137 | Scheduling Order. P.B. shall file any motion to strike items from the Designation within seven (7) days from the entry of this order and the Debtor shall file any response within fourteen (14) days from the date of filing of any motion P.B. files (related document(s)130 Appellant Designation & Statement of Issues filed by Debtor Eric H. Richmond). Signed on 11/6/2014 (ddm) (Entered: 11/06/2014) |
| 11/06/2014 | | 138 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/06/2014. (Admin.) (Entered: 11/07/2014) |
| 11/06/2014 | | | Adjourned Without Hearing (related document(s): 101 Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 4) Hearing scheduled for 11/13/2014 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 11/07/2014) |
| 11/08/2014 | | 139 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/08/2014. (Admin.) (Entered: 11/09/2014) |
| 11/11/2014 | | 140 | Motion to Strike Filed by Glenn P Warmuth on behalf of P.B. #7 LLC. (Warmuth, Glenn) (Entered: 11/11/2014) |
| 11/11/2014 | | 141 | Affirmation in Support *of motion to strike items from designation of record on appeal* Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)140 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Warmuth, Glenn) (Entered: 11/11/2014) |
| 11/11/2014 | | 142 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)140 Motion to Strike filed by Interested Party P.B. #7 LLC, 141 Affirmation in Support filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 11/11/2014) |
| 11/11/2014 | | 143 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)120 Notice of Appeal filed by Debtor Eric H. Richmond). (Attachments: # 1 63 # 2 63−1 # 3 65 # 4 65−1 # 5 71 # 6 71−1)(Warmuth, Glenn) (Entered: 11/11/2014) |
| 11/11/2014 | | 144 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)143 Appellee Designation filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 11/11/2014) |
| 11/12/2014 | | 145 | Certificate of Service Filed by Eric H. Richmond (related document(s)136 Affirmation in Support filed by Debtor Eric H. Richmond) (ddm) (Entered: 11/12/2014) |
| 11/12/2014 | | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 11/12/2014 at 10:00 AM at Room 2579, 271−C Cadman Plaza East, Brooklyn, NY. Debtor appeared. (Macco, Michael) (Entered: 11/12/2014) |
| 11/13/2014 | | 146 | Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5. Objections to be filed on December 11, 2014. Filed by Eric H. Richmond. Hearing scheduled for 12/18/2014 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (cjm) (Entered: 11/13/2014) |
| 11/13/2014 | | 147 | Affirmation Regarding Requested Documents by Trustee Filed by Eric H. Richmond (cjm) (Entered: 11/13/2014) |

| | | | |
|---|---|---|---|
| 11/13/2014 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case) Appearances : Michael J. Macco, Eric H. Richmond, Glenn P Warmuth Hearing scheduled for 01/06/2015 at 10:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 11/17/2014) |
| 11/13/2014 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances : Michael J. Macco, Eric H. Richmond, Glenn P Warmuth – Confirmation hearing to be held on 1/6/2015 at 10:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 11/17/2014) |
| 11/14/2014 | | 148 | Order Denying Motion to Disallow Proof of Claim of P.B. #7 LLC (Related Doc # 101). Signed on 11/14/2014. (ddm) (Entered: 11/14/2014) |
| 11/14/2014 | | 149 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)131 Order on Motion to Reconsider). Appellant Designation due by 12/1/2014. (Attachments: # 1 District Court Drop Box Stamped Envelope)(cjm) (Entered: 11/17/2014) |
| 11/15/2014 | | 150 | Affirmation of Service Filed by Eric H. Richmond (related document(s)149 Notice of Appeal filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 11/17/2014) |
| 11/15/2014 | | 151 | Affirmation of Service Filed by Eric H. Richmond (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 11/17/2014) |
| 11/17/2014 | | 152 | Notice to Parties of Requirements, Deadlines (related document(s)149 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 11/17/2014) |
| 11/17/2014 | | | Receipt of Appeal Filing Fee – $298.00. Receipt Number 309816. (MM) (admin) (Entered: 11/17/2014) |
| 11/19/2014 | | 153 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 11/19/2014. (Admin.) (Entered: 11/20/2014) |
| 11/25/2014 | | 161 | Amended Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)140 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 District Court Drop Box Stamped Envelope) (ddm) (Entered: 12/05/2014) |
| 11/28/2014 | | 155 | Motion to Reconsider Filed by Eric H. Richmond (RE: related document(s)101 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond, 148 Order on Motion to Object/Reclassify/Reduce/Expunge Claims). (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 12/02/2014) |
| 12/01/2014 | | 154 | DOCKETED IN ERROR – Transmittal of Record on Appeal to District Court (related document(s)1, 8, 9, 14, 15, 16, 19, 22, 47, 55, 56, 61, 62, 63, 65, 67, 68, 69, 70, 71, 74, 77, 80, 81, 83, 85, 87, 92, 93, 97, 98, 101, 103, 105, 114, 116, 120, 121, 124, 130, 143, 144) (ddm) Modified on 12/1/2014 (nds). (Entered: 12/01/2014) |
| 12/01/2014 | | 156 | |

| | | | |
|---|---|---|---|
| | | | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)149 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 12/15/2014. Transmission of Designation Due by 12/31/2014. (Attachments: # 1 District Court Drop Box Stamped Envelope)(cjm) (Entered: 12/02/2014) |
| 12/02/2014 | | 157 | ORDERED, that the Motion to Strike is granted to the extent set forth herein. Items 1a–u; 2a–m, p–x, and z–aj; and 3l, o, r and ab–ag in the designation are hereby stricken from the record to be transmitted on appeal. ECF Nos. 62 and 69 shall be included in the Designation and the Clerk of the Court shall transmit a supplemental record consisting of ECF Nos. 11, 15, 30, 71, 77 and this Order in the above captioned case (Related Doc # 140). Signed on 12/2/2014 (ddm) (Entered: 12/02/2014) |
| 12/03/2014 | | 158 | Transmittal of Record on Appeal to District Court (related document(s) 1, 8, 9, 11, 14, 15, 16, 19, 22, 30, 47, 55, 56, 61, 63, 65, 67, 68, 71, 74, 77, 81, 83, 85, 87, 92, 93, 97, 98, 120, 121, 124, 130, 143, 144, 157) (ddm) (Entered: 12/03/2014) |
| 12/03/2014 | | 159 | Order Denying Motion to Reconsider Motion to Expunge Claim of P.B. #7 LLC (Related Doc # 155). Signed on 12/3/2014 (ddm) (Entered: 12/04/2014) |
| 12/04/2014 | | 160 | Court's Service List (related document(s)159 Order) (ddm) (Entered: 12/04/2014) |
| 12/06/2014 | | 162 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/06/2014. (Admin.) (Entered: 12/07/2014) |
| 12/08/2014 | | 163 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 14–cv–07112–WFK – District Court Judge William F. Kuntz assigned. (related document(s)120 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 12/08/2014) |
| 12/08/2014 | | 165 | Affirmation of Service Filed by Eric H. Richmond (related document(s)161 Affirmation in Opposition filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 12/11/2014) |
| 12/10/2014 | | | Chapter 13 Meeting of Creditors Held and Closed. (Macco, Michael) (Entered: 12/10/2014) |
| 12/10/2014 | | 164 | AMENDED Order. The Motion to Strike is granted to the extent set forth herein. Items 1a–u; 2a–m, p–x, and z–aj; and 3l, o, r and ab–ag in the Designation are hereby stricken from the record to be transmitted on appeal. ECF Nos. 20, 61, 62, 69, and 80 shall be included in the Designation. The Clerk of the Court shall transmit a supplemental record consisting of ECF Nos. 11, 15, 30, 71, 77 and this Order in the above captioned case (related document(s)140, 157). Signed on 12/10/2014 (ddm) (Entered: 12/10/2014) |
| 12/12/2014 | | 166 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/12/2014. (Admin.) (Entered: 12/13/2014) |
| 12/15/2014 | | 167 | Scheduling Order on Motion to Strike Record on Appeal with respect to the Appeal of the Order Denying the Motion to Reconsider the Stay Motion. The Clerk of Court shall not transmit the record on appeal to |

| | | | |
|---|---|---|---|
| | | | District Court until the Court Issues an order with respect to any motion P.B. shall file (related document(s)156). Signed on 12/15/2014 (ddm) (Entered: 12/15/2014) |
| 12/17/2014 | | 168 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/17/2014. (Admin.) (Entered: 12/18/2014) |
| 12/18/2014 | | 169 | Motion to Strike Filed by Glenn P Warmuth on behalf of P.B. #7 LLC. (related document(s) 156) (Warmuth, Glenn). Modified on 12/19/2014 to add linkage (ddm) (Entered: 12/18/2014) |
| 12/18/2014 | | 170 | Affirmation in Support Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)169 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Exhibit A # 2 Exhibit B) (Warmuth, Glenn) (Entered: 12/18/2014) |
| 12/18/2014 | | 171 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)169 Motion to Strike filed by Interested Party P.B. #7 LLC, 170 Affirmation in Support filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 12/18/2014) |
| 12/18/2014 | | 172 | Motion to Extend Time to Appeal Under Rule 8002(c) Filed by Eric H. Richmond (RE: related document(s)159 Order on Motion to Reconsider). (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 12/19/2014) |
| 12/18/2014 | | | Hearing Held and Adjourned; (related document(s): 146 Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5) Appearance: Eric H. Richmond, Creditor's Counsel – Hearing scheduled for 02/05/2015 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 12/23/2014) |
| 12/22/2014 | | 173 | ORDERED, that the Debtor may file a notice of appeal with respect to the Motion to Reconsider on or before January 8, 2015 (Related Doc # 172). Signed on 12/22/2014 (ddm) (Entered: 12/23/2014) |
| 12/23/2014 | | 174 | Court's Service List (related document(s)173 Order) (ddm) (Entered: 12/23/2014) |
| 12/24/2014 | | 177 | Motion to Reconsider Filed by Eric H. Richmond (RE: related document(s)140 Motion to Strike filed by Interested Party P.B. #7 LLC, 164 Generic Order). (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 01/06/2015) |
| 12/25/2014 | | 175 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/25/2014. (Admin.) (Entered: 12/26/2014) |
| 01/06/2015 | | 176 | Amended Chapter 13 Plan dated January 5, 2014 Filed by Eric H. Richmond (RE: related document(s)34 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond). (mem) (Entered: 01/06/2015) |
| 01/06/2015 | | 178 | [DISREGARD, DOCKETED ON INCORRECT CASE] Final Decree Chapter 13. Signed on 1/6/2015 (cjm) Modified on 1/6/2015 (cjm). (Entered: 01/06/2015) |
| 01/06/2015 | | | Adjourned Without Hearing (related document(s): 19 Motion to Dismiss Case) Hearing scheduled for 02/10/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 01/07/2015) |

| | | | |
|---|---|---|---|
| 01/06/2015 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on 02/10/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 01/07/2015) |
| 01/08/2015 | | 179 | Affirmation in Opposition Filed by Eric H. Richmond (RE: related document(s)169 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 01/09/2015) |
| 01/13/2015 | | 180 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)177 Motion to Reconsider filed by Debtor Eric H. Richmond) (Warmuth, Glenn) (Entered: 01/13/2015) |
| 01/13/2015 | | 181 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)180 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 01/13/2015) |
| 01/16/2015 | | 182 | First Affirmation in Opposition Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (Katz, Jordan). (related document(s) 146) Modified on 1/20/2015 to add linked document (cjm). (Entered: 01/16/2015) |
| 01/16/2015 | | 183 | Affidavit/Certificate of Service Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (RE: related document(s)182 Affirmation in Opposition filed by Creditor Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005–) (Katz, Jordan) (Entered: 01/16/2015) |
| 01/20/2015 | | 184 | Affirmation in Further Opposition Filed by Eric H. Richmond (RE: related document(s)169 Motion to Strike filed by Interested Party P.B. #7 LLC) (Attachments: # 1 Time–Stamped Envelope – District Court) (mem) (Entered: 01/22/2015) |
| 01/22/2015 | | 185 | Affidavit/Certificate of Service Filed by Eric H. Richmond (RE: related document(s)179 Affirmation in Opposition filed by Debtor Eric H. Richmond) (mem) (Entered: 01/23/2015) |
| 01/23/2015 | | 186 | Objection *to confirmation of second amended plan* Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)176 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond) (Warmuth, Glenn) (Entered: 01/23/2015) |
| 01/23/2015 | | 187 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)186 Objection filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 01/23/2015) |
| 01/23/2015 | | 188 | Order Granting Motion to Reconsider in Part. The Clerk of the Court shall include in the record on appeal from the Order and Decision, the record on the Motion to Strike (to the extent not already included in such record), consisting of ECF Nos. 137, 140, 141, 161, 164, 177, 180, and this Order |

| | | | |
|---|---|---|---|
| | | | (Related Doc # 177). Signed on 1/23/2015. (ddm) (Entered: 01/23/2015) |
| 01/23/2015 | | 189 | Court's Service List (related document(s)188 Order) (ddm) (Entered: 01/23/2015) |
| 01/23/2015 | | 191 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Attachments: # 1 Time–Stamped Envelope – District Court) (cjm) (Entered: 01/26/2015) |
| 01/25/2015 | | 190 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 01/25/2015. (Admin.) (Entered: 01/26/2015) |
| 01/28/2015 | | 192 | ORDERED, that the Motion to Strike is granted to the extent set forth herein; items 1a–l; items 2–1 through 2–9, 2–11 through 2–39, 2–41, 2–42, 2–44 through 2–75, 2–78 through 2–100, 2–103 through 2–112, 2–114 through 2–116, and 2–118 through 2–124; items 3–1 through 3–7, 3–10 through 3–14, 3–17 through 3–21, 3–23 through 3–29, 3–31 through 3–54, 3–57 through 3–60, 3–64, 3–69, 3–70, 3–72, 3–73, 3–75, 3–76, 3–78, 3–79, 3–81 through 3–92, 3–94, 3–96, 3–99 through 3–102, 3–107 through 3–110, 3–113 through 3–125, and 3–128 through 3–130, item 3–132, shall be stricken from the Designation. ECF Nos. 167, 169, 170, 171, 179, and this order shall be included in the transmittal of the record on appeal. The Clerk of the Court shall transmit the record on appeal upon entry of this Order (Related Doc # 169). Signed on 1/28/2015 (ddm) (Entered: 01/29/2015) |
| 01/29/2015 | | 193 | Court's Service List (related document(s)192 Order) (ddm) (Entered: 01/29/2015) |
| 01/29/2015 | | 194 | Transmittal of Record on Appeal to District Court (related document(s)8, 9, 15, 16, 22, 30, 55, 56, 61, 62, 63, 65, 66, 67, 68, 71, 74, 77, 80, 93, 95, 97, 98, 103, 104, 105, 106, 111, 112, 126, 127, 131, 137, 140, 141, 149, 150, 156, 161, 164, 167, 169, 170, 171, 177, 179, 180, 188, 192) (ddm) (Entered: 01/29/2015) |
| 01/29/2015 | | 197 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 15–cv–00447–WFK. District Court Judge William F. Kuntz, II assigned. (related document(s)149 Notice of Appeal filed by Debtor Eric H. Richmond) (mna) (Entered: 02/10/2015) |
| 01/31/2015 | | 195 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 01/31/2015. (Admin.) (Entered: 02/01/2015) |
| 02/04/2015 | | 196 | Letter of Adjournment: Hearing rescheduled from 02/05/2015 at 3:00 p.m. to 03/17/2015 at 3:00 p.m. Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (RE: related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Katz, Jordan) (Entered: 02/04/2015) |
| 02/05/2015 | | | Adjourned Without Hearing (related document(s): 146 Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5) Hearing scheduled for 03/17/2015 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 02/06/2015) |
| 02/06/2015 | | 198 | |

| | | | |
|---|---|---|---|
| | | | Motion to Extend Time to Appeal Under Rule 8002(c) Filed by Eric H. Richmond (RE: related document(s)188 Order on Motion to Reconsider). (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 02/10/2015) |
| 02/10/2015 | | | Adjourned Without Hearing (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Hearing scheduled for 03/31/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 02/10/2015) |
| 02/10/2015 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) – Confirmation hearing to be held on 03/31/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 02/10/2015) |
| 02/12/2015 | | 199 | Motion to Reconsider *Order on Motion to Strike Items from Record on Appeal of the Order Denying the Motion to Reconsider the Debtor's Motion for a Stay Pending Appeal* Filed by Eric H. Richmond (RE: related document(s)192 Order on Motion for Strike). (Attachments: # 1 District Court Drop Box Stamped Envelope) (mem) (Entered: 02/18/2015) |
| 02/19/2015 | | 200 | Order Granting Motion to Extend Time to File Notice of Appeal. The Debtor may file a notice of appeal with respect to the Motion on or before March 5, 2015 (Related Doc # 198). Signed on 2/19/2015 (ddm) (Entered: 02/19/2015) |
| 02/19/2015 | | 201 | Court's Service List (related document(s)200 Order) (ddm) (Entered: 02/19/2015) |
| 02/21/2015 | | 202 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 02/21/2015. (Admin.) (Entered: 02/22/2015) |
| 02/26/2015 | | 203 | ORDERED, that the Motion to Reconsider is denied (Related Doc # 199). Signed on 2/26/2015 (ddm) (Entered: 02/27/2015) |
| 02/27/2015 | | 204 | Court's Service List (related document(s)203 Order) (ddm) (Entered: 02/27/2015) |
| 03/01/2015 | | 205 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/01/2015. (Admin.) (Entered: 03/02/2015) |
| 03/12/2015 | | 206 | Text Order, By District Court Judge Kuntz, Re: Appeal on Civil Action Number: 15–cv–00447, Dismissed (RE: related document(s)131 Order on Motion to Reconsider). Signed on 3/4/2015 (aac) (Entered: 03/12/2015) |
| 03/12/2015 | | 207 | Memorandum Decision and Order, By District Court Judge Cogan, Re: Appeal on Civil Action Number: 14–cv–7112, Dismissed (RE: related document(s)97 Opinion/Decision for External Web Page, 98 Order on Motion to Reconsider, Order (Generic)). Signed on 2/24/2015 (aac). (Entered: 03/12/2015) |
| 03/12/2015 | | 208 | Memorandum Order and Decision, By District Court Judge Cogan, Re: Appeal on Civil Action Number: 14–cv–05957, Dismissed(RE: related document(s)71 Generic Order). Signed on 2/24/2015 (aac) (Entered: 03/12/2015) |

| | | | |
|---|---|---|---|
| 03/13/2015 | | 209 | Motion to Extend Time to Appeal Under Rule 8002(c) Filed by Eric H. Richmond (RE: related document(s)203 Order on Motion to Reconsider). (ddm) (Entered: 03/16/2015) |
| 03/17/2015 | | | Hearing Held and Adjourned; (related document(s): 146 Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5.) Appearance: Debtor, Creditor's Counsel – Hearing scheduled for 05/21/2015 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 03/19/2015) |
| 03/19/2015 | | 210 | Letter *re: arguments regarding the Debtor's objection to the proof of claim* Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (RE: related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Katz, Jordan) (Entered: 03/19/2015) |
| 03/20/2015 | | 211 | Order Denying Motion to Extend Time to File Notice of Appeal Under Rule 8002(c) (Related Doc # 209). Signed on 3/20/2015 (ddm) (Entered: 03/20/2015) |
| 03/20/2015 | | 212 | Court's Service List (related document(s)211 Order) (ddm) (Entered: 03/20/2015) |
| 03/20/2015 | | 213 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)209 Motion to Extend Time to Appeal Under Rule 8002(c) filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A # 2 Exhibit B) (Warmuth, Glenn) (Entered: 03/20/2015) |
| 03/20/2015 | | 214 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)213 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 03/20/2015) |
| 03/20/2015 | | 216 | Amended Order Denying Motion to Extend Time to File Notice of Appeal Under Rule 8002(c) (related document(s)211 Order). Signed on 3/20/2015 (ddm) (Entered: 03/23/2015) |
| 03/20/2015 | | 217 | Scheduling Order. The Debtor may submit any objection with respect to the original note presented by U.S. Bank by April 3, 2015. U.S. Bank may file any response to any objection the Debtor may file by April 17, 2015. The Debtor may submit any additional briefing solely with respect to his contention that New York state law precludes trusts from holding promissory notes endorsed in blank by April 3, 2015 and upon the passing of the deadlines, the record on the Motion shall be closed, except to the extent the Court schedules a hearing or directs the parties to submit additional documents. The May 21, 2015 hearing is marked off the Court's calendar (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond). Signed on 3/20/2015 (ddm) (Entered: 03/23/2015) |
| 03/22/2015 | | 215 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/22/2015. (Admin.) (Entered: 03/23/2015) |
| 03/25/2015 | | 218 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/25/2015. (Admin.) (Entered: 03/26/2015) |

| | | | |
|---|---|---|---|
| 03/25/2015 | | 219 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 03/25/2015. (Admin.) (Entered: 03/26/2015) |
| 03/31/2015 | | | Adjourned Without Hearing (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Hearing scheduled for 05/27/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 04/01/2015) |
| 03/31/2015 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) – Confirmation hearing to be held on 05/27/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 04/01/2015) |
| 04/03/2015 | | 220 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims, 217 Scheduling Order) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 04/07/2015) |
| 04/03/2015 | | 221 | Motion to Reconsider , or in the alternative Motion to Vacate Order Filed by Eric H. Richmond (RE: related document(s)211 Order on Motion to Extend Time to Appeal Under Rule 8002(c), 216 Generic Order). (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 04/07/2015) |
| 04/08/2015 | | 222 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)221 Motion to Reconsider filed by Debtor Eric H. Richmond, Motion to Vacate Order) (Warmuth, Glenn) (Entered: 04/08/2015) |
| 04/09/2015 | | 223 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)222 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 04/09/2015) |
| 04/16/2015 | | 224 | Affidavit in Opposition Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (RE: related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Katz, Jordan) (Entered: 04/16/2015) |
| 05/07/2015 | | 225 | Letter requesting index numbers for all cases ever assigned Filed by Eric Richmond (ddm) (Entered: 05/08/2015) |
| 05/08/2015 | | 228 | Motion to Vacate Order Filed by Eric H. Richmond (RE: related document(s)98 Order on Motion to Reconsider, Order (Generic), 132 Order on Motion to Reconsider, Order on Motion for Strike). (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 05/13/2015) |
| 05/11/2015 | | 226 | Transcript & Notice regarding the hearing held on 12/18/14. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 146 Motion to Object/Reclassify/Reduce/Expunge Claims). Notice of Intent to Request Redaction Due By 05/18/2015. Redaction |

| | | | |
|---|---|---|---|
| | | | Request Due By 06/1/2015. Redacted Transcript Submission Due By 06/11/2015. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/10/2015 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (ADL Transcription Services, Inc) (Entered: 05/11/2015) |
| 05/11/2015 | | 227 | Transcript & Notice regarding the hearing held on 03/17/15. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 146 Motion to Object/Reclassify/Reduce/Expunge Claims). Notice of Intent to Request Redaction Due By 05/18/2015. Redaction Request Due By 06/1/2015. Redacted Transcript Submission Due By 06/11/2015. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/10/2015 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (ADL Transcription Services, Inc) (Entered: 05/11/2015) |
| 05/14/2015 | | 229 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)228 Motion to Vacate Order filed by Debtor Eric H. Richmond) (Attachments: # 1 Exhibit A) (Warmuth, Glenn) (Entered: 05/14/2015) |
| 05/14/2015 | | 230 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/14/2015. (Admin.) (Entered: 05/15/2015) |
| 05/14/2015 | | 231 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/14/2015. (Admin.) (Entered: 05/15/2015) |
| 05/15/2015 | | 232 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)229 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 05/15/2015) |
| 05/15/2015 | | 233 | Motion to Vacate New York State Court Actions in Violation of Federal Bankruptcy Stay Filed by Eric H. Richmond. (mem) (Entered: 05/15/2015) |
| 05/16/2015 | | 234 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 05/19/2015) |
| 05/20/2015 | | 235 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)228 Motion to Vacate Order filed by Debtor Eric H. Richmond) (cjm) (Entered: 05/20/2015) |
| 05/21/2015 | | 236 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)233 Motion to Vacate Order filed by Debtor Eric H. Richmond, Motion for Violation of Automatic Stay) (Warmuth, Glenn) (Entered: 05/21/2015) |
| 05/21/2015 | | 237 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)236 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 05/21/2015) |

| | | | |
|---|---|---|---|
| 05/21/2015 | | | Marked Off without hearing (related document(s): 146 Motion to Object/Reclassify/Reduce/Expunge Claim Number 5) – Per Scheduling Order #217 (tleonard) (Entered: 05/21/2015) |
| 05/21/2015 | | 238 | Transcript & Notice regarding the hearing held on 08/12/14. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Office of the Clerk or may be purchased from the court transcriber. [Please see the courts website for contact information for the Transcription Service Agency]. (RE: related document(s) 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13, 19 Motion to Dismiss Case, 43 Order to Schedule Hearing (Generic)). Notice of Intent to Request Redaction Due By 05/28/2015. Redaction Request Due By 06/11/2015. Redacted Transcript Submission Due By 06/22/2015. TRANSCRIPT ACCESS WILL BE ELECTRONICALLY RESTRICTED THROUGH 08/19/2015 AND MAY BE VIEWED AT THE OFFICE OF THE CLERK. (TypeWrite Word Processing Service) (Entered: 05/21/2015) |
| 05/24/2015 | | 239 | BNC Certificate of Mailing with Notice of Filing of Official Transcript (BK) Notice Date 05/24/2015. (Admin.) (Entered: 05/25/2015) |
| 05/26/2015 | | 240 | Affirmation of Service Filed by Eric H. Richmond (related document(s)234 Affirmation in Support filed by Debtor Eric H. Richmond) (ddm) (Entered: 05/26/2015) |
| 05/26/2015 | | 241 | Affirmation in Futher Support Filed by Eric H. Richmond (related document(s)233 Motion to Vacate Order filed by Debtor Eric H. Richmond, Motion for Violation of Automatic Stay) (cjm) (Entered: 05/26/2015) |
| 05/27/2015 | | 242 | Reply *and request to reject filing* Filed by Jordan S Katz on behalf of Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005– (RE: related document(s)234 Affirmation in Support filed by Debtor Eric H. Richmond) (Katz, Jordan) (Entered: 05/27/2015) |
| 05/27/2015 | | 243 | Amended Chapter 13 Plan dated 5/26/15 Filed by Eric H. Richmond (RE: related document(s)176 Amended Chapter 13 Plan filed by Debtor Eric H. Richmond). (cjm) (Entered: 05/27/2015) |
| 05/27/2015 | | 244 | Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 1. Objections to be filed on July 8, 2015 at 5:00 PM. Filed by Eric H. Richmond. Hearing scheduled for 7/15/2015 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (cjm) (Entered: 05/27/2015) |
| 05/27/2015 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Appearances: Michael J. Macco Trustee, Eric H. Richmond Debtor Hearing scheduled for 07/14/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 06/01/2015) |
| 05/27/2015 | | | Confirmation Adjourned Without Hearing (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Confirmation hearing to be held on 07/14/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 06/01/2015) |

| | | | |
|---|---|---|---|
| 06/01/2015 | | 245 | Order Denying Motion to Vacate (related document(s)228 Motion to Vacate Order filed by Debtor Eric H. Richmond). Signed on 6/1/2015 (ddm) (Entered: 06/02/2015) |
| 06/03/2015 | | 246 | Order Denying Debtor's Motion to Vacate (related document(s)233). Signed on 6/3/2015 (ddm) (Entered: 06/03/2015) |
| 06/04/2015 | | 247 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 06/04/2015. (Admin.) (Entered: 06/05/2015) |
| 06/05/2015 | | 248 | Affirmation of Service Filed by Eric H. Richmond (related document(s)235 Affirmation in Further Support filed by Debtor Eric H. Richmond) (ddm) (Entered: 06/05/2015) |
| 06/05/2015 | | 249 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 06/05/2015. (Admin.) (Entered: 06/06/2015) |
| 06/16/2015 | | 250 | Motion to Dismiss Case *for Failure to Offer a Feasible Plan* Filed by Michael J. Macco on behalf of Michael J. Macco. Hearing scheduled for 7/14/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Macco, Michael) (Entered: 06/16/2015) |
| 06/16/2015 | | 251 | Motion to Reconsider *Order Denying Motion to Vacate Judgement for Failure of Due Process* Filed by Eric H. Richmond (related document(s)245 Order). (Attachments: # 1 Time Stamped Envelope) (ddm) (Entered: 06/17/2015) |
| 06/17/2015 | | 254 | Motion to Reconsider *Order Denying Motion to Vacate* Filed by Eric H. Richmond (RE: related document(s)246 Generic Order). (Attachments: # 1 Time Stamped Envelope) (ddm) (Entered: 06/19/2015) |
| 06/18/2015 | | 252 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)251 Motion to Reconsider filed by Debtor Eric H. Richmond) (Warmuth, Glenn) (Entered: 06/18/2015) |
| 06/18/2015 | | 253 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)252 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 06/18/2015) |
| 06/22/2015 | | 255 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)251 Motion to Reconsider filed by Debtor Eric H. Richmond) (cjm) (Entered: 06/22/2015) |
| 06/24/2015 | | 256 | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)254 Motion to Reconsider filed by Debtor Eric H. Richmond) (Warmuth, Glenn) (Entered: 06/24/2015) |
| 06/24/2015 | | 257 | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)256 Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 06/24/2015) |
| 06/29/2015 | | 258 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)254 Motion to Reconsider filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (cjm) (Entered: 07/01/2015) |

| | | | |
|---|---|---|---|
| 07/07/2015 | | <u>259</u> | Affidavit in Opposition Filed by Eric H. Richmond (RE: related document(s)<u>250</u> Motion to Dismiss Case filed by Trustee Michael J. Macco) (Attachments: # <u>1</u> District Court Drop Box Stamped Envelope) (ddm) (Entered: 07/10/2015) |
| 07/13/2015 | | | Hearing Scheduled (related document(s): <u>244</u> Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 1) Hearing scheduled for 07/16/2015 at 11:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/13/2015) |
| 07/14/2015 | | <u>260</u> | Motion to Vacate Order Filed by Eric H. Richmond (RE: related document(s)<u>112</u> Order on Motion To Stay Order Pending Appeal). (cjm) (Entered: 07/14/2015) |
| 07/14/2015 | | <u>261</u> | Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 1. Objections to be filed on August 7, 2015 at 5:00 PM. Filed by Eric H. Richmond. Hearing scheduled for 8/14/2015 at 02:30 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (cjm) (Entered: 07/14/2015) |
| 07/14/2015 | | <u>262</u> | Withdrawal of Objection to Claim No. 1 Filed by Eric H. Richmond (related document(s)<u>244</u> Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) (ddm) (Entered: 07/14/2015) |
| 07/14/2015 | | | Hearing Held and Adjourned; (related document(s): <u>19</u> Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Appearances: Michael J. Macco Trustee, Eric H. Richmond Debtor – Hearing scheduled for 08/11/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/15/2015) |
| 07/14/2015 | | | Hearing Held and Adjourned; (related document(s): <u>250</u> Motion to Dismiss Case for Failure to Offer a Feasible Plan) Appearances : Michael J. Macco Trustee, Eric H. Richmond Debtor – Hearing scheduled for 08/11/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/15/2015) |
| 07/14/2015 | | | Confirmation Hearing Held and Adjourned; (related document(s): <u>4</u> Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances: Michael J. Macco Trustee, Eric H. Richmond Debtor – Confirmation hearing to be held on 08/11/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 07/15/2015) |
| 07/16/2015 | | | Withdrawn Without Hearing (related document(s): <u>244</u> Motion to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 1) (tleonard) (Entered: 07/20/2015) |
| 07/17/2015 | | <u>263</u> | Affirmation in Opposition Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)<u>260</u> Motion to Vacate Order filed by Debtor Eric H. Richmond) (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit C # <u>4</u> Exhibit D) (Warmuth, Glenn) (Entered: 07/17/2015) |
| 07/17/2015 | | <u>264</u> | Affidavit/Certificate of Service Filed by Glenn P Warmuth on behalf of P.B. #7 LLC (RE: related document(s)<u>263</u> Affirmation in Opposition filed by Interested Party P.B. #7 LLC) (Warmuth, Glenn) (Entered: 07/17/2015) |
| 07/21/2015 | | <u>265</u> | |

| | | | |
|---|---|---|---|
| | | | [DOCKET IN ERROR. REFILED TO REFLECT CORRECT DATE PROOF OF CLAIM #5 WAS FILED AND AMENDED] DECISION. For the foregoing reasons, the Debtor's objection to the Proof of Claim is denied. Any other arguments raised by the Debtor, but not addressed in this Decision, were considered and determined to be without merit. A separate order will issue (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond). Signed on 7/21/2015 (cjm) Modified on 7/21/2015 (cjm). (Entered: 07/21/2015) |
| 07/21/2015 | | 266 | Order Denying Motion To Object/Reclassify/Reduce/Expunge Claims (Related Doc # 146) Signed on 7/21/2015. (cjm) (Entered: 07/21/2015) |
| 07/21/2015 | | 267 | Order Denying Motion To Reconsider (Related Doc # 251) Signed on 7/21/2015. (cjm) (Entered: 07/21/2015) |
| 07/21/2015 | | 268 | Order Denying Motion To Reconsider (Related Doc # 254) Signed on 7/21/2015. (cjm) (Entered: 07/21/2015) |
| 07/21/2015 | | 269 | DECISION. For the foregoing reasons, the Debtor's objection to the Proof of Claim is denied. Any other arguments raised by the Debtor, but not addressed in this Decision, were considered and determined to be without merit. A separate order will issue (related document(s)146 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond, 265 Opinion/Decision for External Web Page). Signed on 7/21/2015 (cjm) (Entered: 07/21/2015) |
| 07/22/2015 | | 270 | Court's Service List (related document(s)266 Order on Motion to Object/Reclassify/Reduce/Expunge Claims, 267 Order on Motion to Reconsider, 268 Order on Motion to Reconsider, 269 Opinion/Decision for External Web Page) (cjm) (Entered: 07/22/2015) |
| 07/24/2015 | | 271 | Affirmation in Further Support Filed by Eric H. Richmond (related document(s)260 Motion to Vacate Order filed by Debtor Eric H. Richmond) (Attachments: # 1 District Court Drop Box Stamped Envelope) (ddm) (Entered: 07/28/2015) |
| 08/04/2015 | | 272 | Motion to Reconsider *July 21, 2015 denial of Objection to Claim #5* Filed by Eric H. Richmond (RE: related document(s)266 Order on Motion to Object/Reclassify/Reduce/Expunge Claims, 269 Opinion/Decision for External Web Page). (Attachments: # 1 District Court Drop Box Stamped Envelope) (ddm) (Entered: 08/05/2015) |
| 08/04/2015 | | 273 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)246 Generic Order). Appellant Designation due by 8/18/2015. (Attachments: # 1 Civil Cover Sheet # 2 District Court Application # 3 District Court Time Stamp Envelope)(ddm) (Entered: 08/05/2015) |
| 08/04/2015 | | 274 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)245 Generic Order). Appellant Designation due by 8/18/2015. (Attachments: # 1 Civil Cover Sheet # 2 District Court Application # 3 District Court Time Stamped Envelope)(ddm) (Entered: 08/05/2015) |
| 08/04/2015 | | 275 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)267 Order on Motion to Reconsider). Appellant Designation due by 8/18/2015. (Attachments: # 1 Civil Cover Sheet # 2 District Court Application # 3 District Court Time Stamped |

| | | | |
|---|---|---|---|
| | | | Envelope)(ddm) (Entered: 08/05/2015) |
| 08/04/2015 | | 276 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)268 Order on Motion to Reconsider). Appellant Designation due by 8/18/2015. (Attachments: # 1 Civil Cover Sheet # 2 District Court Application # 3 District Court Time Stamped Envelope)(ddm) (Entered: 08/05/2015) |
| 08/05/2015 | | | Receipt of Notice of Appeal – $5.00. Receipt Number 311601. (DM) (admin) (Entered: 08/05/2015) |
| 08/05/2015 | | | Receipt of Notice of Appeal – $5.00. Receipt Number 311601. (DM) (admin) (Entered: 08/05/2015) |
| 08/05/2015 | | | Receipt of Notice of Appeal – $5.00. Receipt Number 311601. (DM) (admin) (Entered: 08/05/2015) |
| 08/05/2015 | | | Receipt of Notice of Appeal – $5.00. Receipt Number 311601. (DM) (admin) (Entered: 08/05/2015) |
| 08/06/2015 | | 277 | Appeal Deficiency Notice (related document(s)273 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 278 | Appeal Deficiency Notice (related document(s)274 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 279 | Appeal Deficiency Notice (related document(s)275 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 280 | Appeal Deficiency Notice (related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 281 | Notice to Parties of requirements, deadlines (related document(s)273 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 282 | Notice to Parties of requirements, deadlines (related document(s)274 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 283 | Notice to Parties of requirements, deadlines (related document(s)275 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 284 | Notice to Parties of requirements, deadlines (related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 285 | Transmittal of Notice of Appeal to District Court (related document(s)246 Order Denying Motion to Vacate, 273 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 286 | Transmittal of Notice of Appeal to District Court (related document(s)245 Order Denying Motion to Vacate, 274 Notice of Appeal filed by Debtor Eric H. Richmond, 278 Appeal Deficiency Notice) (Attachments: # 1 Documents Transmitted) (ddm) (Entered: 08/06/2015) |

| | | | |
|---|---|---|---|
| 08/06/2015 | | 287 | Transmittal of Notice of Appeal to District Court (related document(s)267 Order Denying Motion to Reconsider, 275 Notice of Appeal filed by Debtor Eric H. Richmond, 279 Appeal Deficiency Notice) (Attachments: # 1 Documents Transmitted) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 288 | Transmittal of Notice of Appeal to District Court (RE: related document(s)268 Order Denying Motion to Reconsider, 276 Notice of Appeal filed by Debtor Eric H. Richmond, 280 Appeal Deficiency Notice) (Attachments: # 1 Documents Transmitted) (ddm) (Entered: 08/06/2015) |
| 08/06/2015 | | 309 | Amended Notice of Motion/Presentment . Objections to be filed on 8/7/15 at 5:00 p.m.. Filed by Eric H. Richmond (RE: related document(s)261 Motion to Object/Reclassify/Reduce/Expunge Claims filed by Debtor Eric H. Richmond) Hearing scheduled for 8/13/2015 at 11:30 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (Attachments: # 1 District Court Time Stamped Envelope) (ddm) (Entered: 08/11/2015) |
| 08/07/2015 | | 289 | Order Denying Debtor's Motion to Vacate Order (related document(s)260 Motion to Vacate Order filed by Debtor Eric H. Richmond). Signed on 8/7/2015 (ddm) (Entered: 08/07/2015) |
| 08/07/2015 | | 290 | Order Denying Debtor's Motion to Reconsider Objection to Proof of Claim (Related Doc # 272). Signed on 8/7/2015 (ddm) (Entered: 08/07/2015) |
| 08/07/2015 | | 291 | Court's Service List (related document(s)290 Order) (ddm) (Entered: 08/07/2015) |
| 08/07/2015 | | 292 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 15–cv–04628–RRM. District Court Judge Roslynn R. Mauskopf assigned. (related document(s)273 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/07/2015) |
| 08/07/2015 | | 293 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/07/2015. (Admin.) (Entered: 08/08/2015) |
| 08/07/2015 | | 294 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/07/2015. (Admin.) (Entered: 08/08/2015) |
| 08/07/2015 | | 295 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/07/2015. (Admin.) (Entered: 08/08/2015) |
| 08/07/2015 | | 296 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/07/2015. (Admin.) (Entered: 08/08/2015) |
| 08/08/2015 | | 297 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 298 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 299 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 300 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |

| 08/08/2015 | | 301 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 302 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 303 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/08/2015 | | 304 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/08/2015. (Admin.) (Entered: 08/09/2015) |
| 08/09/2015 | | 305 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/09/2015. (Admin.) (Entered: 08/10/2015) |
| 08/09/2015 | | 306 | BNC Certificate of Mailing with Application/Notice/Order Notice Date 08/09/2015. (Admin.) (Entered: 08/10/2015) |
| 08/10/2015 | | 307 | Affirmation of Service Filed by Eric H. Richmond (related document(s)274 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/10/2015) |
| 08/10/2015 | | 308 | Affirmation of Service Filed by Eric H. Richmond (related document(s)275 Notice of Appeal filed by Debtor Eric H. Richmond) (ddm) (Entered: 08/10/2015) |
| 08/11/2015 | | | Hearing Held and Adjourned; (related document(s): 19 Motion to Dismiss Case for Debtor(s) Ineligibility to be Debtor(s) under Chapter 13, failure to submit documents, failure to submit pre–confirmation payments) Appearances: Michael J. Macco trustee, Eric H. Richmond debtor – Hearing scheduled for 11/10/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/14/2015) |
| 08/11/2015 | | | Hearing Held and Adjourned; (related document(s): 250 Motion to Dismiss Case for Failure to Offer a Feasible Plan) Appearances: Michael J. Macco trustee, Eric H. Richmond debtor – Hearing scheduled for 11/10/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/14/2015) |
| 08/11/2015 | | | Confirmation Hearing Held and Adjourned; (related document(s): 4 Request for Notice – Meeting of Creditors and Hearing on Confirmation Chapter 13) Appearances: Michael J. Macco trustee, Eric H. Richmond debtor – Confirmation hearing to be held on 11/10/2015 at 10:00 AM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: 08/14/2015) |
| 08/13/2015 | | 310 | Affirmation of Service Filed by Eric H. Richmond (related document(s)273 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/13/2015) |
| 08/13/2015 | | 311 | Affirmation of Service Filed by Eric H. Richmond (related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/13/2015) |
| 08/13/2015 | | | Hearing Held and Adjourned; (related document(s): 261 Motion to Object/Reclassify/Reduce/Expunge Claim Number(s): 1) Appearance : Eric H. Richmond Hearing scheduled for 10/15/2015 at 03:00 PM at Courtroom 3529 (Judge Craig), Brooklyn, NY. (tleonard) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/18/2015) |
| 08/13/2015 | | 316 | Motion to Vacate Decision and Amended Order Filed by Eric H. Richmond (related document(s)55 Opinion/Decision for External Web Page, 56 Order on Motion For Relief From Stay, 71 Amended Order). (Attachments: # 1 District Court Time Stamp Envelope) (mem) (Entered: 08/19/2015) |
| 08/14/2015 | | 312 | [RECEIVED VIA USPS; DUPLICATE OF ECF #311] Affirmation of Service Filed by Eric H. Richmond (related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/14/2015) |
| 08/18/2015 | | 313 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 15–cv–04824–PKC District Court Judge Pamela K. Chen assigned. (related document(s)274 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/18/2015) |
| 08/18/2015 | | 314 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 15–cv–04825–BMC District Court Judge Brian M. Cogan assigned. (related document(s)275 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/18/2015) |
| 08/18/2015 | | 315 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 15–cv–04826–DLI District Court Judge Dora L. Irizarry assigned. (related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/18/2015) |
| 08/18/2015 | | 317 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)273 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 9/1/2015. Transmission of Designation Due by 9/17/2015. (Attachments: # 1 District Court Time Stamp Envelope)(mem) (Entered: 08/19/2015) |
| 08/18/2015 | | 318 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)274 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 9/1/2015. Transmission of Designation Due by 9/17/2015. (mem) (Entered: 08/19/2015) |
| 08/18/2015 | | 319 | District Court Time Stamp Envelope Filed by Eric H. Richmond (RE: related document(s)318 Appellant Designation & Statement of Issues filed by Debtor Eric H. Richmond) (mem) (Entered: 08/19/2015) |
| 08/18/2015 | | 320 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)275 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 9/1/2015. Transmission of Designation Due by 9/17/2015. (Attachments: # 1 District Court Time Stamp Envelope)(mem) (Entered: 08/19/2015) |
| 08/18/2015 | | 321 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues Filed by Eric H. Richmond (RE: related document(s)276 Notice of Appeal filed by Debtor Eric H. Richmond). Appellee designation due by 9/1/2015. Transmission of Designation Due by 9/17/2015. (Attachments: # 1 District Court Time Stamp Envelope)(mem) (Entered: 08/19/2015) |

| | | 322 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)266 Order on Motion to Object/Reclassify/Reduce/Expunge Claims, 269 Opinion/Decision for External Web Page). Appellant Designation due by 9/4/2015. (Attachments: # 1 Civil Cover Sheet # 2 District Court Application # 3 District Court Time Stamped Envelope)(cjm) (Entered: 08/25/2015) |
|---|---|---|---|
| 08/21/2015 | | | |
| 08/21/2015 | | 323 | Notice of Appeal to District Court. . Fee Amount $298 Filed by Eric H. Richmond (RE: related document(s)290 Order on Motion to Reconsider). Appellant Designation due by 9/4/2015. (Attachments: # 1 District Court Application # 2 Certificate of Service # 3 District Court Time Stamped Envelope)(cjm) (Entered: 08/25/2015) |
| 08/21/2015 | | 324 | Certificate of Service Filed by Eric H. Richmond (related document(s)322 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/25/2015) |
| 08/21/2015 | | 326 | Motion to Reconsider Filed by Eric H. Richmond (RE: related document(s)289 Generic Order). (Attachments: # 1 District Court Time Stamped Envelope) (cjm) (Entered: 08/25/2015) |
| 08/25/2015 | | 325 | Appeal Deficiency Notice (related document(s)323 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/25/2015) |
| 08/25/2015 | | 327 | Notice to Parties of requirements, deadlines (related document(s)322 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/25/2015) |
| 08/25/2015 | | 328 | Notice to Parties of requirements, deadlines (related document(s)323 Notice of Appeal filed by Debtor Eric H. Richmond) (cjm) (Entered: 08/25/2015) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

      Eric H. Richmond                             Chapter 13

                Debtor.                    Case No.: 14-41678 (CEC)

--------------------------------------------------------x

## ORDER

      WHEREAS, on April 7, 2014, Eric H. Richmond (the "Debtor"), filed for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"); and

      WHEREAS, on August 12, 2014, Select Portfolio Servicing, Inc. filed proof of claim #5 on behalf of U.S. National Bank ("U.S. Bank"), as trustee of Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8, which was amended on August 25, 2014 (the "Proof of Claim"); and

      WHEREAS, on November 13, 2014, the Debtor filed a motion objecting to the Proof of Claim (the "Motion"); and

      WHEREAS, on January 16, 2015, U.S. Bank filed opposition to the Motion; and

      WHEREAS, on January 23, 2015, the Debtor filed an affirmation in support of the Motion; and

      WHEREAS, on March 17, 2015 the Court held a hearing on the Motion; and

      WHEREAS, on April 3, 2015, the Debtor filed an affirmation in support of the Motion; and

      WHEREAS, on April 16, 2015, U.S. Bank filed an affirmation in opposition to the Motion; and

      WHEREAS, on May 16, 2015, the Debtor filed an affirmation in support of the Motion;

      NOW, THEREFORE, for the reasons stated in the Court's decision dated July 21, 2015, it is

      ORDERED, that the Motion is denied.

**Dated: Brooklyn, New York**
**July 21, 2015**

                                    _Carla E. Craig_
                                    **Carla E. Craig**
                          **United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                                Chapter 13

     Eric H. Richmond                                      Case No. 14-41678 (CEC)

          Debtor.

DECISION

APPEARANCES:

Eric H. Richmond                          Jordan S Katz, Esq.
227 4th Avenue                  Kozeny, McCubbin & Katz, LLP
Brooklyn, New York 11215                  40 Marcus Drive, Suite 200
*Pro-se Debtor*                           Melville, New York 11747
                                          *Counsel for Select Portfolio Servicing, Inc. as*
                                          *servicing agent for U.S. Bank National Association*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

Case 1:14-44-16788-cec   Doc 32091   Filed 07/25/15   Entered 07/25/15 13:40:35:2
Case 1:15-cv-04980-AMD   Document 1-6   Filed 08/25/15   Page 38 of 90 PageID #: 70

1

This matter comes before the Court on the motion of the debtor, Eric H. Richmond (the "Debtor"), objecting to the proof of claim filed by Select Portfolio Servicing, Inc. ("SPS") as servicing agent for U.S. Bank National Association ("U.S. Bank").  Because U.S. Bank has standing under applicable law to enforce the note and mortgage executed by the Debtor, it has standing to file a proof of claim.  Accordingly, for the reasons set forth below, the Debtor's objection to U.S. Bank's proof of claim is denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(B), and (O), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012.  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

Procedural History

This chapter 13 case was filed on April 7, 2014.  On August 12, 2014, SPS filed a proof of claim on behalf of U.S. Bank, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (the "Trust").  (Proof of Claim 5-1, 14-41678-CEC.)  On August 25, 2014, SPS filed an amended proof of claim on behalf of U.S. Bank, as trustee of the Trust (the "Proof of Claim").  (Proof of Claim 5-2, 14-41678-CEC.)  The Proof of Claim, in the amount of $236,735.29, is based on a mortgage and note executed by the Debtor, secured by real property located at 66 Back Meadow Road, Nobleboro, Maine 04555 (the "Property").

Attached to the Proof of Claim are copies of the note and mortgage executed by the Debtor on August 11, 2005 in favor of New Century Mortgage Corporation ("New Century"); a change of payment statement; and an assignment dated April 18, 2012 by SPS as attorney-in-fact for New Century, assigning the mortgage from New Century to U.S. Bank, as trustee of the Trust.  (Proof of Claim 5-2, 14-41678-CEC.)  On November 13, 2014, the Debtor filed a motion objecting to the Proof of Claim (the "Motion"), based upon, among other things, lack of evidence of SPS's authority to execute a mortgage assignment on behalf of New Century.  (Mot. to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5, 14-41678-CEC, ECF No. 146).[1]  On January 16, 2015, U.S. Bank filed opposition to the Motion (the "Opposition"), attaching a copy of a limited power of attorney dated June 20, 2007 executed by New Century appointing SPS as attorney-in-fact authorized to, among other things, "execute, acknowledge, seal and deliver . . . assignments of deed of trust/mortgage and other recorded documents." (the "Power of Attorney").  (First Affirmation in Opp'n, ECF No. 182 at 46.)  On January 23, 2015, the Debtor filed a further affirmation in support of his Motion (the "Affirmation in Support"). (Affirmation in Further Supp., ECF No. 191.)

On March 17, 2015, a hearing was held on the Motion, at which U.S. Bank produced the original note, a copy of which was provided to the Debtor and received in evidence; each party was given an opportunity to submit additional briefing; and the record was closed. (Scheduling Order, ECF No. 217.)  On April 3, 2015, the Debtor filed an affirmation in further support (the "Second Affirmation in Support").  (Affirmation in Further Supp., ECF No. 220.)  On April 16, 2015, U.S. Bank filed an affirmation in opposition (the "Second Affirmation in Opposition").

---

[1] Unless otherwise indicated, citations to "ECF No." are to papers filed on the docket of Case Number 14-41678-CEC.

(Affirmation in Opp'n, ECF No. 224.)  On May 16, 2015, the Debtor filed an Affirmation in Further Support.  (Affirmation in Further Supp., ECF No. 234.)

The New Century Bankruptcy Case

On April 2, 2007, New Century and certain of its affiliates filed chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").  (In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.)) (the "New Century Bankruptcy").[2]  Prior to filing bankruptcy, New Century was engaged in the business of originating and purchasing mortgage loans, and selling mortgage loans through loan sales and securitizations.  (First New Century Disclosure Statement, Del. ECF No. 5395-11, at 20.[3])  During the course of its chapter 11 case, New Century conducted, with court approval, various sales of its loans and servicing rights. Id., at 31-36.[4]

On July 15, 2008, the Delaware Bankruptcy Court confirmed New Century's chapter 11 plan (the "Original Plan"), which provided for the transfer of all of New Century's remaining assets to a liquidating trust (the "Liquidating Trust"), to be administered by a liquidating trustee (the "Liquidating Trustee"), to sell all New Century's assets, wind down its business, and pay claims (the "First New Century Confirmation Order").  (Original Plan, Del. ECF No. 8596-2,3;

---

[2] On April 2, 2007, the Delaware Bankruptcy Court entered an order directing the joint administration of New Century's bankruptcy case with the bankruptcy case of New Century TRS Holdings, Inc.'s.  (Order (Revised) Directing Joint Administration of Related Chapter 11 Cases, 07-54598-BLS, ECF No. 4).  This Decision will refer to New Century Mortgage Corporation, New Century TRS Holdings, Inc., and their affiliates as "New Century".  Citations to Del. ECF are to docket numbers of papers filed in In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.).

[3] The docket entry for the First New Century Disclosure Statement appears on the Delaware ECF as "Certification of Counsel Re: (I) Disclosure Statement for First Am. Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008 . . .," but will be cited as "First New Century Disclosure Statement."

[4] It is well established that federal courts have authority to take judicial notice of proceedings in other courts, where those proceedings are relevant to the matter at issue.  In re Allegheny, 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988) (collecting cases). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions."  Johnson v. Levy, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (quoting Schenk v. Citibank/Citigroup/Citicorp, No. 10–CV–5056, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010)).

First New Century Confirmation Order, Del. ECF No. 8596-1[5]; First New Century Disclosure

Statement, Del. ECF No. 5395-11, at 9-10.)

By order dated June 16, 2009, the Delaware District Court reversed the First New

Century Confirmation Order, based on a finding that the plan effectuated an improper

substantive consolidation of the debtors and unfairly discriminated in favor of certain creditors.

(Mem. Op. Signed by Judge Sue L. Robinson on 6/16/09, Del. ECF No. 9686; In re New

Century TRS Holdings, Inc., 407 B.R. 576 (D. Del. 2009).)  An amended plan was filed to

address these problems, and on November 20, 2009, the Delaware Bankruptcy Court entered an

order confirming New Century's second amended chapter 11 plan (respectively, the "Modified

Plan" and the "Second New Century Confirmation Order"). (Modified Plan, Del. ECF No. 9957-

2,3,4,5; Second New Century Confirmation Order, Del. ECF No. 9957-1. [6])  The Modified Plan,

like the Original Plan, provided for the liquidation of all of New Century's remaining assets

through the Liquidating Trust and for the transfer of New Century's assets to the trust as of the

effective date of the Original Plan.  (Second New Century Confirmation Order, Del. ECF No.

9957-1, at 23-25.)

## DISCUSSION

The Debtor does not dispute that he executed the Note and Mortgage; nor does he

challenge the amount owed pursuant to the Note and secured by the Mortgage, as set forth in the

Proof of Claim.  The Debtor's objection is based upon the contention that U.S. Bank lacks

standing to file a proof of claim because it has not shown that it holds the Note and Mortgage.

---

[5] The docket entry for the Original Plan and the First New Century Confirmation Order appears on the Delaware
ECF as "Order Confirming the Second Am. Joint Chapter 11 Plan of Liquidation of the Debtors and the Official
Committee of Unsecured Creditors Dated as of April 23, 2008," but will be cited as "Original Plan" and "First New
Century Confirmation Order."
[6] The docket entry for the Modified Plan and the Second New Century Confirmation Order appears on the Delaware
ECF as "Order Confirming the Modified Second Am. Joint Chapter 11 Plan of Liquidation Dated as of September
30, 2009," but will be cited as "Modified Plan" and Second New Century Confirmation Order."

A properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(f), and is "deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). "An objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under 11 U.S.C. § 502." In re Lehman Bros. Holdings Inc., 519 B.R. 47, 53 (Bankr. S.D.N.Y. 2014) (quoting In re Arcapita Bank B.S.C.(c), 508 B.R. 814, 817 (S.D.N.Y.2014)).

A creditor's rights in bankruptcy arise "'from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code.'" Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) (quoting Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000)). The rights of a mortgagee are determined by the state law governing the relevant mortgage instruments. See Nobelman v. American Sav. Bank, 508 U.S. 324, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993). "Unless some federal interest requires a different result, there is no reason why interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).

Here, U.S. Bank's claim is based upon its rights under the Note and Mortgage pursuant to applicable state law. U.S. Bank has standing to file a proof of claim in this case if, in the event of a default by the Debtor under the Note and Mortgage, U.S. Bank would have standing, under state law, to commence a foreclosure proceeding.

The first question arising in this inquiry is choice-of-law. The Property is located in Maine, and the Mortgage contains a choice-of-law provision which states that "[t]his [Mortgage] is governed by federal law and the law that applies in the place where the Property is located."

(Proof of Claim 5-2, 14-41678-CEC at 22.)  Where state law provides the rule of decision, a federal court will apply the law of the forum state.  In re Koreag, Controle et Revision S.A., 961 F.2d 341, 350 (2d Cir. 1992).  Under New York law, a choice-of-law provision, such as is contained in the Mortgage, will be given effect. "New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000).  However, the parties in this matter did not address Maine law, but based their arguments, in briefing and at the hearing held on the Motion, solely upon New York law.  At least one federal court has held that where the parties do not raise the issue of choice-of-law, and cite exclusively to New York law, they have impliedly consented to the application of the New York law to the dispute.  Leser v. U.S. Bank Nat. Ass'n, No. 09-CV-2362 KAM MDG, 2013 WL 1952306, at *4 (E.D.N.Y. May 10, 2013).  This choice-of-law issue need not be resolved, however, because under either Maine or New York law, U.S. Bank has standing to file the Proof of Claim.

Under New York law, "[i]n a mortgage foreclosure action, a plaintiff has standing where it is the holder of both the mortgage and the underlying note when the action is commenced." Deutsche Bank Trust Co. Americas v. Vitellas, No. 14695/12, 2015 WL 3972098, at *4 (2d Dep't, July 1, 2015).  When a note is assigned, "'the mortgage passes with the debt as an inseparable incident.'" Id. (quoting U.S. Bank, N.A. v. Adrian Collymore, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).  Therefore, a plaintiff, when not the original lender, may establish standing to foreclose under New York law "by showing either a written assignment of the underlying note or the physical delivery of the note prior to the

commencement of the foreclosure action." <u>Vitellas</u>, 2015 WL 3972098, at *4 (internal quotation marks omitted).[7]

Under Maine law, a party seeking to foreclose must also establish ownership of the note and mortgage; however where the plaintiff is not the original lender, the plaintiff must demonstrate not just ownership of the note, but also assignment of the mortgage. In Maine, foreclosure is governed by statute. <u>See</u> 14 M.R.S., § 6101-6326; <u>Bank of Am., N.A. v. Greenleaf</u>, 2014 ME 89, ¶ 8, 96 A.3d 700, 704. Foreclosure of the mortgaged property may be sought by "the mortgagee or any person claiming under the mortgagee." 14 M.R.S. § 6321; <u>Greenleaf</u>, 2014 ME 89, ¶ 9, 96 A.3d 700, 704-05. "Because foreclosure regards two documents—a promissory note and a mortgage securing that note—standing to foreclose involves the plaintiff's interest in both the note and the mortgage." <u>Greenleaf</u>, 2014 ME 89, ¶ 9, 96 A.3d 700, 705. The Supreme Judicial Court of Maine has held that a party seeking a judgment of foreclosure, pursuant to 14 M.R.S. § 6321, must show "properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage."[8] <u>Greenleaf</u>, 2014 ME 89, ¶ 18, 96 A.3d at 708 (citing <u>Chase Home Fin. LLC v. Higgins</u>, 2009 ME 136, ¶ 11, 985 A.2d 508).

---

[7] In the Affirmation in Support, the Debtor provides a list of cases which he cites for the proposition that, under New York law, in order to establish standing to commence a foreclosure proceeding, a party must show that it holds both the note and the mortgage. In all but one of these decisions, which are dated in 2007 and 2008, Justice Kurtz of Kings County Supreme Court denied the plaintiff in a foreclosure action a default judgment when the plaintiff submitted a mortgage assignment executed after the commencement of the foreclosure action purporting to retroactively effectuate assignment of the mortgage prior to the commencement of the case. In the other decision, also by Justice Kurtz, the plaintiff did not attempt to retroactively assign the mortgage, and the court found that the plaintiff lacked standing because the mortgage was assigned to the plaintiff after the commencement of the foreclosure action. None of these decisions are published, and all are overruled by the later Appellate Division, Second Department cases discussed above. <u>Deutsche Bank Trust Co. Americas v. Vitellas</u>, No. 14695/12, 2015 WL 3972098, at *4 (2d Dept, July 1, 2015); <u>U.S. Bank, N.A. v. Adrian Collymore</u>, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009). In any event, U.S. Bank holds both the Note and the Mortgage, which was assigned to U.S. Bank before the Proof of Claim was filed.

[8] In <u>Greenleaf</u>, the Supreme Judicial Court of Maine outlined eight elements which must be proven to support a judgment of foreclosure. Six of those elements (concerning evidence of a breach of a condition in the mortgage,

The Note

U.S. Bank has demonstrated that it is the holder of the Note and therefore entitled to enforce the Note against the Debtor.  This is so whether U.S. Bank's status is analyzed under Maine or New York law.

Under the Maine Uniform Commercial Code (the "Maine U.C.C."), a mortgage note is a negotiable instrument.  11 M.R.S. § 3–1104(1) ("'[N]egotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (a) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder."); Greenleaf, 2014 ME 89, ¶ 10, 96 A.3d 700, 705.  A "holder" of the instrument is a "person entitled to enforce" the instrument.  11 M.R.S. § 3–1301(1).  The Maine U.C.C. defines a "[h]older" to include "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 11 M.R.S. § 1–1201(21)(a).  A "[b]earer" is "a person in control of a negotiable instrument . . . that is payable to bearer or indorsed in blank." 11 M.R.S. § 1–1201(5).[9]

Here, the Note provides that the Debtor promises to pay "to the order of Lender.  Lender is New Century Mortgage Corporation."  (Proof of Claim 5-2, 14-41678-CEC at 5; Claimant's Ex. 2.)  The Note is indorsed in blank, making it a negotiable instrument payable to the bearer.  See 11 M.R.S. § 1–1201(5).  U.S. Bank is the holder of the Note, as it is in possession of the Note indorsed in blank.  See id.; 11 M.R.S. § 1–1201(21)(a).  As the holder, U.S. Bank is entitled to enforce the Note.  11 M.R.S. § 3–1301(1).

---

notice, and proof of completed mediation under Maine's foreclosure mediation program) do not relate to standing to foreclose, and therefore need not be satisfied to establish standing to file a proof of claim.
[9] The terms "endorse" and "indorse" are used interchangeably in this Decision, as case law and statutes cited in this Decision use both terms.

9

The Debtor contends that the indorsement is not valid because it appears as a stamp, not a handwritten signature, and because the indorsement appears on the back of the last page of the Note instead of at the end of the last page of the Note. (Affirmation in Further Support, ECF No. 220, ¶¶ 28-30.) A valid indorsement, under Maine law, "means a signature . . . that alone or accompanied by other words is made on an instrument for the purpose of: (a) Negotiating the instrument." 11 M.R.S. § 3–1204. No provision in the Maine U.C.C. requires that an indorsement appear on a specific place on the instrument. The form of signature, whether by hand or stamped, is also irrelevant. See Gen. Motors Acceptance Corp. v. Anacone, 160 Me. 53, 63, 197 A.2d 506, 512 (1964) ("It has long been held under the negotiable instruments law that affixing a signature to such an instrument by a rubber stamp is sufficient to fulfill the requirement of a written endorsement, if the stamp is affixed with the intent of using it as an endorsement, and with authority.")

The Debtor also challenges the authority of the indorser to sign on behalf of New Century, because, based on his research on LinkedIn, he believes that the indorser now works as a dental assistant. (Affirmation in Further Supp., ECF No. 220, ¶ 30.) The result of the Debtor's online search does not constitute admissible evidence; moreover, the current profession of the indorser is irrelevant as long as the indorser was authorized, at the time of the indorsement, to indorse the Note. The indorser's signature is presumed to be authentic and authorized. 11 M.R.S. § 3-1308(1); N.Y. U.C.C. Law § 3-307. As the Official Comments note, "until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." Official Comment 1 to 11 M.R.S. § 3-1308. See In re Bass, 366 N.C. 464, 470-71, 738 S.E.2d 173, 177-78 (2013) (finding defendant's unsupported assertion that an indorsement was forged or unauthorized insufficient to

Case 1:14-44-16788-cec Doc 32091 Filed 07/22/15 Entered 07/22/15 11:20:05:2
Case 1:15-cv-04980-AMD   Document 1-6   Filed 08/25/15   Page 47 of 90 PageID #: 79

10

rebut presumption of authenticity).  As there is no evidence in the record that the indorser lacked authority to indorse the Note on behalf of New Century, the Debtor's challenge to the validity of the indorsement is rejected.

Analysis under New York law yields the same result.  Under the New York Uniform Commercial Code, a writing is a negotiable instrument if it is signed by the maker, contains an unconditional promise to pay a sum certain in money with no other promise, is payable on demand or at a definite time, and is payable to order or to bearer.  N.Y. U.C.C. Law § 3-104. The Note is a negotiable instrument under New York law: it is payable to the order of New Century; signed by the Debtor; contains an unconditional promise to pay $198,000, plus interest, to New Century; and contains no other promises.  (Proof of Claim 5-2, 14-41678-CEC at 5; Claimant's Ex. 2.)

To transfer a negotiable instrument payable to order, the instrument must be delivered with any necessary indorsement.  N.Y. U.C.C. Law § 3-202(1).  Like Maine law, New York law allows indorsements in blank.  N.Y. U.C.C. Law § 3-204.  "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed."  Id. at (2).  "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof."  N.Y. U.C.C. Law § 3-202(2).  Here, the Note is indorsed in blank on the back of the last page of the Note.  Under New York law, this satisfies the requirements for an indorsement in blank. Delivery of a negotiable instrument, under New York law, is defined as a "voluntary transfer of possession."  N.Y. U.C.C. Law § 1-201(15).  "Generally, possession of an endorsed negotiable instrument imports delivery."  Citicorp Int'l Trading Co. v. W. Oil & Ref. Co., 790 F. Supp. 428,

435 (S.D.N.Y. 1992) (citing In re Jennings, 286 A.D. 256, 259, 143 N.Y.S.2d 383, 386 (2d Dep't 1955), aff'd, 1 N.Y.2d 762, 152 N.Y.S.2d 305, 135 N.E.2d 56 (1956)).

Under New York law, therefore, U.S. Bank is the holder of the Note.  See  N.Y. U.C.C. Law § 1-201(21) (defining "holder" to include "the person in possession of a negotiable instrument that is payable . . . to bearer.")  As the holder, U.S. bank may "enforce payment in [its] own name."  N.Y. U.C.C. Law § 3-301.   Because U.S. Bank can enforce the Note under New York law, it has established standing under New York law to file the Proof of Claim.

The Debtor also argues that the validity of the original Note has not been established. (Affirmation in Further Supp., ECF No. 220, ¶¶ 8-19.)  The Debtor argues that he was afforded insufficient time to conduct a "forensic review."  Id., ¶ 11.  It is unclear what such a "forensic review" would entail nor are there any facts in the record which would suggest that such a review is appropriate.  As noted above, the Debtor does not deny that he signed the Note.  Nor has the Debtor introduced evidence that the indorsement signature was unauthorized, as required to overcome the presumption, under both Maine and New York law, that such signature is valid.  See 11 M.R.S. § 3-1308(1); N.Y. U.C.C. Law § 3-307. At the March 17, 2015 hearing, U.S. Bank provided the Court with the original Note, which was admitted into evidence. (Hr'g Tr. 19:17-22:21, March 17, 2015, ECF No. 227.)  The original Note was identical to the copy attached to the Proof of Claim, except that, on the copy, the loan number was redacted, as required by Bankruptcy Rule 9037, and the return address was cut off.  (Proof of Claim 5-2, 14-41678-CEC at 9; Claimant's Ex. 2.)  In short, the record establishes that U.S. Bank is the holder of the Note.

U.S. Bank has demonstrated standing under New York and Maine law to enforce the Note.  Because the Mortgage follows the Note under New York law, U.S. Bank has

demonstrated standing to enforce both instruments, thereby establishing its standing to file the

Proof of Claim.  However, under Maine law, to enforce the Mortgage, U.S. bank, because it is

not the original mortgagee, must show that it is assignee of the Mortgage.

The Mortgage

 Under Maine law, a party seeking foreclosure by civil action must be "the mortgagee or

any person claiming under the mortgagee," and must "produce evidence of . . . all assignments . .

. of the . . . mortgage."  14 M.R.S. § 6321.  "Unlike a note, a mortgage, is not a negotiable

instrument," and, therefore, possession alone, without proof of all assignments, is insufficient to

establish standing under Maine law.  Greenleaf, 2014 ME 89, ¶ 12, 96 A.3d at 706.  U.S. Bank

has produced the Mortgage, executed by the Debtor and New Century, as well as an assignment

of the Mortgage on behalf of New Century to U.S. Bank, as trustee of the Trust.

 The Debtor argues that the assignment of the Mortgage from New Century, by SPS, as

attorney-in-fact, after New Century's dissolution pursuant to its chapter 11 plan, was

unauthorized, therefore void.  (Mot. to Object/Reclassify/Reduce/Expunge Claims: Claim

Number(s): 5, ECF No. 146, ¶¶ 10-13; Affirmation in Further Supp., ECF No. 191, ¶¶ 1, 5-23;

Affirmation in Further Supp., ECF No. 220, ¶¶ 1-7.)  According to the Debtor, because the

assignment is void, U.S. Bank does not own the Mortgage, and therefore lacks standing to

foreclose or to file a proof of claim.

 The Mortgage was executed by the Debtor, in favor of New Century, on August 11,

2005.  (Proof of Claim 5-2, 14-41678-CEC at 27.)  On April 2, 2007, New Century commenced

a chapter 11 case in the District of Delaware.  (07-10416-BLS (Bankr. D. Del.)).  On June 20,

2007, New Century executed the Power of Attorney in favor of SPS.  (First Affirmation in

Opp'n, ECF No. 182 Ex. 2 at 46, ¶ 4).  Among the powers granted to SPS in the Power of

Attorney was the power "[t]o execute . . . and deliver . . . assignments of deed of trust/mortgage and other recorded documents . . . ."  (First Affirmation in Opp'n, ECF No. 182 Ex. 2 at 46.)  On July 15, 2008, the Delaware Bankruptcy Court entered the First New Century Confirmation Order.  (First New Century Confirmation Order, Del. ECF No. 8596-1.)  That order contained the following language:

> The Debtors, if on or prior to the Effective Date, and the Liquidating Trust . . ., if after the Effective Date, shall execute such documents, and take such other actions, as are necessary to effectuate the transaction provided for in this Plain. Additionally, with respect to mortgage loans purchased from one or more of the Debtors prior to or subsequent to the Petition Date, the applicable Debtor, if on or prior to the Effective Date, or the Liquidating Trust, if after the Effective Date, shall execute upon written request,  . . . any powers of attorney as shall be prepared by the requesting party and reasonably satisfactory to the Debtor or Liquidating Trustee, as applicable, necessary to fully effectuate the transfer of such loan or otherwise to effect the appropriate transfer of record title or interest in such loan, including, without limitation, any powers of attorney as may be necessary to allow the purchaser of such mortgage loan from such Debtor . . . to complete, execute and deliver, in the name of and on behalf of the applicable Debtor or the Liquidating Trustee, any required assignments of mortgage or instruments of satisfaction, discharge or cancellation of mortgages, mortgage notes or other instruments related to such loan. . . .  *Powers of attorney executed by the Debtors prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors.*

(emphasis added) Id., ¶ 72.  This provision of the First New Century Confirmation Order made all powers of attorneys executed by New Century binding on the New Century Liquidating Trust and the Liquidating Trustee.

The First New Century Confirmation Order was appealed, though no stay pending appeal was granted.  (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 7.[10])   More than a year after the confirmation of the Original Plan, the District Court reversed the First New

---

[10] The docket entry for the Second New Century Disclosure Statement appears on the Delaware ECF as "Order (A) Approving Disclosure Statement Regarding Modified Second Am. Joint Chapter 11 Plan of Liquidation  . . .," but will be cited as "Second New Century Disclosure Statement."

Century Confirmation Order, finding problems with the distribution scheme and with the

treatment of certain classes of creditors under the Original Plan.  (Mem. Op. Signed by Judge

Sue L. Robinson on 6/16/09, Del. ECF No. 9686; <u>In re New Century TRS Holdings, Inc.</u>, 407

B.R. 576 (D. Del. 2009).)  The District Court then stayed its reversal of the First New Century

Confirmation Order pending appeal to the Third Circuit, and shortly thereafter, the Bankruptcy

Court entered an order preserving the status quo (the "Status Quo Order"), pursuant to which the

Third Circuit appeal was withdrawn.  (Second New Century Disclosure Statement, Del. ECF No.

9928-1, at 8; Status Quo Order, Del. ECF No. 9750.[11])  Under the Status Quo Order, the

Liquidating Trustee remained in place pending the negotiation and confirmation of a modified

plan to address the problems identified by the District Court.  (Status Quo Order, Del. ECF No.

9750, at 2-3.)

On November 20, 2009, the Modified Plan was confirmed.  (Second New Century

Confirmation Order, Del. ECF No. 9957-1.)  The Second New Century Confirmation Order also

contained language providing that powers of attorney executed by New Century would continue

to be effective and would bind the Liquidating Trustee:

> The Debtors, if on or prior to the Original Effective Date, and the Liquidating
> Trust . . ., if after the Original Effective Date, shall execute such documents,
> and take such other actions, as are necessary to effectuate the transaction provided for
> in this Modified Plan.  Additionally, with respect to mortgage loans purchased
> from one or more of the Debtors prior to or subsequent to the Petition Date, the
> Liquidating Trust shall execute, upon written request . . . any powers of attorney
> as shall be prepared by the requesting party and reasonably satisfactory to the
> Liquidating Trustee . . . necessary to fully effectuate the transfer of such loan or
> otherwise to effect the appropriate transfer of record title or interest in such loan,
> including, without limitation, any powers of attorney as may be necessary to
> allow the purchaser of such mortgage loan from such Debtor . . . to complete,
> execute and deliver, in the name of and on behalf of the applicable Debtor or the
> Liquidating Trust, any required assignments of mortgage . . . related to such

---

[11] The docket entry for the Status Quo Order appears on the Delaware ECF as "Order Granting Motion of the
Trustee Preserving the Status Quo . . .," but will be cited as "Order Granting Motion of the Trustee Preserving the
Status Quo . . .

mortgage loan. . . . *Powers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors*."

(emphasis added) (Second New Century Confirmation Order, Del. ECF No. 9957-1, ¶ 69.)

The Second New Century Confirmation Order provides that "[p]owers of attorney executed by the Debtors *pursuant to the Original Plan* prior to their dissolution shall be binding on the Liquidating Trustee . . . ." (emphasis added)  Id.  The words "pursuant to the Original Plan" are not contained in the First New Century Confirmation Order, and it is unclear what, if anything, was intended by their inclusion in the Second New Century Confirmation Order.  A reading of the disclosure statement filed in connection with the Modified Plan, as well as the terms of the Modified Plan, and the Second New Century Confirmation Order, makes it clear that the intent was to continue in effect the provisions of the Original Plan and the First New Century Confirmation Order to the extent not in conflict with the Modified Plan. (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 8 (noting that, "the Liquidating Trustee proposes the Modified Plan to address the concerns raised by the District Court [in reversing the First New Century Confirmation Order] while also preserving the integrity of the Original Plan and the complex and interrelated compromises that were negotiated by all of the major creditor constituencies that formed the basis of the Original Plan."); Modified Plan, Del. ECF No. 9957-2,3,4,5; Second New Century Confirmation Order, Del. ECF No. 9957-1.)

Furthermore, under the Original Plan, the dissolution of New Century was effectuated immediately.  (Original Plan, Del. ECF No. 8596-2, at 49-50.)  Although the First Confirmation Order was later reversed, the dissolution of New Century was unaffected by the reversal, as the order reversing the First New Century Confirmation Order was stayed and the Delaware Bankruptcy Court, after remand, entered the Status Quo Order which maintained the Liquidating

Trustee in control of the New Century's assets pending negotiation and confirmation of the Modified Plan.  (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 8.)  Therefore, it appears that New Century could not have executed any power of attorney "pursuant to the Original plan prior to their dissolution," if "pursuant to the Original Plan" is understood to mean "after the effective date of the Original Plan."

It is clear that the intent of the Second New Century Confirmation Order was not to eliminate the provision stating that powers of attorney previously executed by New Century would be binding on the Liquidating Trustee; if that result had been intended, the language would simply have been stricken.  It is clear, rather, that the intent was to carry forward that provision of the Original Confirmation Order, so that holders of New Century powers of attorney could continue to function as they did prior to the confirmation of the Original Plan, and that the Second New Century Confirmation Order must be understood to so provide.

On April 18, 2012, SPS, as attorney-in-fact for New Century, assigned the Mortgage to U.S. Bank, as trustee of the Trust.   (Proof of Claim 5-2, 14-41678-CEC at 34.)  Under the Terms of the New Century confirmation orders, the Power of Attorney was binding on the New Century Liquidating Trust and the Trustee at the time SPS executed the assignment of the Mortgage to U.S. Bank. [12]  The Debtor's argument that the assignment of the Mortgage was unauthorized is therefore rejected.

---

[12] The Debtor is not the first to challenge an assignment of loan documents which occurred post-confirmation in the New Century bankruptcy.  Courts have dismissed such arguments on different grounds.  See Lizza v. Deutsche Bank Nat. Trust Co., 1 F. Supp. 3d 1106, 1116-17 (D. Haw. 2014) (holding that the plaintiffs lacked standing to challenge the assignments and that a post-petition assignment without authorization by the liquidating trustee is voidable by the trustee under § 549 of the Bankruptcy Code, but not void as a matter of law); In re Baber, 523 B.R. 156, 160-62 (Bankr. E.D. Ark. 2014) (holding that that the debtors lacked standing to attack the power of attorney or the assignment because the debtors they were not a party to the assignment and because they failed to allege an injury resulting from the assignment.); In re Wright, No. 10-03893, 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012) (holding that the date of the assignment of the mortgage was irrelevant, even if it was after the effective date of the Liquidating Trust, because the note had been transferred prior to the New Century bankruptcy and because, under common law, the mortgage automatically transferred with the underlying note).  One court found this argument

The Pooling and Service Agreement

The Debtor contends that Wells Fargo, as master servicer, and U.S. Bank, as trustee, failed to comply with the terms of the Trust's pooling and servicing agreement because the Mortgage was not timely assigned under the terms of that agreement.  (Affirmation in Further Supp., ECF No. 220, ¶¶ 17, 36-60; Affirmation in Further Supp., ECF No. 191, ¶¶ 40-43; Mot. to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5, ECF No. 146, ¶¶ 8, 13.)  However, the date of acquisition of the Note and Mortgage by the Trust is irrelevant to the validity of the Proof of Claim, as long as both were held by the Trust prior to the filing of the Proof of Claim.

It is well established that a non-party to a pooling and servicing agreement lacks standing to assert non-compliance with the terms of that agreement as a defense to enforcement of a note and mortgage by a trust.  Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 86-87 (2d Cir. 2014); In re Daly, No. 11-22368 (RDD), 2015 WL 196509, at *7 (Bankr. S.D.N.Y. Jan. 14, 2015).  "Under New York law, only the intended beneficiary of a private trust may enforce the terms of the trust."  Rajamin, 757 F.3d at 88 (collecting cases).  See also Ocampo v. JP Morgan Chase Bank, N.A., No. CV 14-0008, 2015 WL 1345282, at *7 (E.D.N.Y. Mar. 24, 2015) ("In light of the Second Circuit decision in Rajamin and the overwhelming body of case law in accord with that ruling, the Court finds that Plaintiffs lack standing to assert a securities fraud claim as a non-party to the assignment agreements at issue."); Karamath v. U.S. Bank, N.A., 2012 WL 4327613, at *7 (E.D.N.Y.2012) (holding that mortgagor "is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment"), rep. and

---

sufficiently plausible to deny a mortgagee's motion to dismiss the mortgagors' action seeking to enjoin the mortgagee from foreclosing; however, that court did not note the provisions of the confirmation orders discussed above.  Ross v. Deutsche Bank Nat. Trust Co., 933 F. Supp. 2d 225 (D. Mass. 2013).

recommendation adopted by, 2012 WL 4327502 (E.D.N.Y.2012); Barnett v. Countrywide Bank,

FSB, 60 F.Supp.3d 379, 387-88 (E.D.N.Y. 2014) (stating that the plaintiff mortgagor lacks

standing to challenge the securitization process of the mortgage); Obal v. Deutsche Bank Nat.

Trust Co., 2015 WL 631404, at *3–4 (S.D.N.Y. 2015) (following the reasoning of Rajamin and

granting the motion to dismiss mortgagor's complaint challenging the validity of the assignment

of his mortgage for lack of standing); Berezovskaya v. Deutsche Bank Nat. Trust Co., 2014 WL

4471560 (E.D.N.Y. 2014), rep. and recommendation adopted, Berezovskaya v. Deutsche Bank

Nat. Trust Co., 2014 WL 4470786 (E.D.N.Y. 2014) (holding that the plaintiff had no standing to

assert claims based on the fraudulent and improper transfer of mortgage documents as a non-

party to the assignment agreement).

       The Debtor contends that he is not challenging the Trust's compliance with the PSA

because he seeks to enforce the PSA, but rather to demonstrate that the transfer to the Trust was

void and that therefore the Trust does not hold the Note and Mortgage.  (Affirmation in Further

Supp., ECF No. 220, ¶ 53.)  Even if the Trust acquired the Mortgage in violation of the PSA, this

fact would not render the transfer of ownership of the Note and Mortgage to the Trust a nullity,

as the Debtor asserts.  The Second Circuit was confronted in Rajamin with the argument that

failure to comply with a pooling and service agreement rendered a trust's acquisition of loans

and mortgages void, and rejected it, explaining that, "we conclude that as unauthorized acts of a

trustee may be ratified by the trust's beneficiaries, such acts are not void but voidable; and that

under New York law such acts are voidable only at the instance of a trust beneficiary or a person

acting in his behalf."   Rajamin, 757 F.3d at 90.  Because the Rajamin plaintiffs, like the Debtor,

were not beneficiaries of the trust at issue, the court concluded that "[t]he law of trusts provides

no basis for plaintiffs' claims."  Id.

For these reasons, the Debtor's objection to U.S. Bank's standing to file the Proof of Claim based upon alleged noncompliance with the PSA in connection with the transfer of the Note or Mortgage to the Trust is rejected.

<u>The Debtor's Claim That the Trust May Not Hold a Note Indorsed in Blank</u>

The Debtor argues that under New York law a trust may not hold a note indorsed in blank. According to the Debtor, it follows that the Note is not lawfully an asset of the Trust, and therefore cannot be enforced by the Trust.[13] (Affirmation in Further Support, ECF No. 191, ¶¶ 3, at 31-34.)

The premise of this argument, that New York Law prohibits a trust from holding a note indorsed in blank, is incorrect. The Debtor looks to EPTL § 7-2.1(c) as the basis this claim:

> A trust as described in sections 9-1.5, 9-1.6 and 9-1.7 of the estates, powers and trusts law, including a business trust as defined in subdivision two of section two of the general associations law, may acquire property in the name of the trust as such name is designated in the instrument creating said trust. Any property, so acquired can be conveyed, encumbered or otherwise disposed of only in such name by a conveyance, encumbrance or other instrument executed by:
> (1) the person or persons authorized by the instrument creating said trust; or
> (2) the person or persons authorized by a resolution duly adopted by the trustees; or
> (3) a majority of the trustees unless the instrument creating said trust otherwise provides.

N.Y. EPTL § 7-2.1. According to the Debtor, the statutory language stating that a trust "may acquire property in the name of the trust as such name is designated in the instrument creating the said trust" precludes a trust created under New York law from owning a note indorsed to bearer or in blank.

The Debtor's reliance on this provision is mistaken. The quoted language provides that a trust "may" (not shall) acquire property in the name of the trust, and that if it does so, only

---

[13] The New York Estates, Powers, and Trusts Law ("EPTL") applies to the Trust, which was created under New York law. <u>See</u> Asset Backed Securities Corp., Pooling And Servicing Agreement (Form 8-K), (Dec. 22, 2005) at § 11.04.

authorized parties may convey, encumber, or dispose of such property.  The statute does not limit

the type of property a trust may hold under New York law.  As explained by another court

confronted with a similar argument, "[Section 7-2.1] provides that a trust may acquire property

in the name of the trust and, if property is in fact acquired in the name of the trust, can only be

conveyed, encumbered, or disposed of in the name of the trust and by an authorized individual.

The provision simply allows a trust to acquire property in its name and in no way restricts the

means by which a trust may acquire property."  In re Wright, No. 10-03893, 2012 WL 27500, at

*4 (Bankr. D. Haw. Jan. 5, 2012) (applying New York law).[14]

   EPTL § 7-2.1 provides no statutory basis to challenge U.S. Bank's standing to file the

Proof of Claim, and the Debtor's argument that it does is rejected.

Possibility of Competing Claims to the Note

   The Debtor states that in objecting to U.S. Bank's standing to file the Proof of Claim, he

is motivated by concern about the possibility of duplicative or competing claims to the Note and

Mortgage.  In the Debtor's words, "[t]he homeowner should only have to pay once."

(Affirmation in Further Support, ECF No. 220, ¶ 57.)  However, the Maine U.C.C. provides

protection for an obligor in this circumstance under 11 M.R.S.A. § 3-1602 (1)[15]:

   An instrument is paid to the extent payment is made:
      (a) By or on behalf of a party obliged to pay the instrument; and
      (b) To a person entitled to enforce the instrument.

---

[14] The practice commentaries to EPTL § 7-2.1(c) note that the purpose of this provision is to allow investment and business trusts to hold property in the name of the trust, thereby avoiding the burden of requiring the signatures of all the trustees to sell or encumber trust property:

    Those trusts frequently have numerous trustees, who rotate in and out as new trustees are elected and former trustees die or resign. They also typically acquire and dispose of many properties and mortgages. To require the names of all the trustees and their signatures to sell or mortgage the property proved cumbersome. The legislature wanted to make these trusts parallel to partnerships, which can hold property in the partnership name, so it enacted subparagraph (c) by L.1973, ch. 1031, § 1, to permit these trusts to acquire property in the name of the trust. paralleling provisions of New York Partnership Law.

Turano, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 7, N.Y. EPTL § 2.1.
[15] See N.Y. U.C.C. Law § 3-603 for similar language under the New York Uniform Commercial Code.

> To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under section 3-306 by another person.

Under this provision, a mortgagor who makes payment on a note, to a party entitled to enforce the note, will be discharged in the amount of the payment, even if there is a competing claim to the note by another entity.   Although this provision lists exceptions, such as when the payor has knowledge that payment is prohibited due to an injunction or similar process of a court of competent jurisdiction, or when the payor knows that the instrument is stolen and pays the person in wrongful possession, none of the exceptions apply to the present facts.  See id. at (2). Consequently, in the hypothetical case where a third party were to claim ownership of the Note and Mortgage and attempt to enforce the Note against the Debtor, or to foreclose the Mortgage, the amount owed under the Note to that hypothetical third party, and secured by the Mortgage, would be reduced by any payments made to the Trust, as holder of the Note.

<u>**CONCLUSION**</u>

Because U.S. Bank has established standing to enforce both the Note and Mortgage under applicable law, it has established standing to file the Proof of Claim.  For the foregoing reasons, the Debtor's objection to the Proof of Claim is denied.  Any other arguments raised by the Debtor, but not addressed in this Decision, were considered and determined to be without merit. A separate order will issue.



**Dated: Brooklyn, New York**
**July 21, 2015**

 

**Carla E. Craig**
**United States Bankruptcy Judge**

Official Form 17A (12/14)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

\----------------------------------------;

    In Re Eric H. Richmond,

              Debtor

\----------------------------------------;

       Chapter 13

       No. 14-41678 (cec)

*[Caption as in Form 16A, 16B, or 16D, as appropriate]*

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

**1.** Name(s) of appellant(s):
    Eric H. Richmond

**2.** Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❑ Plaintiff | **X** Debtor |
| ❑ Defendant |    Creditor |
| ❑ Other (describe) _____ |    Trustee |
| |    Other (describe) _____ |

**Part 2:  Identify the subject of this appeal**

    **1.** Describe the judgment, order, or decree appealed from: _____
**ORDER DENYING OBJECTION TO CLAIM**

    **2.** State the date on which the judgment, order, or decree was entered:**July 21, 2015**

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

    **1.** Party:  **PB #7, LLC**    Attorney:  **Glenn P Warmuth**\_
                                     **Stim and Warmuth**\_
                                     **2 Eighth Street**
                                     **Farmingville, New York, 11738**
                                     **631-732-2000**\_

    **2.** Party:  **Michael Macco**    Attorney:  **Michael J. Macco**\_
             **Trustee**                    **135 Pinelawn Road – Suite #120 South Melville, NY 11747**
                                       **Phone: 631-549-7900**

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

Official Form 17A (12/14)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

      ☐  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)_

Date:  <u>August 21, 2015</u>

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

      Eric Richmond, Pro Se
      227 4th Avenue
      Brooklyn, NY  11215
      646 256 9613

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                            Chapter 13

    Eric H. Richmond                          Case No. 14-41678 (CEC)

                Debtor.

DECISION

APPEARANCES:

Eric H. Richmond                          Jordan S Katz, Esq.
227 4th Avenue                            Kozeny, McCubbin & Katz, LLP
Brooklyn, New York 11215                  40 Marcus Drive, Suite 200
*Pro-se Debtor*                           Melville, New York 11747
                                          *Counsel for Select Portfolio Servicing, Inc. as*
                                          *servicing agent for U.S. Bank National Association*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

This matter comes before the Court on the motion of the debtor, Eric H. Richmond (the "Debtor"), objecting to the proof of claim filed by Select Portfolio Servicing, Inc. ("SPS") as servicing agent for U.S. Bank National Association ("U.S. Bank"). Because U.S. Bank has standing under applicable law to enforce the note and mortgage executed by the Debtor, it has standing to file a proof of claim. Accordingly, for the reasons set forth below, the Debtor's objection to U.S. Bank's proof of claim is denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(B), and (O), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

Procedural History

This chapter 13 case was filed on April 7, 2014. On August 12, 2014, SPS filed a proof of claim on behalf of U.S. Bank, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (the "Trust"). (Proof of Claim 5-1, 14-41678-CEC.) On August 25, 2014, SPS filed an amended proof of claim on behalf of U.S. Bank, as trustee of the Trust (the "Proof of Claim"). (Proof of Claim 5-2, 14-41678-CEC.) The Proof of Claim, in the amount of $236,735.29, is based on a mortgage and note executed by the Debtor, secured by real property located at 66 Back Meadow Road, Nobleboro, Maine 04555 (the "Property").

2

Attached to the Proof of Claim are copies of the note and mortgage executed by the

Debtor on August 11, 2005 in favor of New Century Mortgage Corporation ("New Century"); a

change of payment statement; and an assignment dated April 18, 2012 by SPS as attorney-in-fact

for New Century, assigning the mortgage from New Century to U.S. Bank, as trustee of the

Trust. (Proof of Claim 5-2, 14-41678-CEC.)  On November 13, 2014, the Debtor filed a motion

objecting to the Proof of Claim (the "Motion"), based upon, among other things, lack of evidence

of SPS's authority to execute a mortgage assignment on behalf of New Century.  (Mot. to

Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5, 14-41678-CEC, ECF No.

146).[1]  On January 16, 2015, U.S. Bank filed opposition to the Motion (the "Opposition"),

attaching a copy of a limited power of attorney dated June 20, 2007 executed by New Century

appointing SPS as attorney-in-fact authorized to, among other things, "execute, acknowledge,

seal and deliver . . . assignments of deed of trust/mortgage and other recorded documents." (the

"Power of Attorney").  (First Affirmation in Opp'n, ECF No. 182 at 46.)  On January 23, 2015,

the Debtor filed a further affirmation in support of his Motion (the "Affirmation in Support").

(Affirmation in Further Supp., ECF No. 191.)

On March 17, 2015, a hearing was held on the Motion, at which U.S. Bank produced the

original note, a copy of which was provided to the Debtor and received in evidence; each party

was given an opportunity to submit additional briefing; and the record was closed. (Scheduling

Order, ECF No. 217.)  On April 3, 2015, the Debtor filed an affirmation in further support (the

"Second Affirmation in Support").  (Affirmation in Further Supp., ECF No. 220.)  On April 16,

2015, U.S. Bank filed an affirmation in opposition (the "Second Affirmation in Opposition").

---

[1] Unless otherwise indicated, citations to "ECF No." are to papers filed on the docket of Case Number 14-41678-CEC.

(Affirmation in Opp'n, ECF No. 224.) On May 16, 2015, the Debtor filed an Affirmation in

Further Support. (Affirmation in Further Supp., ECF No. 234.)

The New Century Bankruptcy Case

On April 2, 2007, New Century and certain of its affiliates filed chapter 11 petitions in

the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy

Court"). (In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.)) (the

"New Century Bankruptcy").[2] Prior to filing bankruptcy, New Century was engaged in the

business of originating and purchasing mortgage loans, and selling mortgage loans through loan

sales and securitizations. (First New Century Disclosure Statement, Del. ECF No. 5395-11, at

20.[3]) During the course of its chapter 11 case, New Century conducted, with court approval,

various sales of its loans and servicing rights. Id., at 31-36.[4]

On July 15, 2008, the Delaware Bankruptcy Court confirmed New Century's chapter 11

plan (the "Original Plan"), which provided for the transfer of all of New Century's remaining

assets to a liquidating trust (the "Liquidating Trust"), to be administered by a liquidating trustee

(the "Liquidating Trustee"), to sell all New Century's assets, wind down its business, and pay

claims (the "First New Century Confirmation Order"). (Original Plan, Del. ECF No. 8596-2,3;

---

[2] On April 4, 2007, the Delaware Bankruptcy Court entered an order directing the joint administration of New Century's bankruptcy case with the bankruptcy case of New Century TRS Holdings, Inc.'s. (Order (Revised) Directing Joint Administration of Related Chapter 11 Cases, 07-54598-BLS, ECF No. 4). This Decision will refer to New Century Mortgage Corporation, New Century TRS Holdings, Inc., and their affiliates as "New Century". Citations to Del. ECF are to docket numbers of papers filed in In re New Century TRS Holdings, Inc., et al., 07-10416-BLS (Bankr. D. Del.).

[3] The docket entry for the First New Century Disclosure Statement appears on the Delaware ECF as "Certification of Counsel Re: (I) Disclosure Statement for First Am. Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of March 18, 2008 . . .," but will be cited as "First New Century Disclosure Statement."

[4] It is well established that federal courts have authority to take judicial notice of proceedings in other courts, where those proceedings are relevant to the matter at issue. In re Allegheny, 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988) (collecting cases). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." Johnson v. Levy, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (quoting Schenk v. Citibank/Citigroup/Citicorp, No. 10–CV–5056, 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010)).

First New Century Confirmation Order, Del. ECF No. 8596-1[5]; First New Century Disclosure

Statement, Del. ECF No. 5395-11, at 9-10.)

By order dated June 16, 2009, the Delaware District Court reversed the First New

Century Confirmation Order, based on a finding that the plan effectuated an improper

substantive consolidation of the debtors and unfairly discriminated in favor of certain creditors.

(Mem. Op. Signed by Judge Sue L. Robinson on 6/16/09, Del. ECF No. 9686; In re New

Century TRS Holdings, Inc., 407 B.R. 576 (D. Del. 2009).)  An amended plan was filed to

address these problems, and on November 20, 2009, the Delaware Bankruptcy Court entered an

order confirming New Century's second amended chapter 11 plan (respectively, the "Modified

Plan" and the "Second New Century Confirmation Order"). (Modified Plan, Del. ECF No. 9957-

2,3,4,5; Second New Century Confirmation Order, Del. ECF No. 9957-1. [6])  The Modified Plan,

like the Original Plan, provided for the liquidation of all of New Century's remaining assets

through the Liquidating Trust and for the transfer of New Century's assets to the trust as of the

effective date of the Original Plan.  (Second New Century Confirmation Order, Del. ECF No.

9957-1, at 23-25.)

## DISCUSSION

The Debtor does not dispute that he executed the Note and Mortgage; nor does he

challenge the amount owed pursuant to the Note and secured by the Mortgage, as set forth in the

Proof of Claim.  The Debtor's objection is based upon the contention that U.S. Bank lacks

standing to file a proof of claim because it has not shown that it holds the Note and Mortgage.

---

[5] The docket entry for the Original Plan and the First New Century Confirmation Order appears on the Delaware ECF as "Order Confirming the Second Am. Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008," but will be cited as "Original Plan" and "First New Century Confirmation Order."

[6] The docket entry for the Modified Plan and the Second New Century Confirmation Order appears on the Delaware ECF as "Order Confirming the Modified Second Am. Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009," but will be cited as "Modified Plan" and Second New Century Confirmation Order."

A properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(f), and is "deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a).  "An objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under 11 U.S.C. § 502." In re Lehman Bros. Holdings Inc., 519 B.R. 47, 53 (Bankr. S.D.N.Y. 2014) (quoting In re Arcapita Bank B.S.C.(c), 508 B.R. 814, 817 (S.D.N.Y.2014)).

A creditor's rights in bankruptcy arise "'from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code.'" Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007) (quoting Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000)).  The rights of a mortgagee are determined by the state law governing the relevant mortgage instruments.  See Nobelman v. American Sav. Bank, 508 U.S. 324, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993).  "Unless some federal interest requires a different result, there is no reason why interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).

Here, U.S. Bank's claim is based upon its rights under the Note and Mortgage pursuant to applicable state law.  U.S. Bank has standing to file a proof of claim in this case if, in the event of a default by the Debtor under the Note and Mortgage, U.S. Bank would have standing, under state law, to commence a foreclosure proceeding.

The first question arising in this inquiry is choice-of-law.  The Property is located in Maine, and the Mortgage contains a choice-of-law provision which states that "[t]his [Mortgage] is governed by federal law and the law that applies in the place where the Property is located."

6

(Proof of Claim 5-2, 14-41678-CEC at 22.)  Where state law provides the rule of decision, a

federal court will apply the law of the forum state.  In re Koreag, Controle et Revision S.A., 961

F.2d 341, 350 (2d Cir. 1992).  Under New York law, a choice-of-law provision, such as is

contained in the Mortgage, will be given effect. "New York law is clear in cases involving a

contract with an express choice-of-law provision: Absent fraud or violation of public policy, a

court is to apply the law selected in the contract as long as the state selected has sufficient

contacts with the transaction." Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK)

Ltd., 230 F.3d 549, 556 (2d Cir. 2000).  However, the parties in this matter did not address

Maine law, but based their arguments, in briefing and at the hearing held on the Motion, solely

upon New York law.  At least one federal court has held that where the parties do not raise the

issue of choice-of-law, and cite exclusively to New York law, they have impliedly consented to

the application of the New York law to the dispute.  Leser v. U.S. Bank Nat. Ass'n, No. 09-CV-

2362 KAM MDG, 2013 WL 1952306, at *4 (E.D.N.Y. May 10, 2013).  This choice-of-law issue

need not be resolved, however, because under either Maine or New York law, U.S. Bank has

standing to file the Proof of Claim.

Under New York law, "[i]n a mortgage foreclosure action, a plaintiff has standing where

it is the holder of both the mortgage and the underlying note when the action is

commenced." Deutsche Bank Trust Co. Americas v. Vitellas, No. 14695/12, 2015 WL 3972098,

at *4 (2d Dep't, July 1, 2015).  When a note is assigned, "'the mortgage passes with the debt as

an inseparable incident.'"  Id. (quoting U.S. Bank, N.A. v. Adrian Collymore, 68 A.D.3d 752,

754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).  Therefore, a plaintiff, when not the original

lender, may establish standing to foreclose under New York law "by showing either a written

assignment of the underlying note or the physical delivery of the note prior to the

commencement of the foreclosure action." Vitellas, 2015 WL 3972098, at *4 (internal quotation marks omitted).[7]

Under Maine law, a party seeking to foreclose must also establish ownership of the note and mortgage; however where the plaintiff is not the original lender, the plaintiff must demonstrate not just ownership of the note, but also assignment of the mortgage. In Maine, foreclosure is governed by statute. See 14 M.R.S., § 6101-6326; Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 8, 96 A.3d 700, 704. Foreclosure of the mortgaged property may be sought by "the mortgagee or any person claiming under the mortgagee." 14 M.R.S. § 6321; Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700, 704-05. "Because foreclosure regards two documents—a promissory note and a mortgage securing that note—standing to foreclose involves the plaintiff's interest in both the note and the mortgage." Greenleaf, 2014 ME 89, ¶ 9, 96 A.3d 700, 705. The Supreme Judicial Court of Maine has held that a party seeking a judgment of foreclosure, pursuant to 14 M.R.S. § 6321, must show "properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage."[8] Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d at 708 (citing Chase Home Fin. LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508).

---

[7] In the Affirmation in Support, the Debtor provides a list of cases which he cites for the proposition that, under New York law, in order to establish standing to commence a foreclosure proceeding, a party must show that it holds both the note and the mortgage. In all but one of these decisions, which are dated in 2007 and 2008, Justice Kurtz of Kings County Supreme Court denied the plaintiff in a foreclosure action a default judgment when the plaintiff submitted a mortgage assignment executed after the commencement of the foreclosure action purporting to retroactively effectuate assignment of the mortgage prior to the commencement of the case. In the other decision, also by Justice Kurtz, the plaintiff did not attempt to retroactively assign the mortgage, and the court found that the plaintiff lacked standing because the mortgage was assigned to the plaintiff after the commencement of the foreclosure action. None of these decisions is published, and all are overruled by the later Appellate Division, Second Department cases discussed above. Deutsche Bank Trust Co. Americas v. Vitellas, No. 14695/12, 2015 WL 3972098, at *4 (2d Dept, July 1, 2015); U.S. Bank, N.A. v. Adrian Collymore, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009). In any event, U.S. Bank holds both the Note and the Mortgage, which was assigned to U.S. Bank before the Proof of Claim was filed.
[8] In Greenleaf, the Supreme Judicial Court of Maine outlined eight elements which must be proven to support a judgment of foreclosure. Six of those elements (concerning evidence of a breach of a condition in the mortgage,

8

The Note

U.S. Bank has demonstrated that it is the holder of the Note and therefore entitled to

enforce the Note against the Debtor.  This is so whether U.S. Bank's status is analyzed under

Maine or New York law.

Under the Maine Uniform Commercial Code (the "Maine U.C.C."), a mortgage note is a

negotiable instrument.  11 M.R.S. § 3–1104(1) ("'[N]egotiable instrument' means an

unconditional promise or order to pay a fixed amount of money, with or without interest or other

charges described in the promise or order, if it: (a) Is payable to bearer or to order at the time it is

issued or first comes into possession of a holder."); Greenleaf, 2014 ME 89, ¶ 10, 96 A.3d 700,

705.  A "holder" of the instrument is a "person entitled to enforce" the instrument.  11 M.R.S. §

3–1301(1).  The Maine U.C.C. defines a "[h]older" to include "[t]he person in possession of a

negotiable instrument that is payable either to bearer or to an identified person that is the person

in possession." 11 M.R.S. § 1–1201(21)(a).  A "[b]earer" is "a person in control of a negotiable

instrument . . . that is payable to bearer or indorsed in blank." 11 M.R.S. § 1–1201(5).[9]

Here, the Note provides that the Debtor promises to pay "to the order of Lender.  Lender

is New Century Mortgage Corporation."  (Proof of Claim 5-2, 14-41678-CEC at 5; Claimant's

Ex. 2.)  The Note is indorsed in blank, making it a negotiable instrument payable to the

bearer.  See 11 M.R.S. § 1–1201(5).  U.S. Bank is the holder of the Note, as it is in possession of

the Note indorsed in blank.  See id.; 11 M.R.S. § 1–1201(21)(a).  As the holder, U.S. Bank is

entitled to enforce the Note.  11 M.R.S. § 3–1301(1).

---

notice, and proof of completed mediation under Maine's foreclosure mediation program) do not relate to standing to
foreclose, and therefore need not be satisfied to establish standing to file a proof of claim.
[9] The terms "endorse" and "indorse" are used interchangeably in this Decision, as case law and statutes cited in this
Decision use both terms.

The Debtor contends that the indorsement is not valid because it appears as a stamp, not a handwritten signature, and because the indorsement appears on the back of the last page of the Note instead of at the end of the last page of the Note. (Affirmation in Further Support, ECF No. 220, ¶¶ 28-30.) A valid indorsement, under Maine law, "means a signature . . . that alone or accompanied by other words is made on an instrument for the purpose of: (a) Negotiating the instrument." 11 M.R.S. § 3–1204. No provision in the Maine U.C.C. requires that an indorsement appear on a specific place on the instrument. The form of signature, whether by hand or stamped, is also irrelevant. See Gen. Motors Acceptance Corp. v. Anacone, 160 Me. 53, 63, 197 A.2d 506, 512 (1964) ("It has long been held under the negotiable instruments law that affixing a signature to such an instrument by a rubber stamp is sufficient to fulfill the requirement of a written endorsement, if the stamp is affixed with the intent of using it as an endorsement, and with authority.")

The Debtor also challenges the authority of the indorser to sign on behalf of New Century, because, based on his research on LinkedIn, he believes that the indorser now works as a dental assistant. (Affirmation in Further Supp., ECF No. 220, ¶ 30.) The result of the Debtor's online search does not constitute admissible evidence; moreover, the current profession of the indorser is irrelevant as long as the indorser was authorized, at the time of the indorsement, to indorse the Note. The indorser's signature is presumed to be authentic and authorized. 11 M.R.S. § 3-1308(1); N.Y. U.C.C. Law § 3-307. As the Official Comments note, "until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." Official Comment 1 to 11 M.R.S. § 3-1308. See In re Bass, 366 N.C. 464, 470-71, 738 S.E.2d 173, 177-78 (2013) (finding defendant's unsupported assertion that an indorsement was forged or unauthorized insufficient to

10

rebut presumption of authenticity). As there is no evidence in the record that the indorser lacked authority to indorse the Note on behalf of New Century, the Debtor's challenge to the validity of the indorsement is rejected.

Analysis under New York law yields the same result. Under the New York Uniform Commercial Code, a writing is a negotiable instrument if it is signed by the maker, contains an unconditional promise to pay a sum certain in money with no other promise, is payable on demand or at a definite time, and is payable to order or to bearer. N.Y. U.C.C. Law § 3-104. The Note is a negotiable instrument under New York law: it is payable to the order of New Century; signed by the Debtor; contains an unconditional promise to pay $198,000, plus interest, to New Century; and contains no other promises. (Proof of Claim 5-2, 14-41678-CEC at 5; Claimant's Ex. 2.)

To transfer a negotiable instrument payable to order, the instrument must be delivered with any necessary indorsement. N.Y. U.C.C. Law § 3-202(1). Like Maine law, New York law allows indorsements in blank. N.Y. U.C.C. Law § 3-204. "An indorsement in blank specifies no particular indorsee and may consist of a mere signature. An instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed." Id. at (2). "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." N.Y. U.C.C. Law § 3-202(2). Here, the Note is indorsed in blank on the back of the last page of the Note. Under New York law, this satisfies the requirements for an indorsement in blank. Delivery of a negotiable instrument, under New York law, is defined as a "voluntary transfer of possession." N.Y. U.C.C. Law § 1-201(15). "Generally, possession of an endorsed negotiable instrument imports delivery." Citicorp Int'l Trading Co. v. W. Oil & Ref. Co., 790 F. Supp. 428,

435 (S.D.N.Y. 1992) (citing In re Jennings, 286 A.D. 256, 259, 143 N.Y.S.2d 383, 386 (2d Dep't

1955), aff'd, 1 N.Y.2d 762, 152 N.Y.S.2d 305, 135 N.E.2d 56 (1956)).

Under New York law, therefore, U.S. Bank is the holder of the Note. See N.Y. U.C.C.

Law § 1-201(21) (defining "holder" to include "the person in possession of a negotiable

instrument that is payable . . . to bearer.") As the holder, U.S. bank may "enforce payment in

[its] own name." N.Y. U.C.C. Law § 3-301. Because U.S. Bank can enforce the Note under

New York law, it has established standing under New York law to file the Proof of Claim.

The Debtor also argues that the validity of the original Note has not been established.

(Affirmation in Further Supp., ECF No. 220, ¶¶ 8-19.) The Debtor argues that he was afforded

insufficient time to conduct a "forensic review." Id., ¶ 11. It is unclear what such a "forensic

review" would entail nor are there any facts in the record which would suggest that such a

review is appropriate. As noted above, the Debtor does not deny that he signed the Note. Nor

has the Debtor introduced evidence that the indorsement signature was unauthorized, as required

to overcome the presumption, under both Maine and New York law, that such signature is

valid. See 11 M.R.S. § 3-1308(1); N.Y. U.C.C. Law § 3-307. At the March 17, 2015 hearing,

U.S. Bank provided the Court with the original Note, which was admitted into evidence. (Hr'g

Tr. 19:17-22:21, March 17, 2015, ECF No. 227.) The original Note was identical to the copy

attached to the Proof of Claim, except that, on the copy, the loan number was redacted, as

required by Bankruptcy Rule 9037, and the return address was cut off. (Proof of Claim 5-2, 14-

41678-CEC at 9; Claimant's Ex. 2.) In short, the record establishes that U.S. Bank is the holder

of the Note.

U.S. Bank has demonstrated standing under New York and Maine law to enforce the

Note. Because the Mortgage follows the Note under New York law, U.S. Bank has

demonstrated standing to enforce both instruments, thereby establishing its standing to file the Proof of Claim. However, under Maine law, to enforce the Mortgage, U.S. bank, because it is not the original mortgagee, must show that it is assignee of the Mortgage.

The Mortgage

Under Maine law, a party seeking foreclosure by civil action must be "the mortgagee or any person claiming under the mortgagee," and must "produce evidence of . . . all assignments . . . of the . . . mortgage." 14 M.R.S. § 6321. "Unlike a note, a mortgage, is not a negotiable instrument," and, therefore, possession alone, without proof of all assignments, is insufficient to establish standing under Maine law. Greenleaf, 2014 ME 89, ¶ 12, 96 A.3d at 706. U.S. Bank has produced the Mortgage, executed by the Debtor and New Century, as well as an assignment of the Mortgage on behalf of New Century to U.S. Bank, as trustee of the Trust.

The Debtor argues that the assignment of the Mortgage from New Century, by SPS, as attorney-in-fact, after New Century's dissolution pursuant to its chapter 11 plan, was unauthorized, therefore void. (Mot. to Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5, ECF No. 146, ¶¶ 10-13; Affirmation in Further Supp., ECF No. 191, ¶¶ 1, 5-23; Affirmation in Further Supp., ECF No. 220, ¶¶ 1-7.) According to the Debtor, because the assignment is void, U.S. Bank does not own the Mortgage, and therefore lacks standing to foreclose or to file a proof of claim.

The Mortgage was executed by the Debtor, in favor of New Century, on August 11, 2005. (Proof of Claim 5-2, 14-41678-CEC at 27.) On April 2, 2007, New Century commenced a chapter 11 case in the District of Delaware. (07-10416-BLS (Bankr. D. Del.)). On June 20, 2007, New Century executed the Power of Attorney in favor of SPS. (First Affirmation in Opp'n, ECF No. 182 Ex. 2 at 46, ¶ 4). Among the powers granted to SPS in the Power of

Attorney was the power "[t]o execute . . . and deliver . . . assignments of deed of trust/mortgage

and other recorded documents . . . ." (First Affirmation in Opp'n, ECF No. 182 Ex. 2 at 46.) On

July 15, 2008, the Delaware Bankruptcy Court entered the First New Century Confirmation

Order. (First New Century Confirmation Order, Del. ECF No. 8596-1.) That order contained

the following language:

> The Debtors, if on or prior to the Effective Date, and the Liquidating Trust . . ., if
> after the Effective Date, shall execute such documents, and take such other
> actions, as are necessary to effectuate the transaction provided for in this Plain.
> Additionally, with respect to mortgage loans purchased from one or more of the
> Debtors prior to or subsequent to the Petition Date, the applicable Debtor, if on or
> prior to the Effective Date, or the Liquidating Trust, if after the Effective Date,
> shall execute upon written request,  . . . any powers of attorney as shall be
> prepared by the requesting party and reasonably satisfactory to the Debtor or
> Liquidating Trustee, as applicable, necessary to fully effectuate the transfer of
> such loan or otherwise to effect the appropriate transfer of record title or interest
> in such loan, including, without limitation, any powers of attorney as may be
> necessary to allow the purchaser of such mortgage loan from such Debtor . . . to
> complete, execute and deliver, in the name of and on behalf of the applicable
> Debtor or the Liquidating Trustee, any required assignments of mortgage or
> instruments of satisfaction, discharge or cancellation of mortgages, mortgage
> notes or other instruments related to such loan. . . . *Powers of attorney executed*
> *by the Debtors prior to their dissolution shall be binding on the Liquidating*
> *Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder*
> *of such power of attorney with full force and effect notwithstanding the*
> *dissolution of the Debtors.*

(emphasis added) Id., ¶ 72. This provision of the First New Century Confirmation Order made

all powers of attorneys executed by New Century binding on the New Century Liquidating Trust

and the Liquidating Trustee.

The First New Century Confirmation Order was appealed, though no stay pending appeal

was granted. (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 7.[10])   More

than a year after the confirmation of the Original Plan, the District Court reversed the First New

---

[10] The docket entry for the Second New Century Disclosure Statement appears on the Delaware ECF as "Order (A)
Approving Disclosure Statement Regarding Modified Second Am. Joint Chapter 11 Plan of Liquidation . . .," but
will be cited as "Second New Century Disclosure Statement."

Century Confirmation Order, finding problems with the distribution scheme and with the

treatment of certain classes of creditors under the Original Plan. (Mem. Op. Signed by Judge

Sue L. Robinson on 6/16/09, Del. ECF No. 9686; In re New Century TRS Holdings, Inc., 407

B.R. 576 (D. Del. 2009).) The District Court then stayed its reversal of the First New Century

Confirmation Order pending appeal to the Third Circuit, and shortly thereafter, the Bankruptcy

Court entered an order preserving the status quo (the "Status Quo Order"), pursuant to which the

Third Circuit appeal was withdrawn. (Second New Century Disclosure Statement, Del. ECF No.

9928-1, at 8; Status Quo Order, Del. ECF No. 9750.[11]) Under the Status Quo Order, the

Liquidating Trustee remained in place pending the negotiation and confirmation of a modified

plan to address the problems identified by the District Court. (Status Quo Order, Del. ECF No.

9750, at 2-3.)

On November 20, 2009, the Modified Plan was confirmed. (Second New Century

Confirmation Order, Del. ECF No. 9957-1.) The Second New Century Confirmation Order also

contained language providing that powers of attorney executed by New Century would continue

to be effective and would bind the Liquidating Trustee:

> The Debtors, if on or prior to the Original Effective Date, and the Liquidating
> Trust . . ., if after the Original Effective Date, shall execute such documents, and
> take such other actions, as are necessary to effectuate the transaction provided for
> in this Modified Plan. Additionally, with respect to mortgage loans purchased
> from one or more of the Debtors prior to or subsequent to the Petition Date, the
> Liquidating Trust shall execute, upon written request . . . any powers of attorney
> as shall be prepared by the requesting party and reasonably satisfactory to the
> Liquidating Trustee . . . necessary to fully effectuate the transfer of such loan or
> otherwise to effect the appropriate transfer of record title or interest in such loan,
> including, without limitation, any powers of attorney as may be necessary to
> allow the purchaser of such mortgage loan from such Debtor . . . to complete,
> execute and deliver, in the name of and on behalf of the applicable Debtor or the
> Liquidating Trust, any required assignments of mortgage . . . related to such

---

[11] The docket entry for the Status Quo Order appears on the Delaware ECF as "Order Granting Motion of the
Trustee Preserving the Status Quo . . .," but will be cited as "Order Granting Motion of the Trustee Preserving the
Status Quo . . ."

mortgage loan. . . . *Powers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors.*"

(emphasis added) (Second New Century Confirmation Order, Del. ECF No. 9957-1, ¶ 69.)

The Second New Century Confirmation Order provides that "[p]owers of attorney executed by the Debtors *pursuant to the Original Plan* prior to their dissolution shall be binding on the Liquidating Trustee . . . ." (emphasis added)  Id.  The words "pursuant to the Original Plan" are not contained in the First New Century Confirmation Order, and it is unclear what, if anything, was intended by their inclusion in the Second New Century Confirmation Order.  A reading of the disclosure statement filed in connection with the Modified Plan, as well as the terms of the Modified Plan, and the Second New Century Confirmation Order, makes it clear that the intent was to continue in effect the provisions of the Original Plan and the First New Century Confirmation Order to the extent not in conflict with the Modified Plan. (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 8 (noting that, "the Liquidating Trustee proposes the Modified Plan to address the concerns raised by the District Court [in reversing the First New Century Confirmation Order] while also preserving the integrity of the Original Plan and the complex and interrelated compromises that were negotiated by all of the major creditor constituencies that formed the basis of the Original Plan."); Modified Plan, Del. ECF No. 9957-2,3,4,5; Second New Century Confirmation Order, Del. ECF No. 9957-1.)

Furthermore, under the Original Plan, the dissolution of New Century was effectuated immediately.  (Original Plan, Del. ECF No. 8596-2, at 49-50.)  Although the First Confirmation Order was later reversed, the dissolution of New Century was unaffected by the reversal, as the order reversing the First New Century Confirmation Order was stayed and the Delaware Bankruptcy Court, after remand, entered the Status Quo Order which maintained the Liquidating

Trustee in control of the New Century's assets pending negotiation and confirmation of the Modified Plan. (Second New Century Disclosure Statement, Del. ECF No. 9928-1, at 8.) Therefore, it appears that New Century could not have executed any power of attorney "pursuant to the Original plan prior to their dissolution," if "pursuant to the Original Plan" is understood to mean "after the effective date of the Original Plan."

It is clear that the intent of the Second New Century Confirmation Order was not to eliminate the provision stating that powers of attorney previously executed by New Century would be binding on the Liquidating Trustee; if that result had been intended, the language would simply have been stricken. It is clear, rather, that the intent was to carry forward that provision of the Original Confirmation Order, so that holders of New Century powers of attorney could continue to function as they did prior to the confirmation of the Original Plan, and that the Second New Century Confirmation Order must be understood to so provide.

On April 18, 2012, SPS, as attorney-in-fact for New Century, assigned the Mortgage to U.S. Bank, as trustee of the Trust. (Proof of Claim 5-2, 14-41678-CEC at 34.) Under the Terms of the New Century confirmation orders, the Power of Attorney was binding on the New Century Liquidating Trust and the Trustee at the time SPS executed the assignment of the Mortgage to U.S. Bank. [12] The Debtor's argument that the assignment of the Mortgage was unauthorized is therefore rejected.

---

[12] The Debtor is not the first to challenge an assignment of loan documents which occurred post-confirmation in the New Century bankruptcy. Courts have dismissed such arguments on different grounds. See Lizza v. Deutsche Bank Nat. Trust Co., 1 F. Supp. 3d 1106, 1116-17 (D. Haw. 2014) (holding that the plaintiffs lacked standing to challenge the assignments and that a post-petition assignment without authorization by the liquidating trustee is voidable by the trustee under § 549 of the Bankruptcy Code, but not void as a matter of law); In re Baber, 523 B.R. 156, 160-62 (Bankr. E.D. Ark. 2014) (holding that that the debtors lacked standing to attack the power of attorney or the assignment because the debtors they were not a party to the assignment and because they failed to allege an injury resulting from the assignment.); In re Wright, No. 10-03893, 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012) (holding that the date of the assignment of the mortgage was irrelevant, even if it was after the effective date of the Liquidating Trust, because the note had been transferred prior to the New Century bankruptcy and because, under common law, the mortgage automatically transferred with the underlying note). One court found this argument

The Pooling and Service Agreement

The Debtor contends that Wells Fargo, as master servicer, and U.S. Bank, as trustee,

failed to comply with the terms of the Trust's pooling and servicing agreement because the

Mortgage was not timely assigned under the terms of that agreement. (Affirmation in Further

Supp., ECF No. 220, ¶¶ 17, 36-60; Affirmation in Further Supp., ECF No. 191, ¶¶ 40-43; Mot. to

Object/Reclassify/Reduce/Expunge Claims: Claim Number(s): 5, ECF No. 146, ¶¶ 8, 13.)

However, the date of acquisition of the Note and Mortgage by the Trust is irrelevant to the

validity of the Proof of Claim, as long as both were held by the Trust prior to the filing of the

Proof of Claim.

It is well established that a non-party to a pooling and servicing agreement lacks standing

to assert non-compliance with the terms of that agreement as a defense to enforcement of a note

and mortgage by a trust. Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 86-87 (2d Cir.

2014); In re Daly, No. 11-22368 (RDD), 2015 WL 196509, at *7 (Bankr. S.D.N.Y. Jan. 14,

2015). "Under New York law, only the intended beneficiary of a private trust may enforce the

terms of the trust." Rajamin, 757 F.3d at 88 (collecting cases). See also Ocampo v. JP Morgan

Chase Bank, N.A., No. CV 14-0008, 2015 WL 1345282, at *7 (E.D.N.Y. Mar. 24, 2015) ("In

light of the Second Circuit decision in Rajamin and the overwhelming body of case law in accord

with that ruling, the Court finds that Plaintiffs lack standing to assert a securities fraud claim as a

non-party to the assignment agreements at issue."); Karamath v. U.S. Bank, N.A., 2012 WL

4327613, at *7 (E.D.N.Y.2012) (holding that mortgagor "is not a party to the PSA or to the

Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no

standing to challenge the validity of that agreement or the assignment"), rep. and

---

sufficiently plausible to deny a mortgagee's motion to dismiss the mortgagors' action seeking to enjoin the
mortgagee from foreclosing; however, that court did not note the provisions of the confirmation orders discussed
above. Ross v. Deutsche Bank Nat. Trust Co., 933 F. Supp. 2d 225 (D. Mass. 2013).

recommendation adopted by, 2012 WL 4327502 (E.D.N.Y.2012); Barnett v. Countrywide Bank, FSB, 60 F.Supp.3d 379, 387-88 (E.D.N.Y. 2014) (stating that the plaintiff mortgagor lacks standing to challenge the securitization process of the mortgage); Obal v. Deutsche Bank Nat. Trust Co., 2015 WL 631404, at *3–4 (S.D.N.Y. 2015) (following the reasoning of Rajamin and granting the motion to dismiss mortgagor's complaint challenging the validity of the assignment of his mortgage for lack of standing); Berezovskaya v. Deutsche Bank Nat. Trust Co., 2014 WL 4471560 (E.D.N.Y. 2014), rep. and recommendation adopted, Berezovskaya v. Deutsche Bank Nat. Trust Co., 2014 WL 4470786 (E.D.N.Y. 2014) (holding that the plaintiff had no standing to assert claims based on the fraudulent and improper transfer of mortgage documents as a non-party to the assignment agreement).

The Debtor contends that he is not challenging the Trust's compliance with the PSA because he seeks to enforce the PSA, but rather to demonstrate that the transfer to the Trust was void and that therefore the Trust does not hold the Note and Mortgage.  (Affirmation in Further Supp., ECF No. 220, ¶ 53.)  Even if the Trust acquired the Mortgage in violation of the PSA, this fact would not render the transfer of ownership of the Note and Mortgage to the Trust a nullity, as the Debtor asserts.  The Second Circuit was confronted in Rajamin with the argument that failure to comply with a pooling and service agreement rendered a trust's acquisition of loans and mortgages void, and rejected it, explaining that, "we conclude that as unauthorized acts of a trustee may be ratified by the trust's beneficiaries, such acts are not void but voidable; and that under New York law such acts are voidable only at the instance of a trust beneficiary or a person acting in his behalf."  Rajamin, 757 F.3d at 90.  Because the Rajamin plaintiffs, like the Debtor, were not beneficiaries of the trust at issue, the court concluded that "[t]he law of trusts provides no basis for plaintiffs' claims."  Id.

For these reasons, the Debtor's objection to U.S. Bank's standing to file the Proof of Claim based upon alleged noncompliance with the PSA in connection with the transfer of the Note or Mortgage to the Trust is rejected.

### The Debtor's Claim That the Trust May Not Hold a Note Indorsed in Blank

The Debtor argues that under New York law a trust may not hold a note indorsed in blank. According to the Debtor, it follows that the Note is not lawfully an asset of the Trust, and therefore cannot be enforced by the Trust.[13] (Affirmation in Further Support, ECF No. 191, ¶¶ 3, at 31-34.)

The premise of this argument, that New York Law prohibits a trust from holding a note indorsed in blank, is incorrect. The Debtor looks to EPTL § 7-2.1(c) as the basis this claim:

> A trust as described in sections 9-1.5, 9-1.6 and 9-1.7 of the estates, powers and trusts law, including a business trust as defined in subdivision two of section two of the general associations law, may acquire property in the name of the trust as such name is designated in the instrument creating said trust. Any property, so acquired can be conveyed, encumbered or otherwise disposed of only in such name by a conveyance, encumbrance or other instrument executed by:
> (1) the person or persons authorized by the instrument creating said trust; or
> (2) the person or persons authorized by a resolution duly adopted by the trustees; or
> (3) a majority of the trustees unless the instrument creating said trust otherwise provides.

N.Y. EPTL § 7-2.1. According to the Debtor, the statutory language stating that a trust "may acquire property in the name of the trust as such name is designated in the instrument creating the said trust" precludes a trust created under New York law from owning a note indorsed to bearer or in blank.

The Debtor's reliance on this provision is mistaken. The quoted language provides that a trust "may" (not shall) acquire property in the name of the trust, and that if it does so, only

---

[13] The New York Estates, Powers, and Trusts Law ("EPTL") applies to the Trust, which was created under New York law. See Asset Backed Securities Corp., Pooling And Servicing Agreement (Form 8-K), (Dec. 22, 2005) at § 11.04.

authorized parties may convey, encumber, or dispose of such property. The statute does not limit the type of property a trust may hold under New York law. As explained by another court confronted with a similar argument, "[Section 7-2.1] provides that a trust may acquire property in the name of the trust and, if property is in fact acquired in the name of the trust, can only be conveyed, encumbered, or disposed of in the name of the trust and by an authorized individual. The provision simply allows a trust to acquire property in its name and in no way restricts the means by which a trust may acquire property." In re Wright, No. 10-03893, 2012 WL 27500, at *4 (Bankr. D. Haw. Jan. 5, 2012) (applying New York law).[14]

EPTL § 7-2.1 provides no statutory basis to challenge U.S. Bank's standing to file the Proof of Claim, and the Debtor's argument that it does is rejected.

Possibility of Competing Claims to the Note

The Debtor states that in objecting to U.S. Bank's standing to file the Proof of Claim, he is motivated by concern about the possibility of duplicative or competing claims to the Note and Mortgage. In the Debtor's words, "[t]he homeowner should only have to pay once." (Affirmation in Further Support, ECF No. 220, ¶ 57.) However, the Maine U.C.C. provides protection for an obligor in this circumstance under 11 M.R.S.A. § 3-1602 (1)[15]:

> An instrument is paid to the extent payment is made:
> (a) By or on behalf of a party obliged to pay the instrument; and
> (b) To a person entitled to enforce the instrument.

---

[14] The practice commentaries to EPTL § 7-2.1(c) note that the purpose of this provision is to allow investment and business trusts to hold property in the name of the trust, thereby avoiding the burden of requiring the signatures of all the trustees to sell or encumber trust property:

> Those trusts frequently have numerous trustees, who rotate in and out as new trustees are elected and former trustees die or resign. They also typically acquire and dispose of many properties and mortgages. To require the names of all the trustees and their signatures to sell or mortgage the property proved cumbersome. The legislature wanted to make these trusts parallel to partnerships, which can hold property in the partnership name, so it enacted subparagraph (c) by L.1973, ch. 1031, § 1, to permit these trusts to acquire property in the name of the trust. paralleling provisions of New York Partnership Law.

Turano, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 7, N.Y. EPTL § 2.1.

[15] See N.Y. U.C.C. Law § 3-603 for similar language under the New York Uniform Commercial Code.

> To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under section 3-306 by another person.

Under this provision, a mortgagor who makes payment on a note, to a party entitled to enforce the note, will be discharged in the amount of the payment, even if there is a competing claim to the note by another entity.   Although this provision lists exceptions, such as when the payor has knowledge that payment is prohibited due to an injunction or similar process of a court of competent jurisdiction, or when the payor knows that the instrument is stolen and pays the person in wrongful possession, none of the exceptions apply to the present facts.   See id. at (2). Consequently, in the hypothetical case where a third party were to claim ownership of the Note and Mortgage and attempt to enforce the Note against the Debtor, or to foreclose the Mortgage, the amount owed under the Note to that hypothetical third party, and secured by the Mortgage, would be reduced by any payments made to the Trust, as holder of the Note.

## CONCLUSION

Because U.S. Bank has established standing to enforce both the Note and Mortgage under applicable law, it has established standing to file the Proof of Claim.  For the foregoing reasons, the Debtor's objection to the Proof of Claim is denied.  Any other arguments raised by the Debtor, but not addressed in this Decision, were considered and determined to be without merit. A separate order will issue.

**Dated: Brooklyn, New York**
**July 21, 2015**

Carla E. Craig
**Carla E. Craig**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

     Eric H. Richmond                             Chapter 13

              Debtor.                    Case No.: 14-41678 (CEC)

-------------------------------------------------------x

## ORDER

     WHEREAS, on April 7, 2014, Eric H. Richmond (the "Debtor"), filed for relief pursuant to chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"); and

     WHEREAS, on August 12, 2014, Select Portfolio Servicing, Inc. filed proof of claim #5 on behalf of U.S. National Bank ("U.S. Bank"), as trustee of Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8, which was amended on August 25, 2014 (the "Proof of Claim"); and

     WHEREAS, on November 13, 2014, the Debtor filed a motion objecting to the Proof of Claim (the "Motion"); and

     WHEREAS, on January 16, 2015, U.S. Bank filed opposition to the Motion; and

     WHEREAS, on January 23, 2015, the Debtor filed an affirmation in support of the Motion; and

     WHEREAS, on March 17, 2015 the Court held a hearing on the Motion; and

     WHEREAS, on April 3, 2015, the Debtor filed an affirmation in support of the Motion; and

     WHEREAS, on April 16, 2015, U.S. Bank filed an affirmation in opposition to the Motion; and

     WHEREAS, on May 16, 2015, the Debtor filed an affirmation in support of the Motion;

     NOW, THEREFORE, for the reasons stated in the Court's decision dated July 21, 2015, it is

     ORDERED, that the Motion is denied.



**Dated: Brooklyn, New York**
**July 21, 2015**

                               Carla E. Craig
                      **United States Bankruptcy Judge**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2015 AUG 25  A 10: 47

**CIVIL COVER SHEET**

This form is REQUIRED for the use of the Clerk of Court for the purpose of initiating

the civil dock et sheet. IN RE: Bankruptcy Case No. __14-41678(cec)_____ Ad v.

Pro . No . *(if applicable)*_____

**Bankruptcy Appeal**

APPELLANTS                                    APPELLEES

Eric H. Richmond                              P.B. #7, LLC

AT TO RN EY S (FI RM  NA M E, ADDRESS, T EL . NO .)   ATTORNEYS (IF KNOWN)
Eric Richmond, Pro Se                         Glenn P. Warmuth
227 4th Avenue                               Stim and Warmuth
Brooklyn NY  11215                            2 Eighth Street
(646) 256 – 9613                              Farmingville, NY  11738 - Ph - 631-732-2000
BASIS OF JURISDICTION: Federal Question

CA US E O F AC TI ON - 28:1 334 Bankruptcy Appeal *(Write brief statement of cause.)*
The Bankruptcy court declined to address significant issues raised in the objection to claim including, but not
limited to, a fraudulent assignment of Mortgage by Select Portfolio Servicing, a non-original note once the
fraudulent assignment of mortgage was found, the failure of the Trust to produce an original note and the
allegation that the note was not an original and the impact if it is not original.

In addition the Bankruptcy Court erroneously interpreted the confirmation orders of the New Century Mortgage
Companies and erroneously interpreted Maine law and erroneously used a withdrawn Maine Law.

In summation, the court failed to actually address most of Appellants arguments.

This failure to address anything in the motion compels the Debtor to appeal to get any redress before the courts.

NATURE OF SUIT: 422 Bankruptcy_____
Appeal (801) RELATED CASE(S) IN
DISTRICT COURT, IF ANY

DISTRICT JUDGE_____           DOCKET NUMBER_____
*CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVED:*
  *1. PRO PER TY IN CLU DE D IN AN E ARL IER N UM BER ED PEN DIN G SU IT*
  *2. SAME ISSUE OF FACT OR GROWS OUT OF THE SAME TRANSACTION*
  *3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT COPYRIGHT OR TRADEMARK*
Date:__08/21/2015__ Signature of Attorney of Record:_____*[or Appellant Pro Se]*
**FOR COURT USE ONLY**
APPLYING IFP_____     JUDGE_____MAG. JUDGE _____

**CIVIL COVER SHEET, Bankruptcy Appeal** (cont'd)

Did the cause of action arise in Nassau or Suffolk County? NO

If YES, please indicate which county:_____

_____

I am currently admitted in the Eastern District of New York and currently a member in good

standing of the bar of this court. YES                          **NO - X**

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

YES      (If yes, please explain)              **NO - X**

_____

_____

_____

Please provide your bar code and e-mail address below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number, or any other four-digit number registered by the attorney with the Clerk of Court. This information must be provided pursuant to local rule 11.1(b) of the local civil rules.

Attorney Bar Code: NONE

E-Mail Address: brooklynlyceum@gmail.com

USBC-84 [r.4/10/03]]

# UNITED STATES DISTRICT COURT

U.S. BANKRUPTCY
EASTERN DISTRICT COURT
NEW YORK DISTRICT OF

|  | EASTERN | District of | NEW YORK |
|---|---|---|---|

2015 AUG 25  A 10: 46
RECEIVED

In Re: Eric H. Richmond, Debtor

**Plaintiff**

V.

P.B. #7, LLC

**Defendant**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:   14-41678 (cec) - bankruptcy

I, _____ Eric Richmond _____ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☐ Yes          ☑ No          (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?          ☐ Yes          ☑ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
      12/25/2014. Approximately $36,000 over the calendar year. Brooklyn Lyceum, 227 4th Avenue, Brooklyn, NY 11215

3. In the past 12 twelve months have you received any money from any of the following sources?

   | | | | |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | ☑ Yes | ☐ No |
   | b. | Rent payments, interest or dividends | ☐ Yes | ☐ No |
   | c. | Pensions, annuities or life insurance payments | ☐ Yes | ☐ No |
   | d. | Disability or workers compensation payments | ☐ Yes | ☐ No |
   | e. | Gifts or inheritances | ☐ Yes | ☐ No |
   | f. | Any other sources | ☐ Yes | ☐ No |

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

The above mentioned answer to 2b is incorporated by reference.

Expect to re-enter the technical field of Computer Science upon brush up retraining. Expect that to begin in September when a specialized database project comes online.

4.   Do you have any cash or checking or savings accounts?          Yes          ✔ No

     If "Yes," state the total amount. _____

5.   Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?          ✔ Yes          No

     If "Yes," describe the property and state its value.
     House.  Worth $150,000.  Owe $230,000 (approx).
     Pickup Truck - value - (Bue book) $3500

6.   List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____4/21/2015_____          _____
         Date                              Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

14-41678
Richmond



BANKRUATCX
CLerk of the
COURT

*FILED*

2015 AUG 21  PM 6:32

CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: cteutonic | Date Created: 8/25/2015 |
| Case: 1−14−41678−cec | Form ID: pdf000 | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |
| tr | Michael J. Macco | ecf@maccosternlaw.com |
| aty | Glenn P Warmuth | gpw@stim−warmuth.com |
| aty | Michael J. Macco | ecf@maccosternlaw.com |

TOTAL: 4

### CERTIFICATE OF SERVICE

I certify that on August 21, 2015, I served the foregoing
**NOTICE OF APPEAL** dated August 21, 2015 via the regular United
States mail on the following:


Glenn P. Warmuth, Esq.
Stim & Warmuth, P.C.
2 Eighth Street
Farmingdale, NY 11738

Michael Macco - Trustee
135 Pinelawn Road, #120 South
Melville, NY  11747


Dated August 21, 2015          By: _____
                                   ERIC RICHMOND
                                   Party in interest, PRO SE