Appeal Nos.
1:15-cv-04980-BMC



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Eric Hawkes Richmond,

    Appellant,

-against-

    U.S. Bank

    Appellee

On Appeal from the Bankruptcy Court
For the Eastern District Of New York
The Honorable Carla E. Craig, Bankruptcy Judge
Chapter 13 Case No. 14-41678 CEC

## APPELLANT'S OPENING BRIEF

Eric Richmond, pro se
227 4th Avenue
Brooklyn, NY 11215
(646) 256-9613
brooklynlyceum@gmail.com

Oral Arguments Requested
10 Minutes Oral Argument
5 Minutes Reply

# Table of Contents

| | |
|---|---|
| STATEMENT REGARDING JURISDICTION | 1 |
| STATEMENT OF ISSUES PRESENTED & STANDARD OF REVIEW | 2 |
| STATEMENT OF THE CASE AND STATEMENTS OF FACT | 3 |
| ARGUMENT | 4 |
|     ORIGINAL NOTE NOT PRESENTED | 5 |
|     COURT ERRED IN FINDING NOTE AN ORIGINAL | 5 |
|     DEBTOR HAS RIGHT TO CHALLENGE TRUST POSSESSION | 5 |
|     AMBUSH NOTE DENIAL OF DUE PROCESS | 5 |
|     ASSIGNMENT OF MORTGAGE IS FRAUDULENT | 5 |
|     STATED STANDING PROOF CANNOT BE FRAUDULENT | 5 |
|     DUE PROCESS VIOLATIONS RESULT IN VOID DECISIONS | 6 |
|     VOID JUDGEMENTS ARE NULLITIES | 8 |
| CONCLUSION | 9 |

# Table of Authorities

**Statutes and Rules**                                              **PAGE**

28 U.S.C. §158                                                      1

Fed. R Bankr. P. 8013                                               1,2

UNITED STATE CONSTITUTION - 5TH AMENDMENT                           5,6,7,8

UNITED STATE CONSTITUTION - 14TH AMENDMENT                          8

Fed. Rules Civ. Proc., Rule 60(b)(4)                                6

**Cases**

Momentum Mfg. Corp. v. Emp. Creditors Comm.

(In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994)      2

Triad Energy Corp. v. McNeil 110 F.R.D. 382 (S.D.N.Y. 1986).        6

Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.         6

Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878).                      6,8

World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980)          6,8

Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 8

 S.W.2d 1087, 1092.Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901.   6

Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985)                        6,7

Federal Trade Commission v. Raladam Co.,

283 U.S. 643, 75 L.Ed. 1324, 51 S.Ct.587.                           6

Mullane v. Central Hanover Bank & Trust Co.,

 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)          6

Bass v. Hoagland, 172 F.2d 205 (5th Cir.),

    cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).    7

United States Court of Appeals,Fifth Circuit. NEW YORK

LIFE INSURANCE COMPANY v. Alvin J. BROWN – 1996    7

Johnson v. Zerbst, 304 U.S. 458 S Ct.1019    7

Pure Oil Co. v. City of Northlake,    7

    10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956)    7

Hallberg v. Goldblatt Bros., 363 Ill. 25 (1936)    7

Neylan v. Vorwald,

    121 Wis.2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984)    7

Eberhardt v. Integrated Design and Constr., Inc.,

    167 F.3d 861, 871 (4th Cir.1999)    7

Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992),    7

Ex Parte Fisk, 113 US 713 (1885)    7

Ex Parte Rowland, 104 U.S. 604 (1881)    7

Ex parte Lange, 85 U.S. (18 Wallace) 163 163 (1873)    7

Ex parte Virginia, 100 U. S. 339 (1879)    7

Ex parte Siebold, 100 U. S. 371 (1879)    7

Ex parte Parks, 93 U. S. 18 (1876)    7

Ex Parte Wells, 59 U.S. (18 Howard) 307 (1855)    7

Ex Parte Kearney, 20 U.S. (7 Wheaton) 38 (1822)    8

Ex Parte Bollman and Ex Parte Swartwout, 8 U.S. (4 Cranch) 75 (1807)    8

Ex Parte McCardle, 74 U.S. (7 Wallace) 506 (1868),

    Chief Justice Salmon P. Chase    8

Hays v. Louisiana Dock Co., 452 n.e.2D 1383 (Ill. App. 5 Dist. 1983).    8,8

Matter of Marriage of Hampshire, 869 P.2d 58 ( Kan. 1997),    8

In re Estate of Wells, 983 P.2d 279, (Kan. App. 1999).    8

Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)    8

Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).    8

Lubben v. Selective Service System Local Bd. No. 27,

    453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972).    8

Hobbs v. U.S. Office of Personnel Management,

    485 F.Supp. 456 (M.D. Fla. 1980).    9

### **Authorities**

Black's Law Dictionary, Sixth Edition, page 1574: Void judgment.    6

11 Wright and Miller, Federal Practice and Procedure:

Civil § 2862 at 198-200 (1973)    7

# STATEMENT REGARDING JURISDICTION

The jurisdictional basis for this appeal of a final bankruptcy court decision / order of the Honorable Carl E. Craig issued on July 21, 2015 is contained in *28 U.S.C. §158(a)*. Under section *158(a)*, this Federal district court has jurisdiction over appeals of final orders of the bankruptcy court. Under *Rule 8013 of the Federal Rules of Bankruptcy Procedure*, this Court may review, modify, affirm in whole or in part, or vacate in whole or in part the Bankruptcy Court's legal conclusions and may set aside factual findings if they are clearly erroneous and not supported by the record.

# STATEMENT OF ISSUES PRESENTED & STANDARD OF REVIEW

Appellant presents the following issues:

1. Whether the Bankruptcy Court erred in finding a mortgage note was an original absent any sworn testimony or affidavit that it was an original and absent providing debtor with the requested opportunity to perform a forensic analysis to determine whether it was an original, or wet ink, note.
2. Whether the Bankruptcy Court erred in finding Appellant did not have the right to forensically review a challenged note without proof it was transferred before the transferer's assets were sold or transferred or the transferer was liquidated in Chapter 11 Bankruptcy.
3. Whether an ambush note violated due process absent time to review without having bailiff with a gun over Appellant's shoulder.
4. Whether the Bankruptcy court erred in not finding the assignment of mortgage fraudulent when the assignment of mortgage was dated almost 4 years after the liquidation of the transferer.
5. Whether the Bankruptcy Court erred in allowing a fraudulent assignment of mortgage to be used as listed proof of claim.
6. Whether the Bankruptcy court violated due process by refusing the Appellant an opportunity to forensically review a challenged note.
7. Whether a judgment based on a due process violation is a void judgment.
8. Whether a void judgment is a nullity.

The Bankruptcy Court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." (*Fed. R Bankr. P. 8013*); see also *Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994). The Bankruptcy Court's legal conclusions, however, are subject to being reviewed de novo. Id. at 1136.

## STATEMENT OF THE CASE AND STATEMENTS OF FACT

Appellant was denied an opportunity to forensically review a submitted not.

Appellant was only allowed to cursorily review note while bailiff with gun hovered near Appellant.

Appellant challenged validity of Assignment of Mortgage.

Appellant challenged authenticity of note.

Lower Court found that assets can be transferred from a liquidated company 4 years after liquidation.

Motion to Object to claim filed on November 13, 2014.

Appellee filed no objection to motion.

Court granted, at hearing not listed by the court in decision , Appellee time to oppose motion despite not having responded to motion.

On January 16, 2015 Appellee file opposition to motion.

On Jan 23, 2015 Appellant filed Affirmation in support of motion.

On March 17, 2015 the lower court held a hearing.

On April 3, 2015 Appellant filed Affirmation in support of motion.

On May 16, 2015 Appellant file affirmation in support.

Objection to claim denied on July 21, 2015 .

Notice of Appeal filed on August 21, 2015.

# ARGUMENT

This Appeal seeks to reverse the improper findings of fact and conclusions of law of the Order dated July 21, 2015 Denying Objection to Claim. The Lower Court incorrectly found an assignment of mortgage to be valid, a note to be an original, assignments of mortgage 4 years after Chapter 11 liquidation of an entity to be valid, disallowance of opportunity to forensically review ambush note to not be a violation of due process and that documents other than those stated as proof of claim to be proof of claim.

Absent due process the decision is void, *ab initio*, a nullity.

## ORIGINAL NOTE NOT PRESENTED

Nowhere in the record does the trust U.S. Bank, Select Portfolio Servicing, or Jordan Katz swear that the note is an original.

## COURT ERRED IN FINDING NOTE AN ORIGINAL

As Appellant challenged validity of note and no entity swore to its validity and Appellant requested time to forensically review the note, the court erred in finding the note to be an original absent giving Appellant that requested opportunity to forensically review the note.

## DEBTOR HAS RIGHT TO CHALLENGE TRUST POSSESSION

Challenging the authenticity of a note is not the same as challenging trust right to hold a document. Therefore Appellant should have been allowed to challenge that note was never received as no original was produced.

## AMBUSH NOTE IS DENIAL OF DUE PROCESS

Absent notice that note was to be presented at hearing and absent the opportunity to review without a bailiff with a gun hovering about, due process was denied appellant.

## ASSIGNMENT OF MORTGAGE FRAUDULENT

As the assignment is dated four years after the Chapter 11 Liquidation it cannot be anything but fraudulent.

## STATED STANDING PROOF CANNOT BE FRAUDULENT

As sole document listed as proof in proof of claim is fraudulent, proof of claim cannot be substantiated and documents presented in proof of claim are the only basis for proof of claim, the claim must be denied.

5

# DUE PROCESS VIOLATIONS RESULT IN VOID DECISIONS

Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, *U.S.C.A. Const. Amend. 5 - Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986).*

Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, *Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.*

"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732-733 (1878)." [*World-Wide Volkwagen Corp. v. Woodson*, <u>444 U.S. 286</u> (1980)]

**Black's Law Dictionary, Sixth Edition, page 1574: Void judgment.** One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092.*

One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. *Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901.*

Because a judge ignores the law, she lost jurisdiction; her acts became ultra vires or outside the powers of her jurisdiction: " Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be validly continued beyond the point at which jurisdiction ceases " *Federal Trade Commission v. Raladam Co., 283 U.S. 643, 75 L.Ed. 1324, 51 S.Ct.587.*

Under our system of justice, the opportunity to be heard is the most fundamental requirement. *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)*

("The fundamental requisite of due process of law is the opportunity to be heard."). Without notice of an impending grant of summary judgment, a defendant has no opportunity to be heard.

6

Therefore, Alvin was denied due process of law and the judgment against him is void. *Bass v. Hoagland, 172 F.2d 205 (5th Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).*

Because the judgment against him is void, the district court erred in refusing the vacate the judgment under Rule 60(b)(4). - *United States Court of Appeals,Fifth Circuit. NEW YORK LIFE INSURANCE COMPANY v. Alvin J. BROWN – 1996*

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, **Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5** - *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985)

Where Due Process is denied, the case is void, *Johnson v. Zerbst*, 304 U.S. 458 S Ct.1019;*Pure Oil Co. v. City of Northlake,* 10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956) *Hallberg v. Goldblatt Bros.*, 363 Ill. 25 (1936)

Orders or "[j]udgments entered contrary to due process are void." *Neylan v. Vorwald, 121 Wis.2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984) (citations omitted).* A void judgment or order is something very different from a valid one. *Id. at 496, 360 N.W.2d at 544.* "[I]t is legally ineffective[,] may be collaterally attacked at any time in any proceeding, state or federal [and] it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it." Id. A void judgment cannot be validated by consent, ratification, waiver or estoppel. *Id. at 495, 360 N.W.2d at 544.*

Generally, "a judgment is not void merely because it is erroneous . . . [i]t is void only if the court that entered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with the due process of law." *Eberhardt v. Integrated Design and Constr., Inc., 167 F.3d 861,* 871 (4th Cir.1999) citing *Schwartz v. United States, 976 F.2d 213,* 217 (4th Cir. 1992), 11 Wright and Miller, Federal Practice and Procedure: Civil § 2862 at 198-200 (1973)

Acts that are void from the inception are jurisdictionless legal nullities which may be respectfully disobeyed and/or attacked collaterally. "A citizen is under no obligation to obey a jurisdictionless legal-nullity court order." See *Ex Parte Fisk, 113 US 713 (1885), Ex Parte Rowland, 104 U.S. 604 (1881), Ex parte Lange, 85 U.S. (18 Wallace) 163 163 (1873), Ex parte Virginia, 100 U. S. 339 (1879), Ex parte Siebold, 100 U. S. 371 (1879), Ex parte Parks, 93 U. S. 18 (1876), Ex Parte*

*Wells,* 59 U.S. (18 Howard) 307 (1855), *Ex Parte Kearney,* 20 U.S. (7 Wheaton) 38 (1822), *Ex Parte Bollman and Ex Parte Swartwout,* 8 U.S. (4 Cranch) 75 (1807).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." - Ex Parte *McCardle,* 74 U.S. (7 Wallace) 506 (1868), Chief Justice *Salmon P. Chase*

Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment, U.S.C.A. Const. Amed. 5, *Hays v. Louisiana Dock Co.*, 452 n.e.2D 1383 (Ill. App. 5 Dist. 1983).

Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14 *Matter of Marriage of Hampshire*, 869 P.2d 58 ( Kan. 1997), *In re Estate of Wells, 983 P.2d 279, (Kan. App. 1999).*

## VOID JUDGMENTS ARE NULLITIES

"without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." *[Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)]*

"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff,* 95 U.S. 714, 732-733 (1878)." *[World-Wide Volkwagen Corp. v. Woodson,* 444 U.S. 286 (1980)]

"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).

A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selective Service System Local Bd.* No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972).

A void judgment is one which from the beginning was complete nullity and without any legal effect, *Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).*

## CONCLUSION

The Bankruptcy Court violated appellants Due Process rights by not allowing forensic review of the note absent an armed bailiff of a documented never sworn to be an original.

The Bankruptcy Court erred in finding assignment of mortgage valid.

The Bankruptcy Court erred in finding note to be an original.

The Bankruptcy court erred in finding Appellant did not have standing.

**WHEREFORE**, Eric Hawkes Richmond, the Appellant herein, respectfully requests this Court deny the proof of claim and that the Court adjudge the proof of claim as invalid, the assignment of mortgage to be fraudulent , the note to not be an original and that this Court remand the case back to the lower court so that a forensic review of the note can occur.

Dated: September 25, 2015

Eric Richmond
Appellant, Pro Se
227 4th Avenue
Brooklyn, NY 11215
(646) 256-9613
brooklynlyceum@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
ERIC RICHMOND,
    Appellant,
U.S. Bank,                      No. 15-cv-04980-BMC
    Appellee.
-----------------------------------------------x

CERTIFICATE OF SERVICE

ERIC RICHMOND does hereby affirm under the penalties of perjury:

I am a party to this action. I am over the age of 21 years. I reside at 227 4th Avenue, Brooklyn, NY 11214.
On September 25, 2015, I served two copies of the appellant's reply brief by mailing a true copy to:

| Michael J. Macco<br>135 Pinelawn Road,<br>Suite 120 South<br>Melville, NY 11747 | Jordan S. Katz<br>Attorneys for Select<br>Portfolio Servicing<br>395 N. Service Road<br>Melville, NY 11747 |
|---|---|

in a postpaid properly addressed wrapper by first class mail in the post office or official depository at Brooklyn, New York State under the exclusive care and custody of the United States Postal Service
Dated: Brooklyn, NY
      September 25, 2015

_____
Eric Richmond, Appellant
227 4th Avenue
Brooklyn, NY 11215
646 256 9613

brooklynlyceum@gmail.com