# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

In re:                                                )
                                                      )   Civil Action No. 1:15-cv-04980-ARR
    ERIC H. RICHMOND,                     )
                                                      )
             Debtor.          )
_____ )
                                                      )
ERIC H. RICHMOND,                            )   Bankruptcy Case No. 14-41678-CEC
                                                      )
             Appellant.       )
                                                      )
    v.                                           )
                                                      )
SELECT PORTFOLIO SERVICING, INC., as   )
servicing agent for U.S. Bank National Association, )
                                                      )
             Appellee.        )
_____ )

---

## BRIEF OF APPELLEE, SELECT PORTFOLIO SERVICING, INC., AS SERVICING AGENT FOR U.S. BANK NATIONAL ASSOCIATION

---

David V. Mignardi, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 949-2909
dmignardi@eckertseamans.com
*Attorneys for Appellee*
*Select Portfolio Servicing, Inc.,*
*as servicing agent for U.S. Bank National*
*Association*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

SUMMARY OF THE ARGUMENT ..................................................... 1

JURISDICTIONAL STATEMENT ....................................................... 4

    A.    Statement of Jurisdiction ................................................. 4

    B.    Standard of Review ......................................................... 4

COUNTER-STATEMENT OF THE ISSUES PRESENTED ........................... 6

COUNTER-STATEMENT OF THE CASE ............................................. 7

    A.    The Parties ..................................................................... 7

    B.    The Subject Loan ........................................................... 7

    C.    The Underlying Bankruptcy Proceedings ........................... 8

    D.    The Appealed Order ...................................................... 10

ARGUMENT ............................................................................... 11

    POINT I

    THE BANKRUPTCY COURT CORRECTLY HELD THAT APPELLEE
    POSSESSES STANDING TO FILE THE PROOF OF CLAIM ................. 11

    A.    Standard of Law ............................................................ 11

        1.    Standard of Law with Respect to Appellant's Challenge to
            the Proof of Claim ................................................ 11

        2.    Standard and Choice of Law with Respect to the Trust's
            Standing to Enforce the Note and Mortgage ...................... 13

            a.    New York Law on Entitlement to Enforce a Note and
                Foreclose Upon its Corresponding Mortgage ........... 13

          b.      Maine Law on Entitlement to Enforce a Note and Foreclose Upon its Corresponding Mortgage ........... 16

**B.**     The Trust is the Holder of the Note ................................................. 17

       1.      The Trust is in Possession of the Original Note, which was Presented to the Bankruptcy Court for Inspection ............ 17

       2.      The Trust May Hold the Note Even Though it is Indorsed in Blank .......................................................................................... 19

**C.**     The Trust is the Assignee of the Mortgage ................................... 20

**D.**     Evidence of Compliance with the Pooling and Servicing Agreement is Unnecessary ................................................................. 23

       1.      Appellant Lacks Standing to Challenge or Require Proof of Compliance with the Pooling and Servicing Agreement ... 24

       2.      Even if the Note and Mortgage Were Acquired After the Trust's Closing Date, Said Acquisition is Merely a Voidable Act ................................................................................................ 26

       3.      Appellant is in No Danger of Being Subjected to Double Liability ................................................................................... 28

**POINT II**

THE BANKRUPTCY COURT'S FACTUAL FINDING THAT IT WAS PRESENTED WITH THE ORIGINAL NOTE DID NOT CONSTITUTE A VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS ........... 30

**CONCLUSION** ............................................................................................ 33

**CERTIFICATE OF SERVICE** .................................................................. 34

# TABLE OF AUTHORITIES

**Cases:**

*Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) ........................................ 5

*Anh Nguyet Tran v. Bank of New York*, No. 13 Civ. 580 (RPP), 2014 WL 1225575, at 5 (S.D.N.Y. Mar. 24, 2014) ...................................................... 26

*Aronoff v. Albanese*, 85 A.D.2d 3, 4, 446 N.Y.S.2d 368, 370 (2d Dep't 1982)...... 26

*Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 361-62 (2015).................. 14

*Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me.2014)........... 16, 20

*Bank of N.Y. v. Gales*, 116 A.D.3d 723, 725 (Mem) (2d Dep't 2014) .................. 25

*Barnett v. Countrywide Bank, FSB*, 60 F.Supp.3d 379, 387-88 (E.D.N.Y.2014) .. 25

*Boniel v. U.S. Bank N.A.*, No. 1:12–CV–3809 (ERK)(MDG), 2013 WL 458298 (E.D.N.Y. Feb. 6, 2013)................................................................... 18

*Burger v. Gonzalez*, 498 F.3d 131, 134 (2d Cir. 2007) ......................................... 30

*Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 n. 8 (1st Cir. 2014) ................................................................................................. 26

*Butner v. United States*, 440 U.S. 48, 55 (1979)................................................... 12

*Citicorp Int'l Trading Co. v. W. Oil & Ref. Co.*, 790 F. Supp. 428435 (S.D.N.Y.1992).......................................................................................... 18

*Cowee v. Cornell*, 75 N.Y. 91 (1878) ..................................................................... 18

*In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014) ..................... 11

*In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) ................................................ 5, 19

*In re Commodore Bus. Mach.*, 246 B.R. 476, 487 (S.D.N.Y .2000) ....................... 4

*In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr.E.D.N.Y.2008) ....................... 19

*In re Daly*, No. 11-22368 (RDD), 2015 WL 196509 (Bankr.S.D.N.Y. Jan. 14, 2015) ....................................................................................................... 24

*In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) ................................................. 4

*In re Jennings*, 286 A.D. 256, 259 (2d Dep't 1955), *aff'd* 1 N.Y.2d 762, 152 N.Y.S.2d 305 (1956)................................................................................. 18

*In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990) ......... 4, 19

*In re Miner*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) ............................................ 5

*In re New Century TRS Holdings, Inc., et al*, 07-10416-BLS (Bankr.D.Del) .......... 3

*In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr.S.D.N.Y. 2009) ............................. 11

*In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y.1988)...................... 31

*In re Veal*, 450 B.R. 897, 913 (9th Cir. BAP 2011)............................................... 12

*In re Viencek*, 273 B.R. 354, 359 (Bankr.N.D.N.Y.2002) ..................................... 19

*In re Walker*, 466 B.R. 271, 285 (Bankr.E.D.Pa.2012) .............................. 24, 28, 29

*In re Wright*, No. 10-03893, 2012 WL 27500 (Bankr.D.Haw. Jan. 5, 2012)......... 20

*Knox v. Countrywide Bank*, 4 F.Supp.3d 499, 508 (E.D.N.Y.2014) ..................... 14

*Mathews v. Eldridge*, 424 U.S. 319, 333 .................................................. 30

*Matter of 183 Lorraine Street Associates*, 198 B.R. 16, 26 (E.D.N.Y.1996)......... 11

*Mooney v. Madden*, 193 A.D.2d 933, 933-4 (3d Dep't 1993)............................... 26

*Mortgage Elec. Registration Sys., Inc. v. Coakley*, 41 A.D.3d 674, 674 (2d Dep't 2007) ....................................................................................................... 15

*Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950) ................. 30

*Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993) ...................................... 13

*O'Rourke v. U.S.*, 587 F.3d 537, 30 F.3d 385, 387 (2d Cir. 1994)........................... 5

*OneWest Bank, N.A. v. Melina*, No. 14–CV–5290 (JG)(VVP), 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015)................................................................. 13

*Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) ................................................................................................... 4, 30

*Rajamin v. Deutsche Bank Nat. Trust Co.*, No. 10 Civ. 7531(LTS), 2013 (S.D.N.Y. Mar. 28, 2013), *aff'd* 757 F.3d 79 (2d Cir.2014)............................... 24, 25, 26, 27

*Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000)...................................... 12

*Rapp v. United States Dep't of Treasury*, 52 F.3d 1510, 1520 (10th Cir. 1995) .... 30

*Slutsky v. Blooming Grove Inn*, 147 A.D.2d 208 (2d Dep't 1989)........................ 15

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007) ................................................................................................. 12

*U.S. Bank Nat. Ass'n v. Crutch*, No. 09–CV–998 (FB), 2012 WL 1605595, at *2 (E.D.N.Y. May 8, 2012) ....................................................................... 14

*U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754 (2d Dep't 2009).................... 14

*U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed.Appx. 30, 33 (2d Cir. 2012).... 14

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)................................ 5

*Washburn v. Ranier*, 149 A.D. 800, 803 (2d Dep't 1912)..................................... 27

*Wells Fargo Bank, N.A. v. Landi*, No. 13–CV–5822 (RRM)(JO), 2015 WL 5655810, at *3 (E.D.N.Y. Aug. 14, 2015)................................................... 13

*Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014)........................................... 27

*Zimmer v. Chew*, 34 A.D. 504, 504 (1st Dep't 1898)........................................ 18

**Statutes:**

11 M.R.S. § 1-1201(21)(a) ............................................................... 16, 17

11 M.R.S. § 1-1201(5) ......................................................................... 16

11 M.R.S. § 3-1104(1) ......................................................................... 17

11 M.R.S. § 3-1301(1) .................................................................... 16, 18

11 M.R.S.A. § 3-1602(1) ...................................................................... 28

11 U.S.C. § 502(a).............................................................................. 11

14 M.R.S. § 6101-6326 ........................................................................ 16

14 M.R.S. § 6321 .......................................................................... 17, 21

28 U.S.C § 158(a).............................................................................. 4

Article 3 of the New York Uniform Commercial Code ......................................... 15
Chapter 13 of the Bankruptcy Code.................................................................. 1, 8
EPTL § 7-2.1(c)........................................................................................... 19, 20
EPTL § 7-2.4 .................................................................................................... 26
NY UCC § 1-201(20)..................................................................................... 15, 17
NY UCC § 3-104.............................................................................................. 15, 17
NY UCC § 3-301.............................................................................................. 15, 18
NY UCC § 3-603(1)............................................................................................. 28

**Rules:**
Fed. R. Bankr. P. 3001(f) ................................................................................... 11
Fed. R. Bankr. P. 8013 ........................................................................................ 4

**Treatises:**
106 N.Y.Jur.2d Trusts § 431 ............................................................................... 27

## SUMMARY OF THE ARGUMENT

The instant Appeal was preceded by a Decision and Order, each dated and entered on July 1, 2015 (together, the "Appealed Order"), by the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Debtor-appellant Eric H. Richmond ("Appellant") commenced the underlying bankruptcy proceedings under Chapter 13 of the Bankruptcy Code by filing Bankruptcy Petition No. 1-14-41678-CEC on April 7, 2014.

Pursuant to the Appealed Order, Chief United States Bankruptcy Judge Carla E. Craig denied the November 13, 2014 motion (the "Motion") by Appellant wherein he objected to the proof of claim filed by Select Portfolio Servicing, Inc. ("SPS"), as servicing agent of U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (the "Trust") (together, "Appellee"). In its sound, well-reasoned decision, the Bankruptcy Court held that Appellee possesses the requisite authority to enforce payment on the subject promissory note and, therefore, standing to file its proof of claim in Appellant's bankruptcy proceedings.

Central to said ruling was the Bankruptcy Court's factual finding that the Trust is the holder of the subject promissory note, the original of which was produced by its counsel for inspection by Chief Judge Craig. On appeal, Appellant

questions the authenticity of said instrument by claiming that neither Appellee nor its counsel specifically swore same to be an original and contends his fundamental right to due process was violated because he only briefly inspected the original promissory note with a court officer present. However, Appellant has failed to proffer any authority, whether statutory or otherwise, which requires a sworn statement to have accompanied Appellee's presentment of said instrument. Moreover, the Bankruptcy Court's factual finding, that the document presented to it was the original subject promissory note, did not constitute a violation of Appellant's due process rights as he was afforded the opportunity to be heard at a meaningful time and in a meaningful manner with respect to its genuineness.

Within the Appealed Order, the Trust was also providently characterized as the assignee of the subject mortgage. Both before the Bankruptcy Court and on appeal, Appellant erroneously contends that the subject assignment of mortgage could not have validly assigned the subject mortgage to the Trust because it was issued after New Century Mortgage Corporation ("New Century"), the originator and assignor of the subject loan, was dissolved pursuant to its Chapter 11 Plan. However, and despite the dissolution, said assignment was executed pursuant to a prior power of attorney, the full force and effectiveness of which was safeguarded by the United States Bankruptcy Court, District of Delaware, the Court which

oversaw New Century's bankruptcy proceedings (*In re New Century TRS Holdings, Inc., et al*, 07-10416-BLS (Bankr.D.Del)).[1]

With the Trust's interest in both the subject promissory note and the corresponding mortgage substantiated, Appellee was properly found to possess standing to file a proof of claim in Appellant's bankruptcy proceedings.

Based on the record below and the arguments set forth herein, the Appealed Order should be affirmed in its entirety.

---

[1] Citations to "Del. ECF" are to docket numbers of papers filed in *In re New Century TRS Holdings, Inc., et al*, 07-10416-BLS (Bankr.D.Del).

# JURISDICTIONAL STATEMENT

**A.  Statement of Jurisdiction**

This honorable Court possesses appellate jurisdiction over the instant matter pursuant to 28 U.S.C § 158(a).

**B.  Standard of Review**

To the extent Appellant seeks appellate review of the Bankruptcy Court's factual findings, including the finding that the promissory note inspected by Chief Judge Craig was an original, such findings are subject to review under the clear error standard. Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007) ("The bankruptcy court's factual findings will be upheld unless clearly erroneous . . . ."). "Deference is given to the Bankruptcy Court's factual determinations because of its 'expertise and superior position to make determinations of credibility.'" *Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) (*quoting In re Commodore Bus. Mach.*, 246 B.R. 476, 487 (S.D.N.Y. 2000)).

It is well settled that a finding of fact is clearly erroneous only if it leaves this honorable Court "'with the definite and firm conviction that a mistake has been committed.'" *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d

Cir. 1990) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While the Bankruptcy Court's findings of fact are not conclusive on appeal,

Appellant bears a heavy burden in seeking to overturn them. *In re Miner*, 229 B.R.

561, 565 (B.A.P. 2d Cir. 1999). That is, if the Bankruptcy Court's factual findings

were "plausible in light of the record viewed in its entirety," this honorable Court

"may not reverse" them even if it would have weighed the evidence differently. *In*

*re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (*quoting Anderson v. City of*

*Bessemer*, 470 U.S. 564, 574 (1985)).

Nonetheless, the Bankruptcy Court's conclusions of law are subject to

review under the de novo standard. *O'Rourke v. U.S.*, 587 F.3d 537, 30 F.3d 385,

387 (2d Cir. 1994).

## COUNTER-STATEMENT OF THE ISSUES PRESENTED

1.     Whether the Bankruptcy Court incorrectly concluded that Appellee possessed the requisite authority to enforce the subject promissory note and corresponding mortgage and therefore standing to file a proof of claim in Appellant's bankruptcy proceedings. This legal conclusion by the Bankruptcy Court is subject to review under the de novo standard.

2.     Whether the Bankruptcy Court clearly erred in finding that the subject promissory note, offered by Appellee and inspected by the Bankruptcy Court, was an original. This factual finding by the Bankruptcy Court is subject to review under the clear error standard.

3.     Whether the Bankruptcy Court's factual finding, that it was presented with the original subject promissory note, constituted a violation of Appellant's right to due process. This legal conclusion by the Bankruptcy Court is subject to review under the de novo standard.

It is respectfully submitted that the answer to each of these questions is in the negative.

## COUNTER-STATEMENT OF THE CASE

### A.  The Parties

Creditor-Appellee U.S. Bank National Association ("U.S. Bank") is the holder and owner of the Note and Mortgage as Trustee of the Trust. *See* Dkt. No. 182-2, Ex. 1.  SPS acts as servicing agent for U.S. Bank as Trustee of the Trust with respect to the Note and Mortgage. *Id.*

Appellant is the obligor on the subject promissory note and mortgagor of the subject mortgage which encumbers the real property commonly known as 66 Black Meadow Road, Nobleboro Maine (the "Property"). *See* Dkt. No. 182-2, Ex. 1.

### B.  The Subject Loan

The subject loan was originated on or about August 9, 2005, when Appellant duly executed, acknowledged and delivered a promissory note in the amount of $198,000.00 (the "Note") to New Century. *Id.*  The Note bears an indorsement in blank and without recourse by New Century. *Id.*

As collateral security for the repayment of the sum referenced in the Note, Appellant duly executed, acknowledged, and delivered to JPMorgan, its successors and assigns, a mortgage which granted a mortgage lien on the Property to New Century, its successors and assigns (the "Mortgage"). *Id.*  The Mortgage was duly recorded with the Lincoln County Register of Deeds on September 7, 2005 in Book 3547 at Page 230 as Instrument No. 10160. *See* Dkt. No. 146, Ex. B.

The Note and Mortgage were subsequently sold, transferred and/or assigned to U.S. Bank, as Trustee of the Trust, as evidenced by an assignment of mortgage dated August 18, 2012 from New Century to U.S. Bank, as Trustee of the Trust (the "Assignment"). *Id.* SPS, as attorney-in-fact pursuant to a Limited Power of Attorney dated June 20, 2007 (the "POA"), executed the Assignment by and on behalf of New Century. *See* Dkt. No. 182-2, Ex. 2. The Assignment was duly recorded with the Lincoln County Register of Deeds on April 27, 2012 in Book 4516 at Page 240 as Instrument No. 3520. *See* Dkt. No. 146, Ex. B.

Pursuant to the terms of the Note secured by the Mortgage, Appellant covenanted and agreed to pay monthly payments of principal and interest commencing on October 1, 2005 and continuing until September 1, 2035. *See* Dkt. No. 182-2, Ex. 1. Despite his contractual repayment obligations, Appellant defaulted in making the installment payment due and payable on September 1, 2011, and each payment due monthly thereafter. *Id.*

## C.     The Underlying Bankruptcy Proceedings

On April 7, 2014, Appellant voluntarily commenced the underlying bankruptcy proceedings under Chapter 13 of the Bankruptcy Code by filing Bankruptcy Petition No. 1-14-41678-CEC. *See* Dkt. No. 1.

On August 12, 2014, SPS filed a proof of claim in the amount of $236,735.29 on behalf of the Trust.[2] *See* Dkt. No. 146, Ex. A.

On November 13, 2014, Appellant filed the Motion objecting to the Proof of Claim based upon, *inter alia*, an alleged lack of evidence substantiating the Trust's status as the holder of the Note and SPS's authority to execute the Assignment on behalf of New Century. *See* Dkt. No. 146. Thereafter, Appellant and Appellee respectively filed opposition and reply papers. *See* Dkt. Nos. 182, 191.

On March 17, 2015, a hearing was held with respect to the Motion, at which the original Note was physically presented by Appellee's counsel. *See* Dkt. Nos. 210, 227, pp. 35-6. Upon her Honor's inspection thereof, Chief Judge Craig found said document to bear an original signature.[3] *See* Dkt. No. 227, pp. 35-6. After the hearing concluded, the Bankruptcy Court clerk made a copy of the original Note and provided same to Appellant for his review.[4] *Id*, p. 42. Presumably, Appellant contends that he was only able to compare said copy to the original Note briefly and with a court officer present.

---

[2] On August 25, 2014, SPS filed an amended proof of claim (the "Proof of Claim") on behalf of U.S. Bank as Trustee of the Trust. *See* Dkt. No. 182-2, Ex. 1.

[3] Neither before the Bankruptcy Court below nor on appeal does Appellant deny that he signed the Note or in any other way contend that the signature thereon is not genuine.

[4] At said hearing, Appellant took issue with the fact that the certain identifying information and numbers, which were redacted from the copy of the Note as attached to and as filed with the Proof of Claim, were visible on the original Note presented to the Bankruptcy Court. Despite this challenge by Appellant, Chief Judge Craig was satisfied that the document presented to her Honor constituted the original Note.

As a result, the Bankruptcy Court permitted Appellant and Appellee to make additional submissions in the Motion sequence. *See* Dkt. Nos. 220, 224, 234, 242.

## D. The Appealed Order

On July 21, 2015, the Bankruptcy Court issued the Appealed Order wherein the Motion was denied and Appellant's objection to the Proof of Claim was overruled. *See* Dkt. Nos. 266, 269. Despite Appellant's contentions that the Assignment was invalid, the Bankruptcy Court correctly found the Trust to be the holder of the Note and assignee of the Mortgage and therefore with the requisite standing to file the Proof of Claim. *See* Dkt. No. 269. Within the Appealed Order, the Bankruptcy Court further held that Appellant lacked standing to challenge or require proof of the Trust's compliance with the subject pooling and servicing agreement dated June 20, 2007 (the "PSA") (*see* Dkt. No. 220, p. 7), and quelled any concern of double payment due to possible competing claims to the Note. *See* Dkt. No. 269. Therein, the Bankruptcy Court also rejected Appellant's interpretation of New York's Estate Powers and Trusts Law ("EPTL") as forbidding the Trust from holding the Note because it is indorsed in blank. *Id.*

On August 21, 2015, Appellant filed a Notice of Appeal of the Appealed Order, which initiated the instant appeal.[5] *See* Dkt. No. 322.

---

[5] After the appellee was apparently mis-designated in his original Notice of Appeal, Appellant thereafter filed an Amended Notice of Appeal dated September 3, 2015. *See* Dkt. No. 350.

# ARGUMENT

## POINT I
## THE BANKRUPTCY COURT CORRECTLY HELD THAT
## APPELLEE POSSESSES STANDING TO FILE THE PROOF OF CLAIM

### A.     Standard of Law

#### 1.     Standard of Law with Respect to Appellant's Challenge to the Proof of Claim

It is well settled that "[a] properly filed proof of claim is prima facie evidence of the amount and character of the claim . . . ." and "is deemed allowed absent objection." *Matter of 183 Lorraine Street Associates*, 198 B.R. 16, 26 (E.D.N.Y.1996) (*citing* 11 U.S.C. § 502(a)); *see also* Fed. R. Bankr. P. 3001(f).

Consequently, a party objecting to a proof of claim "must provide evidence showing the claim is legally insufficient." *In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y.2014) (*citing In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr.S.D.N.Y.2009)).    If the objecting party bears his initial burden of production, "[t]he burden then shifts to the claimant, who must 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Arcapita Bank B.S.C.(c)*, 508 B.R. at 817 (*quoting In re Oneida*, 400 B.R. at 389).

---

Appellant's Brief was submitted within fourteen (14) days of his filing of his Amended Notice of Appeal, but not the original Notice of Appeal.

In the bankruptcy realm, a creditor's rights generally stem "'from the underlying substantive law creating the debtor's obligation . . . .'" *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007) (*quoting Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000)). Where the creditor is a mortgagee, its rights are collaterally secured by real property and "[p]roperty interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). As such, Appellee's ability to file the Proof of Claim is a function of what rights, if any, the Trust has with respect to enforcement of the Note and Mortgage. *See In re Veal*, 450 B.R. 897, 913 (9th Cir. BAP 2011) (holding that, for an entity to prove standing to file a proof of claim for a mortgage debt, said entity must show that it is "entitled to enforce the note," or that it is the agent of said entity).

Here, Appellant's objection to the Proof of Claim is not premised upon a challenge to the validity of the Note and Mortgage; he does not contend that the signatures on said instruments are not his own. In fact, Appellant dutifully made payments towards the repayment of the mortgage proceeds for nearly six years before defaulting on his contractual repayment obligations. *See* Dkt. No. 182-2, Ex. 1. Rather, in objecting to the Proof of Claim, Appellant challenges the Trust's standing to enforce the Note and Mortgage.

**2.    Standard and Choice of Law with Respect to the Trust's Standing to Enforce the Note and Mortgage**

A determination as to whether the Trust is entitled to enforce the Note and foreclose upon the Mortgage differs, albeit slightly, depending on whether New York law (the law of the state in which Appellant commenced the underlying bankruptcy proceedings) or Maine law (the law of the state in which the subject loan was originated) is applied. *See Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993) (a creditor-mortgagee's rights in a bankruptcy proceeding are determined by the state law which governs the relevant mortgage instruments).

**a.    New York Law on Entitlement to Enforce a Note and Foreclose Upon its Corresponding Mortgage**

New York law is well settled that an entity has authority to enforce a note and foreclose upon the mortgage lien which secures its repayment where said entity "is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note . . . ." *OneWest Bank, N.A. v. Melina*, No. 14–CV–5290 (JG)(VVP), 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015) (citations omitted); *accord Wells Fargo Bank, N.A. v. Landi*, No. 13–CV–5822 (RRM)(JO), 2015 WL 5655810, at *3 (E.D.N.Y. Aug. 14, 2015) (citations omitted). New York is unequivocal that:

> Any disparity between the holder of the note and the mortgagee of record does not stand as a bar to a foreclosure action because the mortgage is not the dispositive document of title as to the mortgage loan. The holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose.

*Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 361-62, 12 N.Y.S.3d 612, 615 (2015) (quotations omitted); *see also Knox v. Countrywide Bank*, 4 F.Supp.3d 499, 508 (E.D.N.Y.2014) (quotations omitted).

Consequently, physical delivery of the note "will effect a valid assignment of a note and mortgage; a written assignment is not required." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed.Appx. 30, 33 (2d Cir. 2012) (citations omitted); *see also Taylor*, 25 N.Y.3d at 362, 12 N.Y.S.3d at 615 ("Once a note is transferred, . . . the mortgage passes as an incident to the note.) (quotations omitted); *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009) ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."). Accordingly, demonstration by an entity that is in physical possession of the original note, alone, is sufficient to establish standing. *U.S. Bank Nat. Ass'n v. Crutch*, No. 09–CV–998 (FB), 2012 WL 1605595, at *2 (E.D.N.Y. May 8, 2012).

The legal principles reflected in the aforementioned case precedents are also rooted in statutory law, specifically Article 3 of the New York Uniform Commercial Code ("NY UCC"). NY UCC § 3-104; *see also Mortgage Elec. Registration Sys., Inc. v. Coakley*, 41 A.D.3d 674, 674, 838 N.Y.S.2d 622, 623 (2d Dep't 2007); *Slutsky v. Blooming Grove Inn*, 147 A.D.2d 208, 542 N.Y.S.2d 721 (2d Dep't 1989). Pursuant to NY UCC § 3-104, a note is a negotiable instrument which may be transferred by indorsement or physical delivery. Said subsection gives further credence to the maxim that when a note is transferred, the mortgage automatically follows.

The NY UCC defines a "holder" as one who is in "possession of . . . an instrument . . . issued or indorsed to him or to his order or to bearer or in blank." NY UCC § 1-201(20). The statute makes clear, however, that ownership of the note and mortgage is inconsequential as "[t]he holder of an instrument whether or not he is the owner may transfer or negotiate it and . . . enforce payment in his own name." NY UCC § 3-301.

Accordingly, possession of the promissory note forms the essence of standing in New York because the entity who "holds" the note may receive and enforce payment thereon in his or her own name. NY UCC § 3-301.

### b. Maine Law on Entitlement to Enforce a Note and Foreclose Upon its Corresponding Mortgage

In Maine, a party seeking to enforce a note and foreclose upon the corresponding mortgage must demonstrate an interest in both the note and mortgage. *See* 14 M.R.S. § 6101-6326; *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 8, 96 A.3d 700, 704. The Maine Uniform Commercial Code ("Maine UCC") similarly defines a "holder" as one who is in "possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 11 M.R.S. § 1-1201(21)(a). The statute further defines a "bearer" as a "person in control of a negotiable instrument . . . that is payable to bearer or indorsed in blank." 11 M.R.S. § 1-1201(5). Thereunder, a "holder" is deemed "entitled to enforce" the negotiable instrument. 11 M.R.S. § 3-1301(1).

However, unlike New York law, "[t]he interest in the note is only part of the standing analysis . . . to be able to foreclose, a plaintiff must also show the requisite interest in the mortgage . . . ." in Maine. *Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d at 706. That is, "whereas a plaintiff who merely holds or possesses—but does not necessarily own—the note satisfies the note portion of the standing analysis, the mortgage portion of the standing analysis requires the plaintiff to establish ownership of the mortgage." *Id.* Consequently, to foreclose upon a mortgage in Maine, the plaintiff must not only demonstrate possession of the

promissory note, but also present proof of the assignment of the mortgage. *Id*, 2014 ME 89, ¶ 18, 96 A.3d at 708; *see also* 14 M.R.S. § 6321.

Whether performed under Maine or New York law, analysis of the Trust's rights to enforce the Note and Mortgage leads to the undeniable conclusion that Appellee filed the Proof of Claim with the requisite standing.

**B.  The Trust is the Holder of the Note**

> **1.  The Trust is in Possession of the Original Note, which was Presented to the Bankruptcy Court for Inspection**

The Note at issue herein memorializes Appellant's promise to pay the sum of $195,000.00, plus interest, and is therefore a negotiable instrument within the meaning of both the NY UCC and the Maine UCC. *See* Dkt. No. 182-2, Ex. 1; *see also* NY UCC § 3-104; 11 M.R.S. § 3-1104(1).  Clearly, the Note is bearer paper as it bears a blank indorsement on the back of its signature page by New Century, the originator of the subject loan. *See* Dkt. No. 182-2, Ex. 1; *see also* NY UCC § 1-201(20); 11 M.R.S. § 1-1201(21)(a).

At the March 17, 2015 Motion hearing, Appellee's counsel presented the original Note to the Bankruptcy Court. *See* Dkt. Nos. 210, 227, pp. 35-6.  Upon her Honor's inspection thereof, Chief Judge Craig found said document to bear an original signature and was satisfied that it constituted the original Note. *See* Dkt. No. 227, pp. 35-6.  After having an opportunity, however brief, to inspect the

original Note and compare it to the copy provided to him, Appellant did not

dispute the genuineness of his signature thereon.    Accordingly, the Trust was

correctly determined to be the holder of the original Note as it was in possession

thereof.[6] NY UCC § 3-301; 11 M.R.S. § 3-1301(1).

Appellant does contend, however, that the Trust's status as the Note holder

was not sufficiently established because neither Appellee nor its counsel swore that

the document presented to Chief Judge Craig was the original Note.   *See*

Appellant's Brief, p. 5.   In making said argument, Appellant tellingly fails to cite

to any authority which stands for the proposition that, for a document to be deemed

an original, it must be accompanied by a sworn statement that it is an original.   *Id.*

He further claims entitlement to an opportunity to "forensically review" the

purportedly original Note but fails to specify what a forensic review would entail

and from under what statutory or case authority his entitlement derives.   *Id.*

---

[6] In fact, possession of a negotiable instrument with a proper indorsement, either in blank or specially endorsed to the party seeking to enforce it, carries with it a presumption of delivery to the holder and that such holder is the owner of the instrument. *See e.g., Cowee v. Cornell*, 75 N.Y. 91 (1878); *In re Jennings*, 286 A.D. 256, 259, 143 N.Y.S.2d 383, 386 (2d Dep't 1955) (holding that "ordinarily, possession of an endorsed negotiable instrument imports delivery."), *aff'd* 1 N.Y.2d 762, 152 N.Y.S.2d 305 (1956); *Citicorp Int'l Trading Co. v. W. Oil & Ref. Co.*, 790 F. Supp. 428435 (S.D.N.Y.1992) ("Generally, possession of an endorsed negotiable instrument imports delivery.") (citations omitted); *see also Zimmer v. Chew*, 34 A.D. 504, 504, 54 N.Y. 685, 687 (1st Dep't 1898) ("The indorsement of the note in blank by the payee . . . and the production of it by the plaintiff constituted prima facie evidence of the latter's ownership."); *Boniel v. U.S. Bank N.A.*, No. 1:12–CV–3809 (ERK)(MDG), 2013 WL 458298, at *4 (E.D.N.Y. Feb. 6, 2013) (holding that "mere possession of a promissory note endorsed in blank (just like a check) provides presumptive ownership of that note by the current holder" and confers standing to commence a foreclosure action) (citations omitted).

Nevertheless, whether the document presented was the original Note was a factual finding made by the Bankruptcy Court, a factual finding which cannot be overturned absent a definite and firm conviction that it was not original. *In re Manville Forest Prods. Corp.*, 896 F.2d at 1388. As the factual finding made by the Bankruptcy Court was undoubtedly plausible in light of the record, Appellant's challenge to that the Trust's possession of the original Note must be rejected. *In re Cacioli*, 463 F.3d at 234.

Therefore, as the entity in possession of the Note (and thereby, the Mortgage, pursuant to New York law) and in accordance with all applicable provisions of the NY UCC, the Bankruptcy Court correctly concluded that SPS possessed standing to file the Proof of Claim by and on behalf of the Trust.[7]

## 2.    The Trust May Hold the Note Even Though it is Indorsed in Blank

Below, the Appellant argued that the Trust, a trust created under New York law, may not hold a note indorsed in blank. *See* Dkt. No. 191, pp. 6-7. This argument is premised upon a flawed interpretation of EPTL § 7-2.1(c), which

---

[7] It is undisputed that "[a] servicer of a mortgage is clearly a creditor and has standing to file a proof of claim against a debtor pursuant to its duties as a servicer." *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr.E.D.N.Y.2008) (citations omitted); *see also In re Viencek*, 273 B.R. 354, 359 (Bankr.N.D.N.Y.2002) (holding that a servicer for a mortgagee was authorized to file a proof of claim on its behalf even though said servicing relationship was not disclosed). As such, SPS's standing to file the Proof of Claim by and on behalf of the Trust is without question.

states that "[a] trust . . . may acquire property in the name of the trust as such name is designated in the instrument creating said trust."

Despite Appellant's contentions to the contrary, the Bankruptcy Court correctly recognized that said language, which is clear and unequivocal, does not forbid the Trust from possessing the Note because it is indorsed in blank. Rather, said statutory provision merely permits, but does not require, a trust to acquire property in its own name. *See In re Wright*, No. 10-03893, 2012 WL 27500, at *4 (Bankr.D.Haw. Jan. 5, 2012) ("[EPTL § 7-2.1(c)] simply allows a trust to acquire property in its name and in no way restricts the means by which a trust may acquire property.") (applying New York law). On appeal, Appellant has abjectly abandoned this claim, presumably finding no error in the Bankruptcy Court's legal conclusion that EPTL § 7-2.1(c) does not preclude a trust from holding a negotiable instrument that is indorsed in blank.

Based on the foregoing, Appellant's interpretation of EPTL § 7-2.1(c) was correctly rejected and his objection to the Trust's standing to enforce the Note and Mortgage based upon said interpretation properly overruled.

C.     **The Trust is the Assignee of the Mortgage**

Unlike in New York, a plaintiff in Maine must present proof of the assignment of the mortgage, in addition to its possession of the note, in order to establish standing to foreclose thereupon. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d at

708; *see also* 14 M.R.S. § 6321. If Maine law is applicable,[8] a demonstration by Appellee of the Trust's interest in the Mortgage was necessary for it to establish its standing to file the Proof of Claim. For this reason, the Bankruptcy Court performed an additional analysis as to the validity of the Assignment within the Appealed Order.

In the underlying bankruptcy proceedings, Appellee produced the Assignment by which the Mortgage was assigned from New Century to U.S. Bank as Trustee of the Trust. *See* Dkt. No. 146, Ex. B. Appellee also produced the corresponding POA pursuant to which SPS was granted the authority to execute the Assignment by and on behalf of New Century. *See* Dkt. No. 182-2, Ex. 2. (Therein, SPS was "authorized, empowered . . . [t]o execute . . . and deliver . . . assignments of deed of trust/mortgage . . . ."). Despite said production, Appellant argues that the Mortgage was not validly assigned to U.S. Bank, as Trustee of the Trust, because the Assignment was not executed until August 18, 2012, and thus after New Century's dissolution pursuant to its Chapter 11 bankruptcy plan. *See* Appellant's Brief, p. 5.

Indeed, New Century's dissolution was effectuated immediately upon entry of the first Confirmation Order on July 15, 2008. *See* Del. ECF No. 8596-2.

---

[8] Notably, neither Appellant nor Appellee addressed the applicability of Maine law within their papers; both parties solely relied upon and applied New York law to the issues presented.

However, the first Confirmation Order, entered in New Century's bankruptcy proceedings on July 15, 2008, expressly mandated that "[p]owers of attorney executed by the Debtors prior to their dissolution shall be binding . . . with full force and effect notwithstanding the dissolution of the Debtors." *See* Del. ECF No. 8596-1 ¶ 72. Accordingly, the POA, executed prior to said Order, was effective notwithstanding the fact that New Century was being dissolved.

When New Century's Chapter 11 Plan was later modified on November 20, 2009, the second Confirmation Order reinforced the language of its predecessor. *See* Del. ECF No. 9957-1 ¶ 69 ("Powers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding . . . with full force and effect notwithstanding the dissolution of the Debtors."). Said language manifests the intention of the United States Bankruptcy Court, District of Delaware, to continue the full force and effectiveness of the powers of attorney previously executed by New Century so that their holders could continue functioning in furtherance of the authority with which they were empowered by said instruments. To hold otherwise would subvert the express language of those Orders. Graver still, a holding to the contrary would render the myriad of mortgages previously owned by New Century unassignable.

Performing a comprehensive and thorough analysis, the Bankruptcy Court therefore correctly rejected Appellant's claim of a void Assignment. On appeal,

Appellant has failed to demonstrate how this rejection constitutes reversible error. *See* Appellant's Brief, p. 5. Instead, he baldly characterizes the Assignment as fraudulent, but marshals no evidence, additional facts or legal analysis in support of said characterization. *Id.* Therefore, Appellant's challenge to the validity of the Assignment was correctly rejected and his objection to the Proof of Claim based thereupon providently overruled.

Based on the foregoing it is clear that, in the event Maine law is applicable, the Trust has demonstrated not only an interest in the Note but also in the Mortgage. As such, the Bankruptcy Court correctly found Appellee to possess the requisite standing to file the Proof of Claim.

## D. Evidence of Compliance with the Pooling and Servicing Agreement is Unnecessary

The foregoing analysis makes the Trust's possession of the Note and interest in the Mortgage clear. Despite the fact that Appellee's standing to file the Proof of Claim has been substantiated, Appellant disputed the Trust's compliance with the terms of the Trust's PSA by claiming that the Mortgage was not acquired by the Trust in the manner in and within the time parameters of the PSA. *See* Dkt. No. 220, pp. 6 – 11. Nevertheless, as demonstrated below, evidence substantiating the Trust's compliance with the PSA need not have been furnished as Appellant lacks standing to raise this challenge.

### 1. Appellant Lacks Standing to Challenge or Require Proof of Compliance with the Pooling and Servicing Agreement

It has been noted that "a judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, i.e., the PSA." *In re Walker*, 466 B.R. 271, 285 (Bankr.E.D.Pa.2012) (citations omitted).

In reaching this consensus, judges have held that "[b]ecause the Note is a negotiable instrument and that [the secured creditor] is the holder of the instrument, the Debtor lacks standing to assert that [the secured creditor] cannot enforce the Note due to an alleged failure to comply with the PSA." *Id; see also Rajamin v. Deutsche Bank Nat. Trust Co.*, No. 10 Civ. 7531(LTS), 2013 WL 1285160, at *3 (S.D.N.Y. Mar. 28, 2013) ("The thrust of this claim, however, is still non-compliance with the terms of the PSAs and, for the reasons stated above, it is an argument that Plaintiffs do not have standing to raise."), *aff'd* 757 F.3d 79 (2d Cir.2014); *In re Daly*, No. 11-22368 (RDD), 2015 WL 196509, at *7 (Bankr.S.D.N.Y. Jan. 14, 2015) ("[T]he case law is clear that a non-party to a pooling and servicing agreement cannot rely upon the alleged non-compliance with

the terms of that agreement as a defense."); *Bank of N.Y. v. Gales*, 116 A.D.3d 723, 725, 982 N.Y.S.2d 911, 912 (Mem) (2d Dep't 2014) (denying the borrowers' motion to dismiss the foreclosure complaint because they lack "standing to assert noncompliance with the subject lender's pooling service agreement."); *see also Barnett v. Countrywide Bank, FSB*, 60 F.Supp.3d 379, 387-88 (E.D.N.Y.2014) (holding that the borrowers "lack the requisite standing, both constitutional and prudential, to challenge the securitization process" of the mortgage).

Accordingly, it is clear that "[t]he weight of caselaw throughout the country holds that a non-party to a PSA lacks standing to assert non-compliance with the PSA as a claim or defense unless the non-party is an intended (not merely incidental) third party beneficiary of the PSA." *Rajamin*, No. 10 Civ. 7531(LTS), 2013 WL 1285160, at *11. As Appellant is admittedly neither a party to nor a third-party beneficiary of the PSA (*see* Dkt. No. 220, p. 7), he lacks standing to challenge or even require proof of the Trust's compliance therewith. On appeal, Appellant has abjectly abandoned said claim.

Based on the foregoing, his challenge to Appellee's standing to file the Proof of Claim on said ground must be similarly rejected.

2. **Even if the Note and Mortgage Were Acquired After the Trust's Closing Date, Said Acquisition is a Merely a Voidable Act**

Even if Appellant possessed the requisite standing to challenge the Trust's compliance with the PSA, his challenge, premised upon the argument that the transfer of the Note and Mortgage after the closing date of the Trust is void (*see* Dkt. No. 220, p. 10), still fails. Presumably, said argument is reliant upon a misguided interpretation of EPTL § 7-2.4, which declares that "every sale, conveyance or other act of the trustee in contravention of the trust is void."

However, the vast majority of courts to consider this interpretation of EPTL § 7-2.4 have rejected it and held that, despite the express terms of said statute, "acts of a trustee in contravention of a trust may be ratified, and are thus voidable." *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 37 n. 8 (1st Cir. 2014) (citations omitted); *see also Rajamin*, 757 F.3d at 89 ("[A] trust's beneficiaries may ratify the trustee's otherwise unauthorized act, and because 'a void act is not subject to ratification,' such an unauthorized act by the trustee is not void but merely voidable by the beneficiary.") (*quoting Aronoff v. Albanese*, 85 A.D.2d 3, 4, 446 N.Y.S.2d 368, 370 (2d Dep't 1982)).

This line of cases "appl[ies] the rule that a beneficiary can ratify a trustee's *ultra vires* act." *Anh Nguyet Tran v. Bank of New York*, No. 13 Civ. 580 (RPP), 2014 WL 1225575, at 5 (S.D.N.Y. Mar. 24, 2014) (*citing Mooney v. Madden*, 193

A.D.2d 933, 933-4, 597 N.Y.S.2d 775, 776 (3d Dep't 1993) ("A trustee may bind

the trust to an otherwise invalid act or agreement which is outside the scope of the

trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's

*ultra vires* act or agreement."); *Washburn v. Ranier*, 149 A.D. 800, 803, 134

N.Y.S. 301, 304 (2d Dep't 1912); 106 N.Y.Jur.2d Trusts § 431 ("the trustee may

bind trust to an otherwise invalid act or agreement which is outside the scope of the

trustee's power when beneficiary consents to or ratifies the trustee's *ultra vires* act

or agreement.")).  In fact:

> [C]ourts have recognized that a PSA is a contract
> between the originating lender and the subsequent
> purchaser/trustee and that, under traditional principles of
> contract law, a contracting party is capable of ratifying
> conduct that is done in violation of the contract. Thus,
> although a post-closing-date loan assignment violates the
> terms of the PSA, these courts conclude that such an
> assignment is not void, but is merely voidable, because
> the trustee has the option of accepting the loan
> assignment despite its untimeliness.

*Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (citations omitted).

Based on the foregoing, the holding of *Rajamin*, which comports with

traditional rules of New York contract law, necessitates the rejection of

Appellant's argument that the transfer of the Note and Assignment of the Mortgage

after the Trust's closing date is void.

### 3. Appellant is in No Danger of Being Subjected to Double Liability

In objecting to the Proof of Claim, Appellant expressed concern that he could potentially be subjected to double liability with respect to his repayment of the Note. *See* Dkt. No. 220, p. 11. However, the underlying reason why Appellant lacks standing to challenge the Trust's compliance with the PSA is because he "cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment . . . ." *Walker* at 285 (citations omitted).

In pertinent part, the NY UCC states that "[t]he liability of any party is discharged to the extent of his payment or satisfaction to the holder even though it is made with knowledge of a claim of another person to the instrument." NY UCC § 3-603(1). Similar protection from double liability on a promissory note is afforded to a obligor under the Maine UCC. 11 M.R.S.A. § 3-1602(1).

Where an obligor makes payment on a promissory note to its holder, he or she makes payment to the entity entitled to enforce said note. Therefore, in the event there is a competing claim to enforcement of the promissory note by another entity, the amount owed thereunder to the competing entity would be reduced by any payments made by the obligor to the note holder. As such, it is clear that:

> [T]he Debtor is in no danger of being subjected to double liability. Even if, as a result of a failure to comply with all of the transfer requirements of the PSA (or for any other reason), [the secured creditor] lacks the right to retain the economic benefit of the Note, [the secured creditor] is the holder and the Debtor cannot be harmed by paying the holder. In short, the Debtor is unaffected by any noncompliance with the PSA."

*Walker* at 286.

Appellee's presentment of the original Note at the March 17, 2015 hearing indisputably confirms the Trust's status as its holder. Thus, any payments made by Appellant towards the repayment of the Note should be made to the Trust, the entity authorized to enforce payment thereon. As such, Appellant could not be subjected to double liability as any payments made to the Trust could not again be recovered by a party with a competing claim to the Note. Rather, the amount owed to said competing party, if it possessed a proper claim to the Note, would be reduced by the amount of those payments tendered by Appellant to the Trust.

With no potential injury to be suffered as a result of any alleged non-compliance with the PSA, it is clear that Appellant's challenge to the Proof of Claim on said basis is without merit. Thus, his objection was properly overruled.

**THE BANKRUPTCY COURT'S FACTUAL FINDING THAT IT WAS
PRESENTED WITH THE ORIGINAL NOTE DID NOT CONSTITUTE A
VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS**

On appeal, Appellant also contends that his fundamental right to due process
was violated because Appellee presented the purportedly original Note at the
March 17, 2015 Motion hearing without prior notice. *See* Appellant's Brief, pp. 5 –
8. He further contends that, while he was provided with a copy of the purportedly
original Note (which copy was made by the Bankruptcy Court) thereat, he was
only able to briefly compare same to the purportedly original Note and while a
court officer was present. *Id.*

Entitled to due process, Appellant was "to be afforded 'the opportunity to be
heard 'at a meaningful time and in a meaningful manner.'" *Burger v. Gonzalez*,
498 F.3d 131, 134 (2d Cir. 2007) (*quoting Mathews v. Eldridge*, 424 U.S. 319,
333). With respect to notice, "due process requires 'notice reasonably calculated,
under all the circumstances, to apprise interested parties of the pendency of the
action and afford them an opportunity to present their objections.'" *Pearl-Phil
GMT (Far East) Ltd.*, 266 B.R. at 583 (*quoting Mullane v. Central Hanover Bank
& Trust*, 339 U.S. 306, 314 (1950)). Nevertheless, even if notice is inadequate,
the objecting party must demonstrate prejudice as a result thereof. *Pearl-Phil GMT
(Far East) Ltd.*, 266 B.R. at 583 (*citing Rapp v. United States Dep't of Treasury*, 52

F.3d 1510, 1520 (10th Cir. 1995); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y.1988)).

In the event Appellant was not on prior notice that the original Note was to be presented at the March 17, 2015 hearing, Appellant should not have been taken by surprise by said presentment considering the gravamen of his objection to the Proof of Claim was whether or not the Trust possessed the original Note. Nevertheless, and despite any deficiency with respect to notice, Appellant's due process rights were not violated because he was not prejudiced by Appellee's presentment of the original Note at the March 17, 2015 hearing.

Threat, the Bankruptcy Court's own clerk made a copy of the original Note and provided same to Appellant. *See* Dkt. No. 227, p. 42. Appellant alleges that he was provided with only a brief time in which to compare same to the purported original and that a court officer "hovered" over him during his inspection thereof. However, even a brief period of time would have reasonably allowed Appellant to make a determination as to the genuineness of the Note. Undoubtedly, it would take an individual mere moments, if not seconds, to determine if a document bore his own original signature. Tellingly, however, Appellant did not at the hearing and to this day does not dispute that he executed the Note and Mortgage.[9]

---

[9] In fact, the Bankruptcy Court found the original Note to be "identical to the copy attached to the Proof of Claim, except that, on the copy, the loan number was redacted, as required by Bankruptcy Rule 9037, and the return address was cut off." *See* Dkt. No. 269, p. 11.

Nevertheless, even if Appellant was provided with an unreasonably short time to review the original Note, such time constraint is inconsequential. The Bankruptcy Court thereafter afforded Appellant with additional time to submit further papers in support of his objection to the Proof of Claim. *See* Dkt. Nos. 220, 234. Despite this additional time, Appellant still failed to adequately dispute the genuineness of the original Note that was presented at the hearing.

Having been provided with a copy of the original Note at the Motion hearing and thereafter with additional time to brief the issue, it is respectfully submitted that the Bankruptcy Court undoubtedly afforded Appellant with the opportunity to be heard at a meaningful time and in a meaningful manner.

Based on the foregoing, it is respectfully submitted that the Bankruptcy Court's factual finding, that the document presented was the original Note, did not constitute a violation of Appellant's right to due process.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this honorable

Court should affirm the Appealed Order in its entirety.

Dated:      White Plains, New York
             October 9, 2015

Respectfully Submitted,

David V. Mignardi, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
T: (914) 949-2909
F: (914) 949-5424
dmignardi@eckertseamans.com

*Attorneys for Appellee*

*Select Portfolio Servicing, Inc., as servicing agent for U.S. Bank National Association*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the within Brief of Appellee, Select Portfolio Servicing, Inc., as Servicing Agent for U.S. Bank National Association upon the persons listed below via First Class U.S. Mail, postage prepaid, this 9th day of October, 2015:

Erich H. Richmond
227 4th Avenue
Brooklyn, New York 11215
*Pro-se Appellant*