UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

Eric Hawkes Richmond,

        Appellant,                         1:15-cv-04980-ARR

-against-

    U.S. Bank

        Appellee

---

On Appeal from the Bankruptcy Court
For the Eastern District Of New York
The Honorable Carla E. Craig, Bankruptcy Judge
Chapter 13 Case No. 14-41678 CEC

---

# APPELLANTS' REPLY BRIEF IN FURTHER SUPPORT OF APPEAL

# FROM AN ORDER OF THE BANKRUPTCY COURT OF THE EASTERN

# DISTRICT OF NEW YORK

---



Eric H. Richmond, pro se
2107 Regent Place
Brooklyn, NY 11226
(646) 256-9613

Oral Arguments Requested
10 Minutes Oral Argument
5 Minutes Reply

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. ii

SUMMARY OF COUNTERARGUMENT ............................................. 1

ARGUMENT ........................................................................................ 3

   I. PREPONDERANCE IS STRENGTH, NOT NUMBER OF ITEMS ... 3

   II. APPELLEE IS CHALLENGING VALIDITY OF DOCUMENTS ........ 3

   III. OPPOSING COUNSEL CHOSE INCORRECT NY UCC .............. 3

   IV. IN ALL STATES POSSESSION PRESUPPOSES ORIGINAL ....... 3

   V. IN POSSESSION CAN ONLY MEAN ORIGINAL ......................... 4

   VI. NO ONE HAS SWORN THAT THE DOCUMENT PRESENTED TO THE BANKRUPTCY COURT IS ORIGINAL ............................... 4

   VII. POWER OF ATTORNEY CANNOT TRANSFER WHAT HAS ALREADY BEEN TRANSFERRED AND LIQUIDATED ................ 4

   VIII. PSA - HOLDER MUST HOLD ORIGINAL ................................... 5

   IX. DOUBLE JEOPARDY .................................................................. 5

   X. DUE PROCESS ........................................................................... 5

   XI. PREJUDICE - NO OPPORTUNITY TO HAVE EXPERT REVIEW .. 6

   XII. GRAVAMEN ................................................................................. 6

   XIII. OPPORTUNITY TO SUBMIT PAPERS IS NOT PROXY FOR REVIEW ..................................................................................... 7

   XIV. FAILED TO ADEQUATELY DISPUTE THE GENUINENESS .... 7

   XV. AUTHORITY V PRINCIPLE - SALMON P CHASE .................. 7

CONCLUSION ..................................................................................... 7

# Table of Authorities

**Statutes and Rules**                                              **PAGE**

Judiciary Law 487 ................................................... 2,4

NY UCC 1-201(21) .................................................. 3

NY UCC 1-201 (20) ................................................. 3


# TABLE OF CASES

**Cases**                                                            **Page**

Burger v. Gonzalez, 498 f.3d 131, 134 (2d Cir. 2007) ................  6

## SUMMARY OF COUNTERARGUMENT

Opposing counsel posits, essentially, that an entity can write a bad check (assignment of mortgage) on a closed account (New Century). The lower court reached a beyond absurd interpretation of a New Century liquidation document that would put Casey Stengel[1] to shame. The court finding that it is even remotely possible to interpret anything in the New Century Bankruptcy Liquidation to mean that an asset that was transferred away from New Century can be transferred away again four years after liquidation would be humorous if it were not so absurd.

Opposing counsel notes that the challenged note was presented to the court for review but does not accept that being without notice matters. Opposing counsel says that the "however brief" opportunity presented was sufficient. Notice and opportunity to be heard constitute due process. Notice was not given. "However brief" is not a fair opportunity. Absent either or the mere pretense of either violates due process. It is unquestioned that notice was not given. It is also unquestioned that the lower court did not hold a hearing on the original-ness of the challenged note as is required when a document is challenged.

---

[1] *All right everyone, line up alphabetically according to your height.*

1

Unchallenged, any document submitted to the court can be seen as valid. It is axiomatic, however, that challenged documents need to be addressed by a legitimate and earnest inquiry. This is doubly so for "ambush notes" without notice.

How can anyone prepare or conduct research without notice? In addition, the court officer mentioned was called up from the building's entry because I, the Appellant, became incensed that the challenged note was presented without notice and immediately sent back to a warehouse in the midwest.

Nowhere is it sworn that they presented the Bankruptcy judge with an original, wet ink, note, just that the judge found it to be an original.

It is quite simple. Have an attorney swear that it is an original subjecting them to *Judiciary Law 487* or produce the contested note and have an analysis done to see if it is just a photocopy.

Based on the clear invalidness of the assignment of mortgage, the lack of specifying the note in the Notice of Claim as the basis for the claim and the failure of the lower court to conduct an earnest review with due process, the Appealed Order should be overturned and the case remanded back to the Bankruptcy Court.

## ARGUMENT

### PREPONDERANCE IS STRENGTH, NOT NUMBER OF ITEMS

Preponderance must be a weighted average. The only two documents presented are an assignment of mortgage and a note.

If the note is not an original or the assignment of mortgage is not valid even unweighted preponderance is not possible.

If the assignment of mortgage is fraudulent as appellant claims, well, fraud vitiates everything.

### APPELLEE IS CHALLENGING VALIDITY OF DOCUMENTS

Opposing counsel makes much hay about stating that Appellant does not dispute signing a mortgage. Well, that is true. But the devil is in the details. Appellant is challenging that Appellee is in possession of a legal assignment or an original note.

### OPPOSING COUNSEL CHOSE INCORRECT NY UCC

The correct UCC is NY UCC 1-201(21), not NY UCC 1-201 (20).

### IN ALL STATES POSSESSION PRESUPPOSES ORIGINAL

Appellant won't, as Appellee has done, insult the courts intelligence by positing that possession under any UCC means it is intended to include

a photocopy. The law and courts would never function if a photocopy was deemed to be, by default, original and unassailble proof.

### IN POSSESSION CAN ONLY MEAN ORIGINAL

The circular logic necessary to make possession mean a copy makes the wheels come off the bus and leads to a catastrophic crash. Anyone can present as copy and get whatever they want whenever they want.

### NO ONE HAS SWORN THAT THE DOCUMENT
### PRESENTED TO THE BANKRUPTCY COURT IS ORIGINAL

Appellant is still awaiting Mr. Mignardi or Mr. Katz to put their license on the line and risk a misdemeanor and triple damages under Judiciary Law 487:

> An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party ... Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

As we used to say to the boasters on the basketball court, time to put up or shut up.

### POWER OF ATTORNEY CANNOT TRANSFER
### WHAT HAS ALREADY BEEN TRANSFERRED AND LIQUIDATED

Nowhere in the annals of anything has it been ok to write a check on a closed account, especially 4 years + closed. Check fraud felons will rejoice if that practice become legal.

### PSA - HOLDER MUST HOLD ORIGINAL

At the risk of sounding like broken record, possession of a copy of a negotiable instrument cannot possibly be a negotiable instrument.

### DOUBLE JEOPARDY

All of the safeguards opposing counsel says Appellant has are all based on paying someone with, wait for it, an original note.

Appellant is not protected by paying someone without an original. That is just absurd. And, note that opposing counsel does not address that the salient portion of the Maine law was repealed or that the lower court, when presented with the fact that the court used a repealed law in the decision, failed to rethink its position.

### DUE PROCESS

Opposing counsel plays fast and loose with due process. It is not malleable to allow any decision the court wants to be reached. Opposing counsel has stated it did not notify the court or Appellant that the contested

note was to be presented. What would that have taken. A phone call? An email? A letter? Seems wilful and purposeful to Appellant.

The continued misrepresentation by opposing counsel is getting a bit tired. I asked for time to review the document whose presentment was done without notice and then rushed away to the midwest warehouse it calls home. No amount of saying 5 minutes with an officer with a gun next to you is notice or opportunity holds water. How is this, as quoted by Appellee, "at a meaningful time and in a meaningful manner" in *Burger v. Gonzalez, 498 f.3d 131, 134 (2d Cir. 2007)*?

## PREJUDICE - NO OPPORTUNITY TO HAVE EXPERT REVIEW

How can opposing counsel posit that lack of time and notice did not prejudice my ability to have the document checked for being a color copy as scanners are very good and very cheap nowadays. Should I keep my CSI toolkit on me at all times? Methinks it would have been confiscated upon entry to the courthouse like my phone was.

## GRAVAMEN

Really? By not giving notice that a purportedly original document was going to be presented, Appellee waived the right to present it. No gravamen should be even thought of either explicitly or implicitly present.

## OPPORTUNITY TO SUBMIT PAPERS IS NOT PROXY FOR REVIEW

Opposing counsel slyly slides in that Appellant had time to file papers as if that is some replacement for time to review a document.

## FAILED TO ADEQUATELY DISPUTE THE GENUINENESS

Please, pray tell, opposing counsel. How does saying you don't think challenging the thing one did not get notice of or opportunity to reasonably inspect not adequately disputing the genuineness? Really?

## 52 CASES CITED BUT NO STATEMENT THAT THE NOTE IS ORIGINAL

The simple fact remains that opposing counsel does not believe the note is original enough to risk his job, license and jail over it. That should indicate to this court how much import to give those 52 cases.

## CONCLUSION

The assignment of mortgage is fraudulent and not valid for any use, let alone in a proof of claim in a bankruptcy.

Neither the the trust nor the attorneys for the trust have stated the note is an original. The lower court just let it slide through for some unknown reason even after it was challenged both in court and in papers.

Absent notice and opportunity to review (basis for being heard) which could have been easily provided by the Appellee or just as easily mandated

by the Bankruptcy court, notice and opportunity to be heard were both absent resulting in a catastrophic failure of due process.

The chilling effect of allowing possession to not be possession of an original, an Appellant challenged note not being allowed an earnest, meaningful review and of a decision that rubber stamps either the double selling of the same asset or, essentially, the writing of bad checks on closed accounts/companies makes a mockery of original, proof, possession, and fraud that will delight possible future felons everywhere.

This cannot be allowed as it is against all fairness and objectivity by the courts. For the foregoing reasons, it is respectfully submitted that this Court should overturn the Appealed Order and, at a minimum, remand it back to the Bankruptcy Court from whence it came.

Dated: Brooklyn, New York
October 23, 2015

Eric Richmond
Appellant, Pro Se
2107 Regent Place
Brooklyn, NY 11226

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2015 I served the foregoing **REPLY BRIEF IN APPEAL** dated October 23, 2015 via the regular United States mail on the following:


David V. Mignardi, Esq.
Eckert Seamans Cherin & Mellot, LLC
10 Bank Street, Suite 700
White Plains, New York 10606

Michael Macco - Trustee
135 Pinelawn Road, #120 South
Melville, NY  11747


Dated October 23, 2015          By:  _____
                                     ERIC RICHMOND
                                     Appellant, Pro Se
                                     2107 Regent Place
                                     Brooklyn, NY  11226