UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ X
ERIC RICHMOND,

                Appellant,

        -against-

P.B. #7, LLC,

                Appellee.
------------------------------------------------------ X

: 15 Civ. 4980 (AMD)
: 15 Civ. 5201 (AMD)

RECEIVED MAR 21 2016 PRO SE OFFICE

---

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

---

### NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the annexed **MOTION TO RECONSIDER DENIAL OF APPEALS** dated March 21, 2016 and **PROOF OF SERVICE** filed herewith, the undersigned Eric Richmond moves on March 21, 2016 via these papers for **RECONSIDERATION OF DENIAL OF APPEALS** dated February 22, 2016.

Dated: Brooklyn, New York - March 21, 2016    By: _____
                                                                                      ERIC RICHMOND
                                                                                      DEBTOR, PRO SE

To:

Glenn P. Warmuth, Esq. Stim & Warmuth, P.C.
2 Eighth Street Farmingdale, NY 11738

**Michael Macco - Trustee
2950 Expy Dr S #109
Islandia, NY 11749**

David V. Mignardi, Esq.
Eckert Seamans Cherin & Mellot, LLC
10 Bank Street, Suite 700
White Plains, New York 10606

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- X
ERIC RICHMOND,

                Appellant,

         -against-

P.B. #7, LLC,

                Appellee.
------------------------------------------------- X

: 15 Civ. 4980 (AMD)
: 15 Civ. 5201 (AMD)

## MOTION TO RECONSIDER DENIAL OF APPEALS

**TITLE VII. JUDGMENT › Rule 59. New Trial; Altering or Amending a Judgment**

### STANDARD OF REVIEW IN 2ND CIRCUIT

The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)

### BACKGROUND FACTS FOUND BY THIS APPELLATE COURT

1. U.S . Bank's Claim is based on its claim that the trust is the current holder of a note and mortgage that Mr. Richmond had executed on August 11, 2015.

2. Richmond objected to U.S. Bank's proof of claim on November 13, 2014 on the grounds, inter alia, that U.S. Bank had not sufficiently shown that the mortgage had been validly assigned from New Century Mortgage to U.S. Bank .

3. At the hearing, U.S. Bank produced an original version of the note.

4. Judge Craig inspected the note and was satisfied that it was an original.

5. … and he was given an opportunity to submit briefing on his challenge to the originality of the note.

# CLEAR ERRORS

## NO MORTGAGE, ALLEGED OR OTHERWISE SIGNED ON AUGUST 11, 2015

6. This court is incorrect in finding any mortgage was signed post bankruptcy on August 11, 2015 as no party has alleged such a signing. This is a clear error.

## CANCELLATION OF ORAL ARGUMENT INCORRECT

7. The court noted in a footnote that it had determined that the requirements of FRBP 8019 had been followed eliminating appellant's required oral argument.

Rule 8019. Oral Argument - (b) Resumption of Oral Argument and Exceptions.
Oral argument must be allowed in every case unless the district judge—or all the BAP judges assigned to hear the appeal—examine the briefs and record and determine that oral argument is unnecessary because ...
(3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

8. The standard is if "facts and legal arguments" are adequately presented.

9. The court found "they [the briefs] adequately present the facts and issues"

10. First, the appellate court hid this "finding" in a footnote #2 (bottom page 2).

11. A finding in a footnote is not allowable as it is not a finding, it is a footnote.

12. Second, the appellate court's footnote finding does not find that the legal "arguments", but that the "issues" were adequately presented.

13. The issues are is a note a copy or an original and did the servicing company attempt to assign a mortgage it lost rights to which are different from the arguments, why note is not an original and when rights to assign the mortgage ended.

14. The elimination of oral arguments is a clear error dually as a footnote finding is not a finding at all and even that footnote finding did not meet the standard set forth by FRBP 8019 as issues do not necessarily include arguments.

## OPPOSING COUNSEL DID NOT STATE AMBUSH NOTE WAS AN ORIGINAL

15. This court cites the transcript from March 17, 2015 as proof that opposing counsel "stated" that the unannounced, unforewarned presentation of a note on that date was an original. The court cites page #14:14-17:

> MR. THALER: Right. That's what we have here. I mean if the Court, if the Court wants to look at it, I brought the original for that, for that purpose with an endorsement into blank.

16. The court did not bother to read beyond those words wherein Appellant challenges the statement that the note is an original, #14:18-19:

> MR. RICHMOND: That's -- Your Honor, I need time to review that.

17. The court also did not bother to read one line beyond that, on the very same page, less than an inch from the proof that the opposing counsel "states" the note is an original is, when immediately challenged, retracted and changed to claiming it is a copy #14:20.

> MR. THALER: Well, it's an exact, it's an exact copy.

18. In fact, it is criminal fraud upon the court by the court itself to use a transcript to fry the defendant when there is abundant exculpatory evidence also.

19. To fail to review the whole transcript and only use the parts of the transcript that show one side is just like an indictment by a grand jury wherein opposing viewpoints and evidence are not part of the process.

20. It is clear error that this court found that opposing counsel stated the document (note) submitted on March 17, 2015 was an original.

## OPPOSING COUNSEL DID NOT SUBSEQUENTLY SWEAR TO ORIGINALNESS

21. The affirmation this court points to as subsequent swearing to originalness of note (ECF #224) contains the lawyerly worded disclaimer that he is not really swearing to anything. I quote from the affirmation by Jordan Katz:

> Jordan S Katz, under penalty of perjury, deposes and says:
>
> 1. ... **Said information and belief being as a result solely of documentation provided to me by Select Portfolio Servicing, Inc. Any and all representations made by your affiant are based entirely upon said information. .... (emphasis added)**
>
> 2. On March 17, 2015 this Court held a hearing on Debtor's motion to expunge claim# 5 filed by U.S. Bank's. At the hearing counsel for U.S. Bank appeared with the original Note which contained an endorsement into blank.

22. Jordan Katz is swearing only that he got documents that purport to be originals, he is not swearing they are originals. Note that he represents SPS but is speaking for counsel for U.S. Bank, hearsay at best.

23. It is clear error for the court to find that document ECF #224 in any way, shape, form or manner attests to the originalness of the note presented to the Bankruptcy Court on March 17, 2015 as it never swears that it is an original, only saying that, based on what he is told by his client about an attorney for another entity presented something.

## APPELLANT NOT ALLOWED OPPORTUNITY TO IMPEACH EVIDENCE

24. This court somehow deigns to support the Bankruptcy Court's willful ignorance of what forensic[1] means, its obvious uses or its latin origin from *forensis*, in open court, public (Page 5, last paragraph and page 6, 1st paragraph) by demeaning the Appellant because he did not specify what means he would use to determine the originalness and thus the validity of the document. That is insulting on its face.

25. It is absurd that the court refuses to admit the obvious validity of a request for a forensic review of a document when that document must be original to be valid.

26. This court and the Bankruptcy Court make hay about Appellant's failure to deny that he ever signed a mortgage or a note and are trying to trick Appellant into responding to a non-issue. If standing is lacking, the court is putting the proverbial cart before the horse.

27. As this is a standing issue, standing must necessarily be dealt with prior to anything else. Appellant refuses to do otherwise or allow the courts to do otherwise.

28. That this court and the Bankruptcy Court are going to such lengths to keep the note from review speaks to a greater social ill, the implementation of a growing unwritten corporate right to hide evidence and the limiting by this court and the Bankruptcy Court of an individual's right to impeach witnesses, testimony and evidence.

29. It was a clear error for this court to deny appellant the opportunity to impeach evidence presented against Appellant.

---

[1] Fo·ren·sic fə'renzik,fə'rensik/ adjective: **forensic**
1. of, relating to, or denoting the application of scientific methods and techniques to the investigation of crime. 2. "forensic evidence" of or relating to courts of law.

5

## NO FINDING MADE THAT NOTE WAS ORIGINAL IN MARCH 17, 2015 HEARING

30. This court takes the work the words "seems" and "appears" to be findings of fact by the Bankruptcy Court (EDNY Bank Dock ECF #35:25-36:4).

> THE COURT: Uh hum. I see. And it appears to bear an original signature of -- What's that? Yeah, that's what I'm looking at. Yeah. Yeah. That's fine.
> It seems, it appears to bear an original signature. So --

31. It is absurd and a clear error to take the words "seems" and "appears" in a transcript to be findings of fact by the Bankruptcy Court.

## FAILURE TO REVIEW ENTIRE TRANSCRIPT IS CLEAR ERROR

32. One line further -and on the same page- is Appellant's response to the "seems" and "appears" statements (EDNY Bank Dock ECF #36:5-8).

> MR. RICHMOND: I want time to review it, Your Honor. He brought it today. He literally brought it today. And I said in my papers, hey, there's no original and he brings it now and I need time to review it.
> If he couldn't be bothered to put it in the original proof of claim, I should get time to review it.

33. In fact, it is criminal fraud upon the court by the court itself to use a transcript to fry the defendant when there is abundant exculpatory evidence also.

34. To fail to review the whole transcript and only use the parts of the transcript that show one side is just like an indictment by a grand jury wherein opposing viewpoints and evidence are not part of the process.

35. It is clear error that this court found that the Bankruptcy Court found the note to be an original in the March 17, 2015 hearing.

## AMBUSH LITIGATION IS A DUE PROCESS VIOLATION

36. This court acknowledges that no notice was given that the purported original note would be presented, but that presentment was "predictable, if not obvious."

37. That is utterly ridiculous on its face. Should Appellant have had an expert in each and every possible fashion available at each and every hearing? That is the end result of the casual "predictable, if not obvious" road.

38. The only time the purported original note was available was unannounced.

39. And even that was, despite the quote from the transcript by the court purporting it to be an original, later corrected two lines later to be a copy.

40. Exactly how, absent any notice, did Appellant have an opportunity to be heard, the examination of evidence by an expert of his choosing?

41. Allowing Appellant to make an argument in later papers that seeks review of a document to which there was no prior notice of presentment and no opportunity to have the expert of Appellant's choice review the "ambush note" and then dismissing that arguments out of hand does not and cannot correct the lack of due process. The only way to correct that due process violation was for the court to command the re-presentment of the note at a scheduled date and time for review by Appellant and any expert Appellant may choose.

42. Any decision premised on the "ambush note" is void.

43. It is a clear error to find these circumstances, clearly lacking in due process, effectuated due process.

## FAILURE TO ADDRESS THE LOWER COURT FINDINGS REGARDING THE NOTE

44. This court listed 5 arguments made by Appellant in ECF #220.

45. This court then proceeded to state that Judge Craig considered these arguments "in turn, and rejected them."

46. Odd thing is, nowhere in the decision being appealed from does the Bankruptcy Court address the first argument, the alleged due process violation.

47. Appellant finds it odd that this court did not do the *de minimus* review of the reasonings of the lower court enough to find that it failed to address the first allegation.

## NEW CENTURY BANKRUPTCY DOES NOT SUPPORT POWER OF ATTORNEY

48. This court's February 22, 2016 decision finds New Century Mortgage was dissolved either on July 15, 2008 or on November 20, 2009.

> On July 15, 2008, the bankruptcy court entered an order confirming New Century's second amended joint chapter 11 Plan. (D.Del. Bkrptcy Docket, ECF 8596.) This order provided that, "[p]owers of attorney executed by the Debtors prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors." (Id.~ 72.) New Century's dissolution, and a transfer of assets to the Liquidating Trust, became effective immediately upon the entry of the order confirming the second amended plan. (Id.~ 77.) A modified plan, approved by the Court on November 20, 2009, included similar language: "[p]owers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates

8

and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors." (Id., ECF 9957 ~ 69.)

49. The assignment of mortgage in question was dated April 18, 2012.

Finally, on April 18, 2012, New Century, through its attorney-in-fact SPS, assigned the mortgage to U.S. Bank, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8. (E.D.N. Y. Bkrptcy Docket, Claim 5-2, Part 3, at 7.)

50. From the first quote from this court's Feb 22, 2016 decision it is clear that New Century Mortgage became a lifeless corpse by November 20, 2009, the latest date possible of the approved modified plan.

51. From the second quote from the February 22, 2016 decision, it is clear that the mortgage assignment in question was dated April 18, 2012, some 2 years and 5 months later than dissolution.

52. It is clear error for this court to find that any assignment of mortgage post corpse-ification is valid as a matter of law.

53. Anything else suborns fraud by the entire mortgage industry and, by extension, anyone who cashes a check after any bank account is closed and empty of funds. What this court is trying to paint as business as usual is really covering for fraud and theft by corporate entities. That is not what the judiciary is for, standard practice or not.

## NEW CENTURY BANKRUPTCY DOES NOT SUPPORT POWER OF ATTORNEY

54. Both this court and the Bankruptcy Court note the following section (SECTION) from the New Century Mortgage Bankruptcy Modified Confirmed Plan Decision (Delaware 07-10416 - ECF # 9957 Paragraph 69) of November 20, 2009.

> "[p]owers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors."

55. The operative clause is "pursuant to the Original Plan prior to dissolution."

56. From the New Century Bankruptcy Order Confirming New Century's Second Amended Plan (Delaware 07-10416 - ECF # 8596 Pages #1-2 ):

> On February 2, 2008 .... [Plan Proponents] filed the *Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dates as of February 2, 2008*

57. New Century was liquidated no later than November 20, 2009.

58. SECTION affirms the validity of powers of of attorney subsequent to the Original Plan, February 2, 2008 and dissolution on November 20, 2009.

59. The power of attorney signed on June 20, 2007.

60. The original plan was submitted on February 2, 2008.

61. The power of attorney was not in the timeframe dictated by SECTION.

62. It was clear error for either this court or the Bankruptcy Court to find the Power of Attorney was enforceable via SECTION that requires power of attorney be executed pursuant (post) Original Plan and the power of attorney was pre Original Plan.

## FRAUD IS SUBMISSION OF A DOCUMENT TO BANKRUPTCY ABSENT RIGHT TO CREATE THAT DOCUMENT

63. Appellant is horrified that any court can claim that a document dated some 4 years after dissolution of the entity the submitter claims authorization from is not fraud.

64. If a vice president of a dissolved company were to cash corporate checks 4 years after bank account closure, no court would ok that based on prior authorization.

## ABSENT PROOF OF ORIGINAL NOTE, US BANK DOES NOT HAVE STANDING

65. The Bankruptcy Court using words like "appears" and "seems" to be an original do not rise to the level of a finding of fact in the March 17, 2015 hearing.

66. No notice was given prior to presentation of the alleged original note.

67. Appellant has never been given that due or the opportunity to impeach the evidence with experts of his own choosing foreclosing opportunity to be heard.

68. In addition, Appellant's challenge to the validity, both at the March 17 Hearing and in subsequent papers, swung the burden of proof back on U.S. Bank.

69. As previously noted, U.S. Bank has not produced the alleged original note for review by experts of appellant's choosing and neither has opposing counsel sworn to it being an original note.

70. As such, US Bank has not met the requisite burden of proof that swung its way upon Appellant's challenge to the alleged original note.

71. It was a clear error for the court to find US Bank had standing absent the requested forensic review that would have occurred with actual notice of intent to present an alleged original note or an actual affirmation, subject the Judiciary Law 487 from opposing counsel that it is an actual original note.

11

## CITING A REPEALED LAW IS ABSOLUTE GROUNDS FOR RECONSIDERATION

72. The Bankruptcy Court cited a repealed law.

73. The motion to reconsider pointed this out.

74. This court concurred that the Bankruptcy Court cited a repealed statute.

75. Courts cannot be allowed to just make up statutes with impunity.

76. No decision can be affirmed with a repealed statute as a basis.

77. Beyond that, this court's specious statement that Appellant is covered by 11 MRSA 3-1602 is absurd.

> §3-1602. PAYMENT (1). Subject to subsection (2), an instrument is paid to the extent payment is made: (a). By or on behalf of a party obliged to pay the instrument; and (b). To a person entitled to enforce the instrument.

78. As the allegation is that U.S. Bank, absent an original note, is not, as required by MRSA 3-1602 (b), a person entitled to enforce the instrument, Appellant is not protected under MRSA 3-1602 (b) despite this court's findings.

## MANIFEST INJUSTICES

79. Denial of oral argument in a footnote finding that does not even meet the standards for non-footnote denial is a manifest injustice.

80. Any ruling absent the un-waived right and opportunity for Appellant to seek review of and impeach evidence submitted without notice is a manifest injustice.

81. Granting US Bank standing absent proof that it has a wet-ink note is a manifest injustice.

82. Using only one date bound of a court ruling invoking two date bounds is a manifest injustice.

**CONCLUSION:**

The court made several clear errors in that no mortgage was signed on August 11, 2015, the cancellation of oral argument was not allowable as no finding of legal arguments adequately presented in briefs and record was ever made, cancellation of oral argument was inappropriately in a footnote, opposing counsel did not testify that the note presented at the March 17, 2015 hearing was an original, the Bankruptcy Court made no findings that the note was original in the March 17, 2015 hearing or in the decision being appealed, opposing counsel did not, subsequent to the March 17, 2015 hearing, swear the note submitted in the March 17, 2015 hearing was an original, Appellant was denied any opportunity to directly impeach with an expert witness the alleged original note violating due process, this court made findings from quotes from the transcript of the March 17, 2015 hearing that were immediately rebutted on the same page in the transcript, this court failed to find that the lower court did not address the alleged due process violation in the decision being appealed which is another due process violation and this court failed to find clear fraud upon the court.

In addition, denying oral argument, denial of opportunity to impeach evidence, lack of due process, using a one date bound in a two date bound order, finding standing from a possession of an unallowed to be challenged note and the failure to find that citing a repealed statute is irrefutable proof sufficient to warrant a reconsideration are manifest injustices.

**WHEREFORE:**

Movant respectfully requests that the court grant the instant motion to reconsider the denial of the appeals based on the numerous clear errors and manifest injustices and for such other and further relief as it deems just and proper.

Dated: March 21, 2016
Brooklyn, NY

ERIC RICHMOND
APPELLANT, PRO SE
2107 Regent Place
Brooklyn, NY 11226
(646) 256-9613
gowanusx@gmail.com