```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ERIC V. RICHMOND,                                            :
                                                             :
         Appellant                                           :
                                                             :
                                                             :
                       - against -                           :
                                                             :
                                                             :
SELECT PORTFOLIO SERVICING INC., as                          :
servicing agent for U.S. Bank National Association           :
                                                             :
                    Appellee.                                :
                                                             :
------------------------------------------------------------
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 2 2 2016 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

15 Civ. 04980 (AMD) and 15 Civ. 05201 (AMD)

14-41678-CEC (Bankruptcy)

ANN DONNELLY, District Judge.

This opinion resolves two appeals taken by *pro se* appellant Eric Richmond ("Mr. Richmond" or "Appellant") from orders of the United States Bankruptcy Court for the Eastern District of New York in his Chapter 13 bankruptcy case. Specifically, in 15-cv-04980 (the "4980 appeal"), Mr. Richmond appeals a July 21, 2015 Order and Decision by Chief Bankruptcy Judge Carla Craig denying his Objection to the Proof of Claim of Select Portfolio Servicing Inc. ("SPS" or "Appellee") in his bankruptcy action. In 15-cv-05201 (the "5201 appeal"), Mr. Richmond appeals Judge Craig's August 7, 2015 Order and Decision denying his Motion for Reconsideration ("Motion to Reconsider") of her July 21, 2015 Order and Decision. For the reasons set forth below, I affirm Judge Craig's July 21, 2015 and August 7, 2015 Orders, and deny Mr. Richmond's appeals.

**I.    Background**

The Court assumes familiarity with the underlying record and provides only a brief summary of the relevant facts. Mr. Richmond filed for relief pursuant to Chapter 13 of the U.S.

Bankruptcy Code on April 7, 2014. (E.D.N.Y. Bankruptcy Court, Case No. 14-41678-cec ("E.D.N.Y. Bkrptcy. Docket").) On August 12, 2014, SPS filed, as servicer on behalf of U.S. Bank, a proof of claim for $236,735.29 ("Proof of Claim") in Mr. Richmond's bankruptcy case. (*Id.* at Claim 5-1.) U.S. Bank, in turn, is trustee on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (the "Trust"). (*Id.*) U.S. Bank's proof of claim is based on its claim that the Trust is the current holder of a note and mortgage that Mr. Richmond had executed on August 11, 2015, and that was secured by real property located at 66 Back Meadow Road, Nobleboro, Maine 04555. (*Id.*)

SPS submitted an amended proof of claim on behalf of U.S. Bank on August 25, 2014. (*Id.* at Claim 5-2.) U.S. Bank's proof of claim attached: (1) copies of the note and mortgage executed by Mr. Richmond on August 9, 2005 in favor of New Century Mortgage Corporation ("New Century"); (2) an adjustable rate rider executed by Mr. Richmond and providing for changes in the interest rate and the monthly payment on Mr. Richmond's note; and (3) an April 18, 2012 document by SPS (as attorney-in-fact for New Century) assigning the mortgage from New Century to U.S. Bank, as trustee of the Trust. (*Id.*) Richmond objected to U.S. Bank's proof of claim on November 13, 2014 on the grounds, *inter alia*, that U.S. Bank had not sufficiently shown that the mortgage had been validly assigned from New Century Mortgage to U.S. Bank. (*Id.*, ECF 146.) U.S. Bank opposed Mr. Richmond's motion on January 16, 2015, (*Id.*, ECF 182), and Mr. Richmond filed an affirmation in further support on January 23, 2015. (*Id.*, ECF 234.)

On March 17, 2015, Judge Craig held a hearing on Mr. Richmond's motion objecting to U.S. Bank's proof of claim. (*Id.*, ECF 227.) At the hearing, U.S. Bank produced an original version of the note. (*Id.* at 7:11-12.) Judge Craig inspected the note and was satisfied that it was

2

an original. (*Id.* at 35:20-36:4.) At the end of the hearing, the Court provided Mr. Richmond with a copy of the original note, and he was given an opportunity to submit briefing on his challenge to the originality of the note. (*Id.* at 38:22-39:20.) He did so on April 3, 2015. (*Id.*, ECF 220.) U.S. Bank opposed on April 16, 2015, and Mr. Richmond filed an affirmation in further support on May 16, 2015. (*Id.*, 224, 234.)

In an order and decision dated July 21, 2015, Judge Carla Craig denied Mr. Richmond's motion objecting to U.S. Bank's Proof of Claim. (*Id.*, ECF 266, 269.) In doing so, Judge Craig found that U.S. Bank was the current holder of Mr. Richmond's note. (*Id.*, ECF 269, at 11.) On August 4, 2015, Mr. Richmond filed a motion asking for reconsideration of his objection to U.S. Bank's proof of claim, which Judge Craig denied on August 7, 2015. (*Id.*, ECF 272, 290.)

## II. Procedural History

On August 25, 2015, Mr. Richmond appealed Judge Craig's July 21, 2015 order and decision denying his objection to U.S. Bank's Proof of Claim. (E.D.N.Y. Docket, Case No. 15-cv-04980 ("4980 Docket"), at ECF 1) (amended Notice of Appeal filed on September 9, 2015 (ECF 7).)[1] That same day, Mr. Richmond opened a separate action in this Court appealing Judge Craig's August 7, 2015 denial of his motion to reconsider her July 21, 2015 Decision. (E.D.N.Y. Docket, Case No. 15-cv-5201 ("5201 Docket"), ECF 1.) Appellee SPS submitted a letter seeking dismissal of Mr. Richmond's 5201 appeal as duplicative of the 4980 appeal, arguing that the issues presented for resolution in Mr. Richmond's two appeals are "virtually the same." (*Id.*, ECF 6, at 2.) This request was denied by Judge Ross on October 20, 2015. (*Id.*, at October 20,

---

[1] The Appellee in each of Mr. Richmond's appeals is SPS, as it had filed the proof of claim as servicing agent of U.S. Bank in Mr. Richmond's bankruptcy action.

3

2015 Order.) Briefing proceeded separately on each of Mr. Richmond's two appeals, which are now before me.[2]

## THE 4980 APPEAL

### I. Standard of Review

This Court sits as an appellate court in reviewing final Bankruptcy Court judgments. 28 U.S.C. § 158(a); *see also In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996). I review the Bankruptcy Court's conclusions of law *de novo*, and findings of fact for clear error. *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007). "A factual finding is clearly erroneous only if . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ortega v. Duncan*, 333 F.3d 102, 106-07 (2d Cir. 2003) (internal quotation marks and citations omitted).

### II. Discussion

In his appeal of Judge Craig's July 21, 2015 order and decision denying his objection to U.S. Bank's Proof of Claim, Mr. Richmond makes essentially four arguments: (1) that the Bankruptcy Court erred in finding that the note presented by U.S. Bank at the March 17, 2015 hearing was an original because there was no sworn testimony to that effect, and because Mr. Richmond had no opportunity to perform a "forensic analysis" of the note; (2) that his due process rights were violated because he was not permitted to review the original note out of the courtroom, or to "forensically challenge" the originality of the note; (3) that the Bankruptcy

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure 8019, oral argument must be allowed in a bankruptcy appeal unless the district judge "examine[s] the briefs and record and determine[s] that oral argument is unnecessary because (1) the appeal is frivolous; (2) the dispositive issue or issues have been authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Having reviewed the briefs and the record, I find that they adequately present the facts and issues and that my decisional process "would not be significantly aided by oral argument." I therefore decide Mr. Richmond's 4980 and 5201 appeals on the papers.

4

Court erred in finding that he did not have standing to challenge the Trust's possession of the note under the terms of its pooling and servicing agreement; and (4) that the Bankruptcy Court erred in not finding that the assignment of the mortgage from New Century to U.S. Bank was fraudulent. (4980 Docket, ECF 10, at 2, 5, 9.)

### A. Challenges to Originality of Note

Mr. Richmond argues that the Bankruptcy Court erred in accepting the note that U.S. Bank presented at the March 17, 2015 hearing as an original without (1) any attestation from U.S. Bank, SPS, or SPS's attorney that the note was an original or (2) without offering the Plaintiff an opportunity to "forensically review" the note. (*Id.*, ECF 10 (Appellant's Opening Brief), at 5.) This Court reviews Judge Craig's finding that the note presented by SPS was an original for clear error. *See In re Kalikow,* 602 F.3d at 91.

First, as Appellee points out, Mr. Richmond cites no law supporting his contention that an affirmation from the offering party was necessary to prove that the note was an original. (*Id.*, ECF 14 (Brief of Appellee), at 18.) But even if an attestation were required, counsel for SPS (as servicing agent for U.S. Bank) stated on the record at the March 17, 2015 hearing that the note was an original. (E.D.N.Y. Bkrptcy. Docket, ECF 227, at 14:14-17.) Further, after the hearing, counsel for SPS submitted a sworn statement to the Court attesting that "counsel for U.S. Bank" had appeared at the hearing "with the original Note which contained an endorsement into blank." (*Id.*, ECF 224 (Affirmation in Opposition of Jordan S. Katz), ¶ 2.) Thus, the attestation as to the originality of the note that Mr. Richmond claims was necessary was, in fact, provided.

Second, Mr. Richmond argues on appeal that he was not afforded an opportunity to conduct a "forensic analysis" of the note. (4980 Docket, ECF 10, at 2.) As Judge Craig pointed out in her July 21, 2015 decision, Mr. Richmond does not specify what a "forensic review" would entail, or what he would intend to show through such a review. (*Id.*, ECF 269, at 11.)

5

Nor does Mr. Richmond raise any credible challenge to the originality of the note. He does not deny that he signed the note, or claim that the signature on the version presented at the March 17, 2015 hearing was not his. Certainly, a "forensic analysis" would not have been required for him to determine whether the signature was his own. In addition, as Judge Craig noted, he has not introduced any admissible evidence that the signature endorsing the note was inauthentic or unauthorized, as he would be required to do in order to rebut the presumption of validity that would attach to it under both Maine and New York law.[3] (*Id.* at 8-11, *see also* 11 M.R.S. § 3-1308(1); N.Y. U.C.C. Law § 3-307.)

Judge Craig inspected the note offered by U.S. Bank at the March 17, 2015 hearing, and was satisfied that it was the original version. (E.D.N.Y. Bkrptcy. Docket, ECF 227, at 35:20-36:4.) As Mr. Richmond raises no credible challenge to Judge Craig's finding that the note presented by U.S. Bank was an original, this Court finds no "clear error."

### B. Due Process Challenge

Mr. Richmond also asserts that his procedural due process rights were violated because (1) he was not given notice that an original copy of the note was to be presented at the March 17, 2015 hearing on his motion;[4] and (2) he was not provided sufficient opportunity to inspect the original note outside the courtroom. (4980 Docket, ECF 10 (Appellant's Opening Brief), at 5.) He argues that as a result of these alleged due process violations, the Bankruptcy Court's July 21, 2015 decision finding that U.S. Bank was the holder of the Note is null and void. (*Id.* at 2, 5.)

A constitutional procedural due process claim consists of two elements: "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest

---

[3] As discussed in more detail in Section II.C, below, Judge Craig considered Mr. Richmond's arguments under both New York and Maine law.

[4] In his brief, Mr. Richmond characterizes the note presented at the March 17, 2015 hearing as an "ambush note." (4980 Docket, ECF 10 (Appellant's Opening Brief), at 2.)

6

without due process." *Weslowski v. Zugibe,* 14 F.Supp. 3d 295, 315 (S.D.N.Y. 2014) (quoting *Bryant v. N.Y. State Educ. Dep't,* 692 F.3d 202, 218 (2d Cir.2012) (internal quotations omitted).) First, it is doubtful that a lack of adequate notice and opportunity to inspect the note would even implicate a "deprived property interest." *Id.* But even assuming that Mr. Richmond was deprived of a property interest, he could not satisfy the second element because the Bankruptcy Court gave him adequate process. *See In re Emmons-Sheepshead Bay Development LLC,* 518 B.R. 212, 222 (E.D.N.Y. 2014) (finding that even if the appellee had been deprived of a property interest, the second element of procedural due process could not be met because its "right to due process was assiduously protected below."); *Jones v. City of New York,* No. 12 Civ. 9144, 2013 WL 4028183, at * 6 (S.D.N.Y. Aug. 8, 2013) (finding that "[e]ven assuming that Jones had suffered a deprivation of a property interest as a result of state action, he was provided with adequate process.").

First, the purpose of the March 17, 2015 hearing was to hear Mr. Richmond's objection to U.S. Bank's proof of claim. (E.D.N.Y. Bkrptcy. Docket, ECF 227, at 5:5-6.) Mr. Richmond does not argue that he did not have notice of this hearing.[5] And although he perhaps did not have specific notice that SPS planned to present the original note at the hearing, as SPS points out, this should not have come as a surprise to him. (4980 Docket, ECF 14 (Appellee's Brief), at 31.) Indeed, whether U.S. Bank properly held the original note was the very subject of Mr. Richmond's challenge to U.S. Bank's proof of claim. As U.S. Bank had attached a copy of the note to its proof of claim, it was predictable, if not obvious, that SPS would produce the original note at the hearing.

---

[5] In fact, the hearing had been scheduled for close to six weeks. (E.D.N.Y. Bkrptcy. Docket, February 5, 2015 Order.) A letter from counsel for SPS requesting an adjournment of the hearing to March 17, 2015 indicated that Mr. Richmond had consented to this date. (*Id.* at 196.)

7

Then, at the March 17, 2015 hearing, when counsel for SPS stated that he had brought the original note with him, Mr. Richmond asked for and was provided with an opportunity to review it. (E.D.N.Y. Bkrptcy. Docket, ECF 227, at 7:11-12, 18:22-19:1.)[6] Mr. Richmond then asked for a copy of the original so that he could "compare them on my own time" and "look[] for the nuances on how things are and aren't different." (*Id.*, at 26:7-8; 26:11-15.) In response, the court clerk made a copy of the original note, and Mr. Richmond took it with him at the end of the hearing. (*Id.*, at 38:16-19; 42:18-23; *see also* ECF 220 ("Affirmation in Further Support"), ¶ 9.)

Judge Craig then provided Mr. Richmond with an opportunity to make an additional filing about "anything you may wish to call to my attention with respect to . . . the note that you have seen for the first time today." (E.D.N.Y. Bkrptcy. Docket, ECF 227, at 39:6-9; 39:22-25; 42:6-10.) In his filing, Mr. Richmond argued that the note may not have been an original because: (1) it was "skirted away immediately after being waived in front of this court's eyes absent advance notice that it would be presented" (*Id.*, ECF 220, ¶ 27); (2) because the endorsement was on the back of the page, rather than at the end of a page (*id.* ¶ 28); (3) the endorsement was a stamp, rather than an actual signature (*id.* ¶ 29); (4) the stamper is now a dental assistant (*id.* ¶ 30); and (5) it was marked return to Mr. Richmond Monroe Group (*id.* ¶ 29.) In her July 21, 2015 decision on Mr. Richmond's objection to SPS's proof of claim, Judge Craig considered these arguments in turn, and rejected them. (E.D.N.Y. Bkrptcy. Docket, ECF 269, at 8-12.)

In sum, Mr. Richmond had notice of the March 17, 2015 hearing and its purpose, viewed the note at the hearing, was provided with a copy of the original note so that he could inspect it

---

[6] Mr. Richmond argues that his opportunity to review the note at the hearing was not sufficient, in part, because he had to review it with "a bailiff with a gun" over his shoulder. (4980 Docket, ECF 10 (Appellant's Opening Brief), at 2.) Of course, as Mr. Richmond admits, the court officer was called to the courtroom because of Mr. Richmond's own behavior; he became "incensed" when U.S. Bank produced the original note. (*Id.*, ECF 16 (Appellant's Reply Brief), at 2.)

8

on his own time, and was then granted an opportunity to submit further briefing on his challenge to the note. Judge Craig considered Mr. Richmond's arguments with respect to the originality of the note in ruling on his objection to U.S. Bank's proof of claim. For these reasons, I find that Mr. Richmond was afforded adequate process with respect to his challenge to the originality of the note.

### C.  Challenge to Assignment of Mortgage

Mr. Richmond also argues on appeal that New Century's assignment of the mortgage to U.S. Bank, through SPS as New Century's attorney-in-fact, was fraudulent, and that U.S. Bank therefore did not have standing to file a proof of claim in his bankruptcy action. (4980 Docket, ECF 10 (Appellant's Opening Brief), at 5.) Specifically, he claims that the assignment from New Century to U.S. Bank could not be valid because it took place in 2012, which was after New Century's 2008 liquidation in bankruptcy. (*Id.*, at 4-5.) After a thorough review of the Delaware Bankruptcy Court's confirmation orders in New Century's Chapter 11 bankruptcy case, Judge Craig concluded that the assignment of the mortgage from New Century to U.S. Bank was authorized under New Century's court-approved Chapter 11 plan. I affirm.

As a threshold matter, Mr. Richmond's argument about the assignment of the mortgage is only relevant to the extent that Maine law governs U.S. Bank's proof of claim and Mr. Richmond's objection. U.S. Bank's right to file a claim in Mr. Richmond's bankruptcy action arises out of "the underlying substantive law creating the debtor's claim, subject to any qualifying or contrary provisions for the Bankruptcy Code." *Travelers Cas. & Sur. Co. of Am. v. Pas. Gas and Elec. Co.*, 549 U.S. 443, 450 (2007) (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)). Therefore, U.S. Bank's rights are determined by the state law governing the mortgage. *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 329 (1993).

9

As Judge Craig noted, both parties' briefing on Mr. Richmond's objection to U.S. Bank's proof of claim argued only under New York law. (E.D.N.Y. Bkrptcy. Docket, ECF 269, at 6.) The mortgage, however, contained a choice-of-law provision stating that it would be governed by "the law that applies in the place where the Property is located"--in this case, Maine. (*Id.* at Proof of Claim 5-2, at 18.) As a result, Judge Craig considered each of Mr. Richmond's arguments under both New York and Maine law. (*Id.*, ECF 269.)[7]

While New York law requires only that a claimant establish an interest in the note,[8] under Maine law, a claimant must demonstrate an interest in both the note *and* the mortgage. *Bank of Am. v. Greenleaf*, 2014 ME 89, ¶¶ 9, 12. Further, mere possession of the note and mortgage is not sufficient under Maine law: a claimant must also "produce evidence of . . . all assignments . . . of the . . . mortgage note and mortgage." 14 M.R.S. § 6321. Thus, Mr. Richmond's challenge to the validity of the assignment of the mortgage is relevant only under Maine law. As Judge Craig noted in her July 21, 2015 decision, U.S. Bank produced a copy of the mortgage, which was executed by both Mr. Richmond and New Century, and a copy of an assignment of the mortgage on behalf of New Century to U.S. Bank as trustee of the Trust. (E.D.N.Y. Bkrptcy. Docket, ECF 269, at 12; *see also id.* at Claim 5-2, Part 2 at 6-23; *id.* at Claim 5-2, Part 3 at 7.)

In considering Mr. Richmond's challenge to the validity of New Century's assignment of the mortgage to U.S. Bank, Judge Craig detailed the history of New Century's bankruptcy

---

[7] Ultimately, Judge Craig found that as U.S Bank had standing to file a proof of claim under both New York and Maine law, she need not resolve the conflict-of-law issue. (*Id.* at 6.)

[8] "[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law," because the transfer of the note "automatically transfers the mortgage as well." *Deutsche Bank Trust Co. Americas v. Vitellas*, 131 A.D. 3d 52, 59 (2d Dep't. 2015) (internal citation omitted).

proceedings.[9] (*Id.*, ECF 269, at 12-16.) As she noted, New Century commenced its Chapter 11 bankruptcy proceeding in the District of Delaware on April 2, 2007. (District of Delaware Bankruptcy Court, Case No. 07-10416-BLS ("D.Del. Bkrptcy. Docket")). Then, on June 20, 2007, New Century executed a document granting a limited power-of-attorney to SPS (the "POA"). (E.D.N.Y. Bankr. Docket, ECF 182 (First Affirmation in Opp.), Ex. 2.) The POA granted to SPS the power to "execute, acknowledge, seal and deliver . . . assignments of deed of trust/mortgage" on behalf of New Century Mortgage Corporation. (*Id.* at ¶ 1.)

On July 15, 2008, the bankruptcy court entered an order confirming New Century's second amended joint chapter 11 Plan. (D.Del. Bkrptcy Docket, ECF 8596.) This order provided that, "[p]owers of attorney executed by the Debtors prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors." (*Id.* ¶ 72.) New Century's dissolution, and a transfer of assets to the Liquidating Trust, became effective immediately upon the entry of the order confirming the second amended plan. (*Id.* ¶ 77.) A modified plan, approved by the Court on November 20, 2009, included similar language: "[p]owers of attorney executed by the Debtors pursuant to the Original Plan prior to their dissolution shall be binding on the Liquidating Trustee, the Liquidating Trust, and the Estates and may be recorded by the holder of such power of attorney with full force and effect notwithstanding the dissolution of the Debtors." (*Id.*, ECF 9957 ¶ 69.)

---

[9] As Judge Craig noted, it is well-established that a court may take judicial notice of proceedings in other courts that are relevant to the issues before it. *See, e.g.*, *In re Allegheny*, 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Johnson v. Levy*, 812 F.Supp. 2d 167, 176 (E.D.N.Y. 2011) (citing *Schenk v. Citibank/Citigroup/Citicorp*, No. 10-cv-5056, 2010 WL 5094360, at * 2 (S.D.N.Y. Dec. 9, 2010); *see also New York ex rel. Spitzer v. Operation National Rescue*, 273 F.3d 184, 199 (2d Cir. 2001) (taking judicial notice of district court opinion in related proceeding).

11

Finally, on April 18, 2012, New Century, through its attorney-in-fact SPS, assigned the mortgage to U.S. Bank, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8. (E.D.N.Y. Bkrptcy Docket, Claim 5-2, Part 3, at 7.)

The Bankruptcy Court's modified confirmation order explicitly provided that any powers-of-attorney that were executed prior to New Century's dissolution would remain effective "*notwithstanding the dissolution*" and "shall be binding on the Liquidating Trustee . . . [and] the Liquidating Trust." (D.Del. Bkrptcy Docket, ECF. No. 9957 ¶ 69) (emphasis added.) And, the POA between New Century and SPS—which was executed prior to the dissolution of New Century—specifically provided SPS with the authority to assign mortgages on behalf of New Century. In combination, the POA and the court-approved order in New Century's bankruptcy action provide explicit authority for SPS to assign mortgages on behalf of New Century (or its Liquidating Trust), even after New Century's dissolution.

For these reasons, I find that Judge Craig properly rejected Mr. Richmond's contention that the assignment of the mortgage by SPS to U.S Bank, as Trustee, was unauthorized. I further find that Mr. Richmond's claim that the assignment of the mortgage was "fraudulent" is without any support, and therefore must be rejected.

### D. Standing to Challenge Trust's Ownership of Mortgage

Before the Bankruptcy Court, Mr. Richmond also challenged U.S. Bank's ownership of the mortgage based on the terms of the Pooling and Servicing Agreement ("PSA") that governed the Trust into which they had been sold. According to Mr. Richmond, the terms of the PSA required that the assignment of any note and mortgage into the Trust needed to have taken place by 2005. (E.D.N.Y. Bkrptcy. Docket, ECF 220 (Aff. in Further Support) ¶¶ 42-43.) Since the mortgage was not assigned to the Trust until 2012, Mr. Richmond argued, the Trust did not have

12

valid ownership of the mortgage. (*Id.* ¶ 53-54.) In her July 21, 2015 opinion, Judge Craig found that Mr. Richmond, as a non-party to the PSA, did not have standing to assert non-compliance with the PSA as a defense to U.S. Bank's proof of claim. (*Id.*, ECF 269, at 17-19.) It is not clear whether Mr. Richmond challenges this determination on appeal, as he asserts only that he has the right "to challenge trust possession."[10] (4980 Docket, ECF 10 (Appellant's Opening Br.), at 5.) But as Mr. Richmond is a *pro se* plaintiff and I must liberally construe his pleadings, *see Frostbaum v. Ochs*, 277 B.R. 470, 474 (E.D.N.Y. 2002), I will address Mr. Richmond's argument with respect to the PSA.

Mr. Richmond does not claim that he is either a party to or a third-party beneficiary of the PSA. As Judge Craig explained, it is well-established in the Second Circuit that a non-party to or non-beneficiary of a PSA does not have standing to assert non-compliance with the terms of the PSA as a defense to enforcement of a mortgage or note. *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014); *see also Anh Nguyet Tran v. Bank of New York*, 2014 WL 1225575, at *3-4 (S.D.N.Y. March 24, 2014) (plaintiff mortgagors, who were not parties to the at-issue PSAs, did not have standing to challenge breaches of the PSAs that they alleged "made the assignment of their mortgage loans by the original lending institution to the Trustee Defendants invalid"), *aff'd* 592 F. App'x 24 (2d Cir. 2015) order amended and superseded, 610 F. App'x 82 (2d Cir. 2015); *Karamath v. U.S. Bank, N.A.*, 2012 WL 4327613, at *7 (E.D.N.Y. 2012) (finding that plaintiff mortgagor "is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment."), *rep. and recommendation* adopted by 2012 WL 4327502 (E.D.N.Y. 2012); *Ocampo v. JP Morgan Chase Bank, N.A.*, 93 F.Supp. 3d

---

[10] In his conclusion, however, Mr. Richmond does assert that the Bankruptcy Court erred in finding that he "did not have standing." (4980 Docket, ECF 10 (Appellant's Opening Br.), at 9.)

13

109, 116 (E.D.N.Y. 2015) (finding that plaintiff mortgagors did not have standing to "challeng[e] their obligations under the mortgage merely because that obligation was assigned, even if wrongfully").

Indeed, in *Rajamin*, the Second Circuit rejected the very argument that Mr. Richmond raises here. There, individual mortgagors sought a judgment declaring that a trust did not own their mortgages, due to the trust's noncompliance with certain terms of the governing agreements. *Rajamin*, 757 F.3d at 87. The Second Circuit found that while "noncompliance with PSA provisions might have made the assignments unenforceable at the instance of parties to those agreements, the district court correctly noted that plaintiffs were not parties to the assignment agreements." *Id.* at 86-87. As the plaintiffs in *Rajamin*, like Mr. Richmond, made no claim that they were parties to or beneficiaries of the PSA, the court found that they had no standing to enforce its terms. *Id.* at 87. Further, the Second Circuit noted that even if the plaintiff mortgagors did have standing to assert noncompliance with the PSA, an assignment of loans to the trust that did not comply with the terms of the PSA was not automatically void, but rather voidable by the beneficiaries of the Trust. *Id.* at 90; *see also Anh Nguyet Tran.*, 2014 WL 1225575, at *5 ("even assuming that the transfer of Plaintiffs' mortgages to their respective trusts violated the terms of their respective PSAs, the after-the-deadline transactions would merely be voidable at the election of one or more of the parties—not void.") As a result, Mr. Richmond's argument that the transfer of his mortgage to the Trust in alleged violation of the terms of the PSA was automatically void is without merit.

Based on this well-established body of Second Circuit law, I affirm Judge Craig's finding that Mr. Richmond did not have standing to assert noncompliance with the PSA as a defense to U.S. Bank's proof of claim in his bankruptcy action.

## **THE 5201 APPEAL**

On August 4, 2015, Mr. Richmond filed a motion to reconsider Judge Craig's July 21, 2015 decision and order denying his objection to U.S. Bank's proof of claim. (E.D.N.Y. Bkrptcy Docket, ECF 272.) Judge Craig denied Mr. Richmond's motion to reconsider on August 7, 2015, finding that it did not meet the proper grounds for reconsideration under Federal Rule of Civil Procedure 59(e). (*Id.*, ECF 290.) Specifically, Judge Craig found that Mr. Richmond had "fail[ed] to point to controlling decisions or factual matters that were put before the Court which were overlooked, and if examined, might reasonably have led to a different result." (*Id.* at 2.) In his appeal of Judge Craig's order to this Court, Mr. Richmond raises all of the same arguments that he raised in his 4980 appeal, and adds one new argument about Judge Craig's application of the Maine Uniform Commercial Code ("UCC"). (5201 Docket, ECF 5.)

A motion for reconsideration under Federal Rule of Civil Procedure 59(e), made applicable here by Bankruptcy Rule 9023, is merited when there has been a "clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed." *Petition of Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998). To prevail, the movant must demonstrate that the court "overlook[ed] 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Corines v. Am. Physicians Ins. Trust*, 769 F.Supp.2d 584, 593-4 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). A motion for reconsideration does not provide an opportunity for a moving party to re-litigate issues that have already been decided, or to raise issues that should have been raised on the original motion. *Corines*, 769 F.Supp.2d at 593.

This Court reviews an appeal of an order denying a motion for reconsideration under an abuse of discretion standard. *Key Mech. Inc. v. BDC 56 LLC,* No. 01–CV–10173 (RWS), 2002

WL 467664, at *2 (S.D.N.Y. Mar. 26, 2002). A court abuses its discretion when its decision: (1) "'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding'"; or (2) "'though not necessarily the product of legal error or clearly erroneous factual finding[,] cannot be located within the range of permissible decisions.'" *In re Emmons-Sheepshead Bay Dev.* LLC, 518 B.R. 212, 220 (E.D.N.Y. 2014) (citing *In re Aquatic Dev. Grp., Inc.,* 352 F.3d 671, 678 (2d Cir.2003).)

Having reviewed the record, I find that Judge Craig did not abuse her discretion in denying Mr. Richmond's motion to reconsider her July 21, 2015 order. Mr. Richmond's motion to reconsider did not cite any case law or overlooked issues of fact; rather, he simply repeated the arguments that Judge Craig had squarely addressed in her July 21, 2015 order. The only arguably new argument he makes—about the repeal of a Maine statute—does not entitle him to relief. In answering his argument that he might have to make duplicative payments in the event of competing claims to his note, Judge Craig cited to the following Maine statute:

> To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under section 3-306 by another person. 11 M.R.S.A. § 3-1602.

Mr. Richmond correctly points out that 11 M.R.S.A. § 3-306—which sets forth the rights of "one not holder in due course" —has now been repealed. This repeal, however, does not invalidate the underlying statute, 11 M.R.S.A. § 3-1602, which is still good law and which provides that Mr. Richmond would discharge his obligations under the note by making payments on it. Accordingly, there was no risk of duplicative payments on the note in the (hypothetical) event that an entity other than U.S. Bank claimed to be its true holder. (E.D.N.Y. Bkrptcy. Docket, ECF 269, at 20-21.) Moreover, Mr. Richmond does not claim to know of any competing claim to his note, and no other party has filed a proof of claim related to Mr. Richmond's note and mortgage in his bankruptcy action. Therefore, as the citation to the repealed statute would not

16

"lead to a different result," Mr. Richmond's motion to reconsider on the grounds that 11 M.R.S.A. § 3-3606 has been repealed was properly denied.[11]

The remaining issues that Mr. Richmond raised are the same as those he raised in his 4980 appeal. As I considered these arguments above and did not find them persuasive, I need not re-consider them here. I therefore affirm Judge Craig's August 7, 2015 order denying reconsideration of her July 21, 2015 decision and order.

## CONCLUSION

For the foregoing reasons, Judge Craig's July 1, 2015 and August 7, 2015 orders are AFFIRMED, and Mr. Richmond's 4980 and 5201 appeals are DENIED.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 22, 2016

---

[11] Moreover, the Second Circuit has rejected the contention of plaintiff-mortgagors that an improper assignment of a note would subject them to the risk of duplicative payments a note. *See Rajamin*, 757 F.3d at 85 ("plaintiffs' challenge to defendants' claim of ownership of plaintiffs' loans, implying that the loans are owned by some other entity or entities, is highly implausible, for that would mean that since 2005 there was no billing or other collection efforts by owners of loans whose principal alone totaled $3,776,000. The suggestion that plaintiffs were in imminent danger—or, indeed, in any danger—of having to make duplicate loan payments is thus entirely hypothetical.").

17