ORIGINAL

Honorable Ann M. Donnelly,
U.S.D.J. United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201



March 24, 2016

Re: Eric H. Richmond v. Select Portfolio Servicing, Inc., et al Appeals from the United States Bankruptcy Court, Eastern District of New York Civil Action Nos. 15-04980-AMD; 15-05201-AMD

Dear Judge Donnelly:

I have reviewed the March 23, 2016 letter to the court in 15-4980 by Mr. Mignardi. I call your attention to the following regarding prior motions to Judge Brian M. Cogan.

- Judge Cogan did not find the 14 day rule to be controlling in appealing 15-cv-4824, ECF #8 dated September 21, 2015 with Notice of Appeal ECF # 12 dated October 21, 2015 or the motion to extend time for apple (ECF # 14)
- The pro se clerk was contacted about the filing of that notice of appeal and other appeals from Bankruptcy orders. The pro se clerk informed the Appellant in that matter that the 28 day limit for motion to reconsider.
- Judge Cogan did not find in several other motions to reconsider dated the 28th day after entry of the order that the motions were tardy.

If the court is going to enforce rules contrary to Judge Brian M. Cogan, making him WRONG, clearly his past actions and the misinformation from the pro se clerk at the Eastern District amount to unequal protection under the law and rise to the level of excusable neglect required under FRBP 8002 (d):

> (d) Extending the Time to Appeal.
> (1) When the Time May be Extended. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
> (A) within the time prescribed by this rule; or
> (B) within 21 days after that time, if the party shows excusable neglect.

Note that the clerks do not have judicial immunity.

As a precaution, that FRBP 8002(d) motion will be filed on Monday, March 28, 2016.

I will wait until that date for the court to make a finding that it is timely as courtesy to this court as it would be best for all parties and this court if the allegations in the motion were addressed in District Court.

Appellant points out two other matters.

First, the affirmation this court used as SPS proof of swearing to an original note was not accompanied by a proof of service and is invalid as a basis for anything.

Second, local rule mandates that, absent permission, briefs on appeal be limited to 25 pages. Appellee brief was 33 pages and thus should gave been rejected as local rules have the force of statute.

A motion to vacate for these and a host of other violations of due process will also be prepared.

Sincerely,

Eric Richmond
Appellant, Pro Se
2107 Regent Place
Brooklyn, NY 11226

Cc:
David Mignardi
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606