FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 0 8 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ERIC V. RICHMOND,

Appellant

- against -

SELECT PORTFOLIO SERVICING INC., as servicing agent for U.S. Bank National Association

Appellee.

-------------------------------------------------------------

**MEMORANDUM AND ORDER**

15 Civ. 04980 (AMD) and 15 Civ. 05201 (AMD)

14-41678-CEC (Bankruptcy)

**ANN DONNELLY,** District Judge.

On February 22, 2016, this Court resolved two appeals taken by *pro se* appellant Eric Richmond from orders of the United States Bankruptcy Court for the Eastern District of New York in his Chapter 13 bankruptcy case. (E.D.N.Y. Docket, Case No. 1:15-cv-04980 ("4980 Docket"), ECF 18; E.D.N.Y. Case No. 1:15-cv-05201 ("5201 Docket"), ECF 10.) In doing so, the Court affirmed two decisions of Chief Bankruptcy Judge Carla Craig, one denying Mr. Richmond's Objection to the Proof of Claim of Select Portfolio Servicing Inc. in his bankruptcy action, and the other denying his Motion for Reconsideration of that decision. Judgment was entered in both actions on March 3, 2016.

On March 21, 2016, Mr. Richmond filed a motion for reconsideration of the Court's February 22, 2016 decision. (4980 Docket, ECF 22; 5201 Docket, ECF 12.)[1] Then, on March

---

[1] SPS argues that Mr. Richmond's motion for reconsideration was untimely under Fed.R.Bank.P 8022(a)(1), as it was filed more than fourteen days after the March 3, 2016 entries of judgment in these matters. (*See* 4980 Docket, ECF 23; 5201 Docket, ECF 13.) Mr. Richmond is *pro se*, and the Court's February 22, 2016 Memorandum and Order and March 3, 2016 judgment had each

1

28, 2016, Mr. Richmond moved for an extension of time to file a notice of appeal of the Court's February 22, 2016 decision. (4980 Docket, ECF 25; 5201 Docket, ECF 15.) This decision resolves both these motions.

## MOTION FOR RECONSIDERATION

Mr. Richmond's motion for reconsideration of this Court's February 22, 2016 order is governed by Federal Rule of Bankruptcy Procedure 8022. *See Ben-Baruch v. Island Properties*, 362 B.R. 565, 565 (E.D.N.Y. 2007); *Oren v. Kass*, No. cv-04-4297, 2005 WL 2859964, at *1 (E.D.N.Y. Nov. 1, 2005) ("When a district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8015 [now renumbered as 8022] provides the sole mechanism for a rehearing.") (internal quotes and cites omitted). The rule requires that the movant "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." F.R.Bankr.P. 8022(a)(2). "The function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." *In re BuddyUSA, Inc.*, Nos. 1:03-cv-1038, 1:03-cv-1039, 2010 WL 1539720, at *1 (N.D.N.Y. Apr. 19, 2010) (quoting *State of New York v. Sokol*, No. 94-cv-7392, 1996 WL 428381, at *4 (S.D.N.Y. July 31, 1996), aff'd sub nom. *In re Sokol*, 108 F.3d 1370 (2d Cir. 1997)). "Rather, the purpose of a petition for rehearing is to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different

---

been mailed to him on the days they were entered, respectively, at the first address he had provided to the Court. Both documents were returned to the Court as undeliverable, and on March 8, 2016, were re-mailed to Mr. Richmond at the second address he had provided. The appellant filed his motion for reconsideration on March 21, 2016. Therefore, the Court considers the appellant's motion for reconsideration to be timely and will consider it on its merits.

2

result." *Id.* (quoting *In re Spiegel, Inc.*, Nos. 03-11540, 06-cv-13477, 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007).

Here, Mr. Richmond's motion does not raise any overlooked material facts or law that could reasonably lead to a different outcome.[2] At best, his arguments are simply attempts to re-litigate issues that were already decided by the Court. For example, in response to Mr. Richmond's argument on appeal that "[n]owhere in the record does the trust U.S. Bank, Select Portfolio Servicing, or Jordan Katz swear that the note is an original," (4980 Docket, ECF 10, at p. 5), the Court noted in its February 22, 2016 order that Mr. Katz, on behalf of SPS, had in fact provided a sworn representation that the note was an original. (*Id.*, ECF 18, at p. 5.) In his motion for reconsideration, Mr. Richmond now argues that a representation from SPS is insufficient, as it is "hearsay at best." (*Id.*, ECF 22 ¶ 22.) Rearguing issues already decided by this Court is not the proper basis for a motion for reconsideration. Mr. Richmond's motion for reconsideration is therefore denied.

**MOTION FOR EXTENSION OF TIME TO APPEAL**

On March 28, 2016, Mr. Richmond also moved for an extension of time "to file a notice of appeal" of the Court's February 22, 2016 order.[3] (4980 Docket, ECF 25; 5201 Docket, ECF

---

[2] While Mr. Richmond correctly points out that he actually signed the mortgage on his Maine property on August 11, 2005, rather than August 11, 2015, as the Court's opinion stated, this typographical error does not change the outcome of the case, and therefore is not a valid ground for reconsideration.

[3] Although he styles the motion as an extension of time "to file [a] notice of appeal," his argument is also geared toward the timeliness of his motion for reconsideration. (4980 Docket, ECF 25 (appellant claims "excusable neglect for having not filed the pending motion to reconsider or a notice of appeal within 14 days of the entry of this order."); 5201 Docket, ECF 15 (same).) To the extent that Mr. Richmond is seeking to be excused for his late filing of his motion for reconsideration of the Court's February 22, 2016 decision, the Court has already deemed his motion to be timely and has considered it on its merits.

3

15.) The Federal Rules of Appellate Procedure ("F.R.A.P.") set forth the procedures that govern an appeal from a final judgment of a district court in a bankruptcy action. *See In re Indu Craft, Inc. v. Bank of Baroda*, 749 F.3d 107, 111 (2d Cir. 2014). Under F.R.A.P. 6(b)(2), when a timely motion for reconsideration of a district court's bankruptcy final order or judgment has been filed, "the time to appeal for all parties runs from the entry of the order disposing of the motion." S*ee also In re Bugnacki*, 528 Fed.Appx. 30, 31 (2d Cir. 2013) (the 30-day period to appeal began on the date that the district court denied the appellant's motion to reconsider). In other words, Mr. Richmond's time to appeal this Court's February 22, 2016 decision begins to run from the date of this decision. As the time to file his notice of appeal has not yet passed, Mr. Richmond's motion for an extension of time to appeal is denied as moot.

## CONCLUSION

The defendant's motion for reconsideration is denied, and his motion for an extension of time to appeal this decision is denied as moot.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       June 8, 2016